UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JAN - 8 2025

RECEIVED

2 January 2025

Case# 24-1370

United States Court of Appeals for the District of Columbia

Mark Allan Edwards        )

Petitioner                )

                          )        MOTION FOR SUMMARY JUDGEMENT

                          )

Postal Regulatory Commission, )

United States Post Office,     )

Respondents                )

Mark Allan Edwards

208 Celtic Lane

Clayton, GA 30525

wandyryr@aol.com

703-439-0949

Pro Se

In April 2022 the Untied States Postal Service (USPS) stopped delivery of

oversized packages to the Petitioner's home at 208 Celtic Lane, Clayton, Georgia

after over two years of deliveries. The Petitioner pursued multiple avenues for

remedy to restore deliveries starting at the local Post Office culminating in the

1

Postal Regulatory Commission (PRC) complaint in Docket C2023-6 and this case for Review. PRC Orders 6688, 7552, 7845 adjudicated the Petitioner's complaint. The Petitioner requests summary judgement in 39 USC 3663 Review of PRC Orders 6688, 7552, and 7845 in favor of the Petitioner. The Petitioner believes the record in docket C2023-6 contains all the necessary information for review and justification for ruling in favor of the Petitioner.

PRC's order 6688 erroneously interpreted its jurisdiction under 39 USC 401(2) as limited to challenges only addressing "adopting, amending or repealing" regulations vice the 39 USC 3662(a) 's standard of *not operating in conformance with the requirements of the provisions* of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (*or regulations promulgated under any of those provisions*)" standard. Additionally, the PRC has the authority under 39 USC 3662(c) that "If the Postal Regulatory Commission finds the complaint to be justified, it *shall order that the Postal Service take such action* as the Commission considers appropriate *in order to achieve compliance* with the applicable requirements and to remedy the effects of any noncompliance". In this case compliance with Postal Operation Manual (POM) 631.8 Correction of Improper Mode of delivery which states "In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the

2

customer is notified within one (1) year. *If the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change.*" This regulation contains no discretion for the USPS after delivery extends over one year and that "*service remains in place*". The USPS admits it delivered oversized packages to the Petitioner's home for over two years and did not seek or obtain customer consent when it stopped delivery to the Petitioner's home. The PRC should have ordered the USPS to comply with POM 631.8 under 39 USC 3662(c).

PRC Order 6688 directed determination of two issues of fact under Egger v USPS, 436 F. Supp. 138 (W.D. Va. 1977), precedent for determining discrimination.[1]

Issue of fact One was "Whether any similarly situated postal customers in Complainant's neighborhood are receiving delivery of oversized packages to their doors." In this case similar situated homes focused on distance from the Carrier's route using the USPS Rural Route' Carrier's handbook PO-603 paragraph 331.21 standard that the carrier "must deliver parcels to any residence or business that is

---

[1] Egger v USPS involves Egger requesting new service from the USPS. This complaint involves stoppage of an existing service. Egger uses 583 Brandon Ave as a similarly situated address receiving service he requested. The USPS when notified of the erroneous service to 583 Brandon Ave stopped the service but then admitted that once service had been established it must remain in place and restored service to 583 Brandon Ave. This is a near perfect parallel to this case.

on the line of travel, or within one-half mile of the route." The Petitioner identified 565 Celestial Circle as a similarly situated home over one-half mile from the carrier's route. However, PRC's orders 7552 and 7845 take the objectively measurable standard of distance and interpret it as a "reasonable" discretionary standard even in light of the USPS' conflicting determinations of the distance from the Carrier's route to the home at 565 Celestial Circle. By all measurements presented in this case, most importantly the USPS's own measurements and statements, confirm 565 Celestial Circle is over one-half mile from the Carrier's route but the Orders claim that 565 Celestial is within one-half mile for the purposes of denying it as a "similarly situated" home for the purposes of delivery of oversized packages.

Issue of fact Two states "Whether postal management followed non-discriminatory processes in the discontinuation of door delivery of oversized packages to Complainant's residence." POM 631.8 Correction of Improper Mode of Delivery is the very process the USPS should have followed if it wanted to stop delivery of oversized packages to the Petitioner's home. However, PRC orders 7552 and 7845 claim that merely following the Rural Route Carrier's handbook was not discriminatory without addressing following POM 631.8.

The Petitioner requests, as remedy in this case, a Writ of Mandamus compelling the USPS to comply with their own regulation POM 631.8 and restore delivery of oversized packages to 208 Celtic Lane, Clayton, Georgia.

Mark Allan Edwards

Pro Se

Certificate of Service

I, Mark Allan Edwards, mailed via certified mail the Opposition to the USPS Motion to be Dismissed as a Respondent and to intervene and Petitioner's Motion for Summary Judgment to US Agencies listed below on 2 January 2025.

The Honorable Merrick Garland, Attorney General of the United States, US Dept of Justice, 950 Pennsylvania, Ave, NW, Washington, DC 20530-0001

Certified mail # 9589 0710 5270 8968 3314 03

The Postal Regulatory Commission, 901 New York, NW, Suite 200, Washington, DC 20268-0001

Certified mail # 9589 0710 5270 0968 3313 97

United States Postal Service, 475 L'Enfant Plaza, SW, Washington, DC, 20260

Certified mail # 9589 0710 5270 0968 3313 80

Mark Allan Edwards

CASE #24-1370