No. 24-1370

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

MARK ALLEN EDWARDS,

*Petitioner,*

v.

POSTAL REGULATORY COMMISSION,

UNITED STATES POST OFFICE,

*Respondents.*

_____

On Petition for Review from the
Postal Regulatory Commission,
PRC Docket No. C2023-6

_____

## RESPONDENT UNITED STATES POSTAL SERVICE'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE UNITED STATES
## POSTAL SERVICE AS A RESPONDENT AND TO INTERVENE

Petitioner Mark Edwards makes two arguments in his opposition to the Postal Service's

motion to be dismissed as a respondent and to remain in the case as an intervenor. First, he argues

that, because the Postal Service participated in the case before the Postal Regulatory

Commission ("Commission"), it cannot be an intervenor. Second, he argues that the Postal

Service must be a respondent because the Postal Service would be responsible for implementing

any remedy ordered by this Court.

1

Both of these arguments are misguided and misunderstand the posture of Mr. Edwards's own appeal. As demonstrated by the numerous Commission orders this Court has reviewed, because Mr. Edwards is seeking review of a Commission order, the Commission is the appropriate respondent—not any of the parties to the Commission's proceedings.

Likewise, because Mr. Edwards is specifically seeking review of an order of the Commission, this Court's jurisdiction to order remedies is limited to the Commission. This Court could remand the case to the Commission with instructions for further consideration, but the Court cannot order the Postal Service, which is not a proper respondent in this case, to take any action.

## Argument

In Mr. Edwards's docketing statement, he expressly stated that he was seeking review under 39 U.S.C. § 3663 as "a person aggrieved by [a] PRC order[.]" Edwards Docketing Statement, Dkt. No. 2092698. He did not identify any other basis for his appeal. As such, Mr. Edwards can only seek review of a Commission order in this appeal, and he cannot challenge any actions of the Postal Service.

As the Postal Service explained in its motion, when a party seeks review of a Commission decision, the Commission is the only proper respondent. Under 39 U.S.C. § 3663, "[a] person, *including the Postal Service*, adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission may . . . file[] a petition in the United States Court of Appeals for the District of Columbia." (emphasis added). Thus, Section 3663 expressly

provides that the Postal Service has the right to petition this Court for review of a Commission decision. Accordingly, the Commission – not the Postal Service – is the proper respondent when a Commission final order is challenged under 39 U.S.C. § 3663. *See, e.g., United Parcel Serv., Inc., v. Postal Regul. Comm'n*, 112 F.4th 1122 (D.C. Cir. 2024); *Nat'l Postal Policy Council v. Postal Regul. Comm'n*, 17 F.4th 1184 (D.C. Cir. 2021).

Here, if this Court were to grant Mr. Edwards's petition for review, the appropriate remedy would be a remand with instructions for the Commission to implement. *See, e.g., United Parcel Serv., Inc., v. Postal Regul. Comm'n,* 955 F.3d 1038, 1052 (D.C. Cir. 2020). To the extent Mr. Edwards seeks relief against the Postal Service directly, rather than through the Commission, this Court lacks jurisdiction over his claims, as 39 U.S.C. § 3663 provides jurisdiction only over orders of the Commission, and Mr. Edwards has identified no other basis for jurisdiction of his claims.

Mr. Edwards is also incorrect in his assertion that the parties to agency proceedings are not appropriate intervenors when those proceedings are reviewed. 28 U.S.C. § 2348 (incorporated by reference in 39 U.S.C. § 3663) explicitly provides that parties "whose interests are affected by the order of the agency, may intervene[.]" Accordingly, this Court has regularly permitted the Postal Service and other interested parties who participated in Commission proceedings below to participate as intervenors in the proceedings before this Court. *See, e.g., United Parcel Serv. v. Postal Regul. Comm'n*, No. 22-1029, Docket No. 1982873 (D.C. Cir. Jan. 24, 2023) (Clerk's Order granting numerous parties' motions for leave to intervene,

including the Postal Service's motion, where those parties participated in the Commission case being reviewed by this Court).

Because both of Mr. Edwards's arguments lack merit, the Postal Service's motion to be dismissed as a respondent and to remain in the case as an intervenor should be granted.

Respectfully submitted,

*/s/ Michael D. Weaver*
Michael D. Weaver
Office of the General Counsel
United States Postal Service
475 L'Enfant Plaza, SW
Washington, DC 20260-1127
(202) 268-2998

*Counsel for the United States Postal Service*

Dated: January 21, 2025

4

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Federal Rule of Appellate Procedure 27(d), that the foregoing Reply of the United States Postal Service uses proportionately spaced, 14-point type, and contains 653 words as measured by Microsoft Word, a word processing system that includes footnotes and citations in word counts.

/s/ Michael D. Weaver
Michael D. Weaver
*Counsel for the U.S. Postal Service*
January 21, 2025

# CERTIFICATE OF SERVICE

I certify that on January 21, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Counsel for respondent (Postal Regulatory Commission) are registered CM/ECF users and will be served by the appellate CM/ECF system. A copy of the foregoing Motion has also been served today by First-Class Mail, postage pre-paid, upon the following:

Mark Allen Edwards
Petitioner
208 Celtic Lane
Clayton, GA 30525

*/s/ Michael D. Weaver*
Michael D. Weaver
*Counsel for the U.S. Postal Service*