**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MARK ALLEN EDWARDS,

Petitioner,

v.

POSTAL REGULATORY
   COMMISSION AND UNITED
STATES POST OFFICE,

Respondents.

No. 24-1370

**RESPONDENT POSTAL REGULATORY COMMISSION'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

A party seeking summary disposition bears the "heavy burden,"
*Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir.
1987) (per curiam), of demonstrating that "the merits of his claim so
clearly warrant relief as to justify expedited action," *United States v.
Allen*, 408 F.2d 1287, 1288 (D.C. Cir. 1969) (per curiam). Petitioner
seeks summary reversal of a set of Postal Regulatory Commission
orders that are the subject of his petition for review. As explained
below, the motion should be denied because petitioner fails to establish

any error in the Commission's decisions, let alone satisfy the demanding standard for summary reversal.

## STATEMENT

This matter arises out of a complaint that petitioner filed with the Postal Regulatory Commission, pursuant to 39 U.S.C. §§ 3662(a), 401(2), and 403(c), asserting that the U.S. Postal Service improperly "stopped delivery of oversized packages to the Petitioner's home at 208 Celtic Lane, Clayton, Georgia after over two years of deliveries." Mot. 1. Petitioner's complaint alleged that from December 2019 until March 2022, the Postal Service delivered oversized packages to his door, even though it was more than one-half mile away from the centralized mailbox location that was the Postal Service's approved method of delivery. *See* Commission Order No. 6688 at 2. The Postal Service subsequently stopped delivery of oversized packages to his address, and petitioner filed a complaint with the Commission alleging that because the Postal Service delivered oversized packages to his door for more than two years, it was improper for the Postal Service to alter its mode of delivery without his consent. *See id.* at 3. The complaint also alleged that petitioner was given inconsistent reasons for the change in the

method of delivery and that discontinuing delivery to petitioner's home was unlawful discrimination because the Postal Service delivers oversized packages to certain other similarly situated homes. *See id.*

The Postal Service filed a motion to dismiss the complaint, which the Commission denied in part, concluding that the complaint raised material issues of fact. *See* Commission Order No. 6688 at 1-2. The Commission appointed a presiding officer to conduct limited discovery for the purpose of resolving the disputed issues of fact. *See id.* at 2, 9. The presiding officer subsequently concluded that petitioner had not shown that other similarly situated postal customers received door delivery of oversized packages, nor shown that the Postal Service had acted in a discriminatory manner, and recommended dismissal of the complaint. *See* Commission Order No. 7552 at 2. In a detailed order, the Commission adopted the presiding officer's findings of fact and conclusions of law and dismissed the complaint with prejudice. *See id.*

Petitioner filed a petition for review of the Commission's determinations, which was docketed in this Court on November 27, 2024. Petitioner subsequently filed a motion for summary judgment seeking "a Writ of Mandamus compelling the [Postal Service] to comply

3

with their own regulation [Postal Operations Manual] 631.8 and restore delivery of oversized packages to 208 Celtic Lane, Clayton, Georgia." Mot. 5. The Commission first became aware petitioner's motion when the Court filed the motion on electronic docket on January 13, 2025, which effected service on the Commission on that date.

## ARGUMENT

Petitioner's motion does not meet the strict standard for summary reversal and should be denied. Petitioner disputes the Commission's factual findings and conclusions of law and points the Court to the administrative record as a whole. *See* Mot. 1-2. Because petitioner has not shown that the merits of his claim "so clearly warrant relief as to justify expedited action," summary reversal is unwarranted. *United States v. Allen*, 408 F.2d 1287, 1288 (D.C. Cir. 1969) (per curiam). The Commission's determinations are fully supported by the record and applicable law, as explained in the Commission's orders on review. In any event, for present purposes, denial is appropriate because the issues that petitioner raises in his motion are properly resolved through ordinary briefing and review of the record, not summary disposition.

Petitioner challenges the Commission's factual findings relating to his contention that the Postal Service was required to deliver oversized mail to his address, and the motion directs the Court to review the administrative record in the case to resolve the issues raised therein. *See* Mot. 2. Petitioner seeks this Court's review of the Commission's factual findings as to how "similarly situated postal customers in Complainant's neighborhood are receiving delivery of oversized packages to their doors," Mot. 3, and "[w]hether postal management followed non-discriminatory processes in the discontinuation of door delivery of oversized packages to Complainant's residence," Mot. 4. Petitioner's motion offers little to no explanation for why the Commission's factual findings were unsupported by the evidence and the law, simply asserting that the Postal Service had "conflicting determinations of the distance from the Carrier's route to [another] home," and disagreeing with the Commission's conclusion that "following the Rural Route Carrier's handbook was not discriminatory." Mot. 4. For the reasons detailed in the Commission's orders, petitioner's arguments are unsupported by the record evidence and applicable rules.

In any event, because resolving the issues petitioner raises would require this Court to review the administrative record to assess whether it supports the Commission's factual findings and conclusions of law, summary disposition is unwarranted here.  The Court should deny the motion and set the case for briefing in the ordinary course.

## CONCLUSION

Petitioner's motion for summary judgment should be denied.

Respectfully submitted,

MICHAEL S. RAAB

*/s/ Urja Mittal*
URJA MITTAL
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave. NW, Rm. 7248*
*Washington, DC 20530*
(202) 353-4895

JANUARY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font with serifs, and that it complies with Federal Rule of Appellate Procedure 27(d)(2), because it contains 892 words, according to the count of Microsoft Word.

*/s/ Urja Mittal*
URJA MITTAL

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.  I further certify that I served petitioner by first-class U.S. mail at the following address:

Mark Allen Edwards
208 Celtic Lane
Clayton, GA

/s/ Urja Mittal
URJA MITTAL