CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO
RULE 34(j) OF THE COURT'S RULES.

# CASE NO. 24-1370

# UNITED STATES COURT OF APPEALS

# For the District of Columbia Circuit

*Petition for Review of Postal Regulatory Commission's Orders #6688 issued 18 September 2023, #7552 issued 19 September 2024 and #7845 issued 30 October 2024 under PRC Docket#2023-6*

ON APPEAL REVIEW FROM
POSTAL REGULATORY COMMISSION

# APPELLANT'S REPLY BRIEF TO RESPONDENT'S BRIEF

SUBMITTED BY:
Mark Allan Edwards
208 Celtic Lane
Clayton, GA 30525
703-439-0949
wandyryr@aol.com
Pro Se

CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO
RULE 34(j) OF THE COURT'S RULES.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ....................................................................................................1

# TABLE OF AUTHORITIES

**Cases, Page(s)**

*Eggers v USPS* (436 F. Supp.138 (W.D. Va. 1977))  p. 7

**Statutes**

39 USC 401(2)   p. 1, 2, 4, 5, 7, 8

39 USC 403(c)   p. 2, 5, 7

39 USC 3662 (a), (c)   p. 2, 3, 4, 5, 8, 9

39 USC 3663   p.

**Other Authorities**

Postal Operations Manual   p. 1, 2, 4, 5, 7, 8, 9

Rural Route Carrier's handbook (PO-603)   p. 1, 2, 3, 4, 8, 9

# ARGUMENT

1. The United States Postal Service (USPS) violated their own policy under Postal Operations Manual paragraph 631.8 "Correct of Improper Mode of Delivery" which states

> "In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year. If the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change."

The USPS delivered oversized packages, a mode of delivery, to the Petitioner's home at 208 Celtic Lane, Clayton, Georgia for over two years without issue from December 2019 to March 2022. The USPS then, abruptly and without notice, stopped delivery on or about March 2022. This is the underlying issue for this case.

2. The Respondent's Brief is a rehash of the Postal Regulatory Commission's (PRC) Orders 6688, 7552, and 7845 with omissions, misinterpretations and contradictions to his own argument which make the Respondent's Orders 6688, 7552, 7845 arbitrary and capricious.

3. The Respondent correctly states that 39 USC 401(2) allows the USPS to "adopt, amend, and repeal" rules and regulations necessary for its functions under Title 39. This includes both the POM and the Rural Route Carrier's handbook (PO-603). The

1

Respondent quotes 39 CFR 211.2 (a)(3) "to the extent that such documents state binding rules of future effect beyond those stated in other regulations of the Postal Service then in effect and refers to the Rural Route Carrier's Handbook PO-603 procedures for delivery of oversized packages. However, PO-603 does not address Correcting Improper Mode of Delivery, only the POM does this and is therefore controlling in this case.

4. The Respondent correctly states 39 USC 3662(a) for PRC's authority to adjudicate issues, to wit:

"Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is **not operating in conformance** with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (**or regulations promulgated under any of those provisions)** may lodge a complaint with the Postal Regulatory Commission …"

 and the PRC has authority to order actions to achieve compliance or remedy non-compliance under 39 USC 3662(c). The Respondent then breaks down the "specific bases" for jurisdiction but only defining 39 USC 401(d), 401(2), 403(c), 404a, Section 601, and Chapter 36. This list notably omits "**or regulations promulgated under any of those provisions**" which includes non-conforming with the POM adopted/promulgated under 39 USC 401(2). This omission can only be a tacit dismissal of those regulations in an effort to ignore *regulations promulgated under any of those provisions* in 39 USC 3662a. The omission of *regulations promulgated*

2

*under* combined with the misinterpretation of 39 USC 3662a is arbitrary and capricious.

5. For Issue of Fact #1 under PRC Order 6688 the Respondent ignores objective measurements of distance, statements made by the USPS, and actions that obviate their own implementation of their PO-603 'one-half' mile rule in identifying a similarly situated house. The Respondent presented two sources of evidence for distance to 565 Celestial Circle. One was from Google Maps showing the distance to be .5 miles but this ignored the "detail" of how the distance was measured to get .5 miles. In the "detail" Google showed .5 miles plus 91 feet as the Appellant proved in his discovery evidence.[1] Second, USPS took a picture of the odometer from the vehicle they used to measure the distance from the route to 565 Celestial Circle showing they had already achieved ".5" mile ***short*** of the home.[2] This odometer reading means they achieved .5 mile at ***or before*** the picture and clearly short of the house making it ***over*** .5 miles. The USPS later admitted the measurement was short of the house.[3]

Additional information provided in discovery all support 565 Celestial Circle as a similiarly situated home.[4] In 21 days in December 2024 the Postal Carrier exceeded

---

[1] Complainant's Opening Brief for PRC Docket C2023-6, Joint Appendix p 48.
[2] Complainant's Opening Brief for PRC Docket C2023-6, Joint Appendix p 127.
[3] Brief in Opposition to the Complainant's Objections to the Presiding Officer's Intermediate Decision footnote 21. Joint Appendix p 178.
[4] Complainant's Opening Brief for PRC Docket C2023-6, Joint Appendix p 45-49, 123, 127.

driving over .5 mile in delivering oversized packages on Celestial 10 times obviating PO-603's one-half mile rule in practice. The Appellant provided tertiary GPS distance to confirm 565 Celestial is over .5 miles from the route. The Appellant also provided data that showed the distances measured exceeded the margin of error for those modes of measurement. Most compelling is the fact that the USPS Post Office told the owner of 565 Celestial Circle her home was over .5 miles and not able to get oversized package delivery.[5] After the Appellant had packages delivered to 565 Celestial Circle the USPS changed its position so the home wouldn't be similiarly situated as the Appellant's home. Of note PO-603 doesn't provide for a margin of error for one-half mile so being *over* one-half mile from the route, even by a small amount, is over period. The Presiding Officer stated Appellant failed to prove that how the USPS measured distance was "unreasonable"[6] and ignored the fact that the Appellant proved *all* measures, even those of the USPS, showed 565 Celestial Circle was over one-half mile from the carrier's route. Dismissing objective evidence is arbitrary and capricious.

6. The Respondent misinterprets 39 USC 3662(a) and dismisses the Appellant's claims under 39 USC 401(2) for POM violations because the claim didn't challenge "adopting, amending, or repealing'. This is a fundamental misreading as stated

---

[5] Complainant's Opening Brief for C2023-6, Exhibit 12. Joint Appendix p 81.
[6] Presiding Officer's Intermediate Decision, p. 21. Joint Appendix p 147.

above. The PRC has consistently made the same argument as multiple petitioners have consistently challenged the USPS for violations of their own rules and regulations under 401(2). Rules and regulations promulgated under 401(2)'s authority are challenged using ***non-conformance*** per 39 USC 3662(a) with what they state. While 401(2) directs "adopting, amending, or repealing" rules and regulations, the POM 631.8 state:

"In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year. If the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change."

The Respondent is in non-conformance with the POM per 39 USC 3662(a) and the discussion to abdicate their authority to direct compliance with the USPS' own regulations is arbitrary and capricious.

7. In Issue of Fact #2 from PRC Order 6688, whether the USPS followed non-discriminatory processes in discontinuing door delivery of oversized packages, the Respondent failed follow the very process that corrects or discontinues which is POM 631.8. The Presiding Officer dismissed the POM violation for the 403(c) claim as it had been dismissed under the 401(2) even though that claim, per the Presiding Officer, was specific to "adopting, amending, or repealing", not discrimination. For determining discrimination under 403(c) POM 631.8 is the exact process they should

have followed to "correct" an improper mode of delivery. Additionally, as the Appellant argued in the opening brief the placement of the mailbox cluster unfairly discriminated against the appellant in not getting equitable services as the rest of the same community. In this manner the USPS places the route above the customer in determining services. The Respondent's decision to ignore the very non-discriminatory process the USPS should have used when correcting a mode of delivery is clearly arbitrary and capricious.

8. The Respondent states in his brief:

"For the purposes of determining whether there was undue or unreasonable discrimination, what matters is whether another similiarly situated postal customer was receiving door delivery *at the time* door delivery to the Edwards' home was stopped."[7]

Then in the next sentence, contradicts this statement to wit:

"As explained, Edwards failed to established that he was denied a more favorable service that is *currently* being offered to at least one similiarly situated postal customer."

Which is it, at the time of the original complaint or currently? The point seems irrelevant to this case. At the time of the Complainant to the PRC the discrimination complaint was based on the Rural Route Carrier Derrick's statement, who at the time was Edwards' route carrier, where he mentioned he would deliver to 565 Celestial Circle. When Presiding Officer conducted limited discovery a year and a half later, the Appellant had three packages delivered to 565 Celestial Circle late

---

[7] Respondent's Reply Brief p24.

October/November 2023 for proof of delivery to a similarly situated home.[8] PRC Order 6688 also uses currently[9]. Even if delivery stoppage to the Appellant's home had never occurred, by the *Egger v USPS* (436 F. Supp.138 (W.D. Va. 1977)) standard, to 565 Celestial Circle, being similarly situated by being outside of one-half mile from the carrier route, is getting more favorable service. The Post Office argued that if 565 Celestial Circle is indeed outside one-half mile the correction to that mode of delivery would be to terminate service there.[10] That option became obviated one year after it became known during discovery which was December 2024 per POM 631.8.

Additionally, the Respondent has consistently failed to address the precedent the Appellant proffers the address at 583 Brandon Ave in the *Egger v USPS* case where the USPS stopped and then restarted an incorrect mode of delivery because once a mode of delivery has been established it *remains in place.* This is a near perfect parallel in this case. This contradictory time standard is inconsistent with *Egger v USPS* and is irrelevant for discrimination in this case. In the Appellant's community there is a similarly situated home *currently* receiving more favorable service and

---

[8] Complainant's Opening Brief for PRC Docket C2023-6, Joint Appendix p 49-50.
[9] Order 6688 states "there is no rational or legitimate basis for denying the complainant the more favorable service **currently** being provided to those similarly situated postal customers. Joint Appendix p 7 (sentence before footnote 10).
[10] PRC Order 7552 p32. Joint Appendix p 224.

failing to direct compliance under 39 USC 401(2) and 403(c) is arbitrary and capricious.

## SUMMARY

The Respondent wrongly interprets 39 USC 3662a's non-conforming direction for regulations *promulgated* under 39 USC 401(2), or any of the listed provisions listed under 39 USC 3662a. Non-conforming with 401(2) as it is written would be appropriate just as non-conforming with the POM, and the PO-603, as written is also appropriate. This misinterpretation is arbitrary.

The Respondent willfully omits regulations *promulgated* under any of the provision's listed under 39 USC 3662a in their reply. This omission is clearly meant to dismiss the PRC's oversight of all rules and regulations of the USPS. This is also arbitrary but also capricious as it was deliberate.

The respondent also ignores objective fact in that 565 Celestial Circle is ov*er* one-half mile from the carrier's route. Even though the overage is by a small amount there is no provision or excuse offered by the Respondent as to how far is acceptable tacitly admitting there is none. All evidence before the Respondent including those submitted by the USPS showed 565 Celestial Circle was over one-half mile from the route. The USPS even admitted achieving ,5 on the odometer *before reaching the home.* The respondent ignores the fact that its carrier routinely exceeds driving over

one-half mile in the delivery of packages on Celestial Circle effectively making the one-half mile rule irrelevant. The respondent also fails to address why it once viewed 565 Celestial Circle as being over one-half mile from the route but now for the sake of this case views it within one-half mile. The dismissal of objective fact of the distance of 565 Celestial Circle being over one-half mile from the route alone it arbitrary and capricious. Exacerbating this is the Respondent's dismissal that the USPS effectively ignores the one-half mile rule routinely in delivering packages and that USPS once viewed 565 Celestial Circle as being over one-half mile from the route.

The Respondent abused discretion by ignoring the POM under the discrimination claim per 403(c) by dismissing POM 631.8 as the non-discriminatory process the USPS should have followed in stopping delivery the Appellant's home because they misinterpreted 39 USC 3662a's direction of non-conformance of regulations *promulgated* under any of its provisions. Additionally, the Respondent stated making the USPS violate PO-603 to in resuming deliveries to the Appellant's home to wit:

"Ordering the Postal Service to defy its own regulations would contravene the objectives of 39 U.S.C. § 3662(c) and defy the boundaries of the Commission's powers as prescribed by Congress."

contradicts the fact that USPS is in violation of POM 631.8.[11]

The Respondent has dismissed objective evidence, misinterpreted its mandate under 39 USC 3662a, and allowed the USPS to operate outside its own rules and regulations. This is clearly arbitrary, capacious and an abuse of discretion.

The Respondent should be directed to comply with 39 USC 3662a and direct the USPS to resume deliveries to Appellant's home.

SUBMITTED BY:
Mark Allan Edwards
208 Celtic Lane
Clayton, GA 30525
703-439-0949
wandyryr@aol.com
Pro Se

---

[11] PRC Order #7552. It is important to note that the respondent has consistently ignored the opportunity to detail or provide a circumstance wherein POM 631.8 would be appropriate. Joint Appendix p 224.

Certificate of Compliance

Pursuant to the federal Rules of Appellate Procedure 25, 27, 28, 29, and 32, I hereby certify this briefing complies with the aforementioned procedural rules and contains 2500 words according to Microsoft Word count.

/s/

Mark Allan Edwards

Pro Se

Certificate of Service

I, Mark Allan Edwards, certify that on 23 September 2025, electronically filed the foregoing with the Clerk of the Court for the US Court of Appeals for the District of Columbia by using appellate CM/ECF system. Counsel for the Respondent (Postal Regulatory Commission) are registered CM/ECF users and will be served by the same service. A copy of this briefing was mailed first class mail Clerk of the Court for the US Court of Appeals for the District of Columbia.

/s/

Mark Allan Edwards

Pro Se