**[CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE 34(j) OF THE COURT'S RULES]**

**No. 24-1370**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MARK ALLAN EDWARDS,

Petitioner,

v.

POSTAL REGULATORY COMMISSION,

Respondent.

UNITED STATES POST OFFICE,

Intervenor.

On Petition for Review of Orders of the Postal Regulatory Commission

**FINAL BRIEF FOR RESPONDENT**

BRETT A. SHUMATE
  *Assistant Attorney General*

MICHAEL S. RAAB
URJA MITTAL
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7248*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-4895*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A.  Parties and Amici

Petitioner is Mark Allan Edwards.  Respondent is the Postal Regulatory Commission.  Intervenor is the United States Postal Service.

## B.  Rulings Under Review

Petitioner seeks review of Postal Regulatory Commission Order No. 6688 (September 18, 2023), Order No. 7552 (September 19, 2024), and Order No. 7845 (October 30, 2024), on Docket No. C2023-6.

## C.  Related Cases

Petitioner previously filed a civil action, *Edwards v. United States Postal Service*, No. 2:22-cv-160-SCJ (N.D. Ga.), against the United States Postal Service and the Postmaster of Clayton, Georgia, based on the same events.  The action was dismissed.  *See Edwards v. Postmaster*, No. 2:22-cv-160-SCJ, 2022 WL 18584772 (N.D. Ga., Dec. 7, 2022).  Counsel for the Postal Regulatory Commission is not aware of any related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

*/s/ Urja Mittal*
URJA MITTAL

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF THE ISSUE ............................................................1

PERTINENT STATUTES AND REGULATIONS .................................2

STATEMENT OF THE CASE ............................................................2

    A.    Statutory & Regulatory Background ....................................2

    B.    Factual Background & Prior Proceedings ............................6

SUMMARY OF ARGUMENT .............................................................10

STANDARD OF REVIEW ...................................................................12

ARGUMENT:

    THE COMMISSION PROPERLY DISMISSED EDWARDS' CLAIMS ...........13

CONCLUSION.....................................................................................24

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Alliance of Nonprofit Mailers v. Postal Regulatory Comm'n,*
  790 F.3d 186 (D.C. Cir. 2015) ...................................................... 12

*Egger v. U.S. Postal Service,*
  436 F. Supp. 138 (W.D. Va. 1977) ................................................ 22

*Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.,*
  463 U.S. 29 (1983) ...................................................................... 13

**Statutes:**

5 U.S.C. § 706(2)(A) ..................................................................... 12

39 U.S.C. § 401(2) ............................................................... 2, 11, 14

39 U.S.C. § 403(c) .................................................................... 2, 21

39 U.S.C. § 3662(a) ................................................................... 5, 15

39 U.S.C. § 3662(b)(1)(A)(i)-(ii) ..................................................... 5

39 U.S.C. § 3662(c) ......................................................................... 5

39 U.S.C. § 3663 ...................................................................... 1, 12

**Regulation:**

39 C.F.R. § 211.2(a)(2)-(3) ............................................................... 3

**Other Authorities:**

U.S. Postal Serv., Handbook PO-603,
  *Rural Carrier Duties and Responsibilities* (Sept. 2013),
  https://perma.cc/S66U-QB8E ......................................... 3, 4, 17, 21

U.S. Postal Serv., POM Issue 9,
  *Postal Operations Manual* (rev. May 31, 2024),
  https://perma.cc/FDF9-72VF .......................................................... 4

U.S. Postal Serv., *What is a Cluster Box?*
  *What is a Parcel Locker?* (Apr. 4, 2024),
  https://faq.usps.com/s/article/What-is-a-Cluster-Box .......................... 6

*Within*, Merriam-Webster Dictionary,
  https://perma.cc/R6RG-ZP2Y ........................................................ 22

iv

# GLOSSARY

| | |
|---|---|
| JA | Joint Appendix |

## STATEMENT OF JURISDICTION

Petitioner Mark Allan Edwards filed an administrative complaint with the Postal Regulatory Commission. The Commission issued a final decision dismissing Edwards' claims in Order No. 6688, *see* JA1-9, on September 18, 2023, and in Order No. 7552, *see* JA193-229, on September 19, 2024. The Commission denied Edwards' motion for reconsideration of Order No. 7552 in Order No. 7845, *see* JA237-246, on October 30, 2024. Edwards timely filed a petition for review of these orders, which this Court docketed on November 27, 2024. *See* 39 U.S.C. § 3663 (providing 30-day time limit to petition for review from a final order of the Commission). This Court has jurisdiction under 39 U.S.C. § 3663.

## STATEMENT OF THE ISSUE

Petitioner Mark Allan Edwards filed a complaint with the Postal Regulatory Commission alleging that the Postal Service engaged in retaliation, discrimination, and noncompliance with its regulations when it discontinued door delivery of oversized packages to his home. The issue presented in Edwards' petition for review is whether the

Commission's dismissal of his claims was arbitrary, capricious, or an abuse of discretion.

## PERTINENT STATUTES AND REGULATIONS

Pertinent statutes and regulations are reproduced in the addendum to this brief.

## STATEMENT OF THE CASE

### A.    Statutory & Regulatory Background

1.  Title 39 of the U.S. Code governs the Postal Service's powers and operations.  As relevant here, the Postal Service is authorized to "adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title and such other functions as may be assigned to the Postal Service under any provisions of law outside of this title." 39 U.S.C. § 401(2).  A separate provision stipulates that "[i]n providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user." *Id.* § 403(c).

The Postal Service's regulations include the Postal Operations Manual, Handbooks, and other regulatory issuances and directives of the Postal Service "to the extent that such documents state binding rules of future effect beyond those stated in other regulations of the Postal Service then in effect." 39 C.F.R. § 211.2(a)(2)-(3). As relevant to this case, the Postal Service's Rural Carrier Handbook provides that "[i]f a parcel is too large for the box," the carrier must "make a reasonable effort to attract the customer to the box to receive the parcel," by "sounding the horn or by hailing the customer." U.S. Postal Serv., Handbook PO-603, *Rural Carrier Duties and Responsibilities* § 331.21 (Sept. 2013), https://perma.cc/S66U-QB8E (Rural Carrier Handbook).[1] "If unsuccessful," the carrier "must deliver parcels to any residence or business that is on the line of travel, or within one-half mile of the route and has a passable road leading to it." *Id.* If the package is not delivered to the box and the address is more than one-half mile from the carrier's route, the carrier is to leave a notice in the

_____

[1] Edwards included some of the cited portions of the Rural Carrier Handbook and the Postal Operations Manual with his brief filed with the Commission. *See* JA41-42, JA88-89. For ease of reference, the Commission has provided links in this brief to the handbooks and manuals, as provided to the Commission by the Postal Service.

customer's box and the customer may retrieve it from the post office. *Id.* § 332.12.

Separately, Postal Operations Manual § 631.81 provides that "[i]n the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year."  U.S. Postal Serv., POM Issue 9, *Postal Operations Manual* § 631.81 (rev. May 31, 2024), https://perma.cc/FDF9-72VF (Postal Operations Manual).  "If the error is not detected," however, "and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change."  *Id.*

2.  The Postal Regulatory Commission adjudicates certain complaints between customers and the Postal Service.  Specifically, "[a]ny interested person … who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a

4

complaint with the Postal Regulatory Commission." 39 U.S.C.

§ 3662(a). The Commission must either dismiss the complaint or upon

a finding that the complaint raises material issues of fact or law, begin

proceedings on such complaint. *See id.* § 3662(b)(1)(A)(i)-(ii). If the

Commission finds the complaint justified, it "shall order that the Postal

Service take such action as the Commission considers appropriate in

order to achieve compliance with the applicable requirements and to

remedy the effects of any noncompliance." *Id.* § 3662(c).

The specified bases for jurisdiction in 39 U.S.C. § 3662(a) cover the

following matters:

- Section 101(d) governs the setting of postal rates on a fair and equitable basis;

- Section 401(2) permits the Postal Service to adopt, amend, and repeal rules not inconsistent with Title 39 as may be necessary to execute its functions;

- Section 403(c) prohibits the Postal Service from making any undue or unreasonable discrimination among mail users when providing service and establishing classifications, rates, and fees under Title 39;

- Section 404a prohibits the Postal Service, except as specifically authorized by law, from establishing rules and regulations that create unfair competition; that compel the disclosure, transfer, or licensing of intellectual property to third parties; and that offer services based on confidential information without consent unless otherwise independently available;

- Section 601 governs the carriage of letters out of the mails; and

- Chapter 36 ("this chapter") contains additional provisions relating to rates, classes, and services.

## B. Factual Background & Prior Proceedings

1. Petitioner Mark Allan Edwards lives in Clayton, Georgia, in the Mountain Creek Estates housing development at 208 Celtic Lane. *See* JA195. For this housing development, the Postal Service's approved method of delivery is centralized delivery to cluster mailboxes at the entrance of the community, which is more than one-half mile from Edwards' home. *See* JA195. A cluster mailbox is a collection of individually locked compartments for the delivery and collection of mail for a residential community. *See* U.S. Postal Serv., *What is a Cluster Box? What is a Parcel Locker?* (Apr. 4, 2024), https://faq.usps.com/s/article/What-is-a-Cluster-Box. Edwards' mail is delivered to his compartment in a cluster mailbox located 0.7 miles from his residence. *See* JA227; *see also* JA208.

Edwards filed a complaint with the Commission challenging the Postal Service's decision not to deliver oversized packages to his door. *See* JA1, JA3. Edwards alleges that he has to go to the Clayton Post

Office to pick up oversized packages now.  *See* JA132.  His complaint lists three claims.

First, Edwards alleges that from December 2019 to March 2022, the Postal Service delivered oversized packages that would not fit into his mailbox to his door.  *See* JA131.  Edwards contends that because the Postal Service delivered oversized packages to his door for more than two years, its decision to alter the mode of delivery without his consent violated certain provisions of the Postal Operations Manual and 39 U.S.C. § 401(2).  *See* JA129-131.

Second, Edwards asserts that the Postal Service offered inconsistent reasons for the change in the delivery method for oversized packages.  *See* JA3.  He alleges that initially he was told that the discontinuation was because his home was more than one-half mile from the route of travel.  *See* JA198.  Then, Edwards asserts that he was told that the change was prompted by concerns that his driveway was "too narrow for a safe turnaround for the carrier."  JA198 (quotation marks omitted).  According to Edwards, he was given this reason after he filed an informal complaint with the Commission, and a postal carrier informed him that "he had no issue with the driveway

7

specifically because of the driveway's turnaround spot." JA198 (quotation marks omitted). Edwards alleges that he thus experienced improper retaliation for filing a complaint with a Commission. *See* JA198.

Third, Edwards argues that because the Postal Service "deliver[s] to homes on the first western circular road with the furthest home getting oversized package delivery just over [half a] mile" from the centralized mailbox location, which, on Edwards' account are similarly situated to his home, the discontinuation of oversized package delivery to Edwards' home constituted discrimination in violation of 39 U.S.C. § 403(c). JA198 (quotation marks omitted). Edwards seeks resumed delivery of oversized packages to his door. *See* JA198-199.

2. The Commission dismissed Edwards' first and second claims for lack of jurisdiction. *See* JA4, JA6. The Commission explained that under 39 U.S.C. § 3662(a), it has jurisdiction to address complaints asserting that the Postal Service "is not operating in conformance with the requirements of the provisions" of certain statutes governing the Postal Service, including 39 U.S.C. § 401(2), which allows the Commission to adjudicate complaints that the Postal Service adopted,

amended, or repealed a rule inconsistent with Title 39. JA5. The Commission concluded it lacked jurisdiction of Edwards' first two claims because Edwards was "object[ing] to the Postal Service's alleged noncompliance with its own regulations," namely, certain provisions of the Postal Operations Manual, "not to the regulations themselves." JA6; *see also* JA90-97 (denying Edwards' motion for reconsideration).

In that same order, the Commission declined to dismiss Edwards' third claim of discrimination under 39 U.S.C. § 403(c) and appointed a presiding officer to conduct limited discovery to resolve certain factual issues. *See* JA2, JA4-5. The Commission directed an inquiry into (i) whether any similarly situated postal customers in Edwards' neighborhood were receiving delivery of oversized packages to their doors; and (ii) whether postal management followed nondiscriminatory processes in discontinuing door delivery of oversized packages to Edwards' residence. *See* JA200; *see also* JA5, JA8-9. The parties submitted briefs, declarations, written discovery responses, and other materials in response to information requests issued by the presiding officer. The presiding officer then issued an intermediate decision, and

9

the parties had the opportunity to address the presiding officer's views in further briefing.  *See* JA197-214.

After reviewing the record and the presiding officer's intermediate decision, the Commission adopted the presiding officer's findings of fact and conclusions of law and dismissed Edwards' discrimination claim with prejudice.  *See* JA223-224.  The Commission concluded that Edwards had failed to identify a similarly situated postal customer currently receiving door delivery of oversized packages.  *See* JA223.  The Commission also found that the Postal Service's determination that Edwards' residence is not within one-half mile of the carrier route was a reasonable and nondiscriminatory application of the Postal Service's Rural Carrier Handbook.  *See* JA223.  Finally, the Commission concluded that the Postal Service adhered to nondiscriminatory processes in discontinuing door delivery of oversized packages to his residence.  *See* JA223.

## SUMMARY OF ARGUMENT

The Postal Regulatory Commission correctly concluded that it lacked jurisdiction under 39 U.S.C. § 3662(a) to adjudicate Edwards' claims that the Postal Service violated Postal Operations Manual

§ 631.8 and that the Postal Service improperly retaliated against him for filing a complaint with the Commission. The provision that Edwards invokes to establish the Commission's jurisdiction, 39 U.S.C. § 401(2), authorizes the Postal Service to "adopt, amend, and repeal such rules and regulations" consistent with Title 39 and as necessary to carry out its functions, which means that the Commission has the authority under 39 U.S.C. § 3662(a) to hear complaints only as to claims that the Postal Service adopted, amended, or repealed rules or regulations inconsistent with Title 39. Because Edwards does not allege that any Postal Service rule or regulation was adopted, amended, or repealed in a manner inconsistent with any provision of Title 39, the Commission properly dismissed his first two claims.

The Commission also properly dismissed Edwards' discrimination claim alleging that other similarly situated members of his community receive door delivery of oversized packages and therefore the Postal Service violated 39 U.S.C. § 403(c). Based on the parties' evidentiary submissions and the presiding officer's subsequent findings of fact, the Commission determined that the shortest distance from the carrier route to Edwards' residence is 0.7 miles, while the distance between the

11

carrier route and the allegedly similarly situated address, 565 Celestial Circle, is 0.5 miles.  The Commission thus reasonably concluded that Edwards is ineligible for door delivery of oversized packages pursuant to Rural Carrier Handbook § 331.21 and that he failed to identify a similarly situated postal customer receiving door delivery of oversized packages.  Having determined that the Postal Service adhered to nondiscriminatory processes in discontinuing door delivery of oversized packages to Edwards' residence, the Commission reasonably dismissed Edwards' discrimination claim.

## STANDARD OF REVIEW

The Postal Regulatory Commission's decision is reviewed pursuant to the Administrative Procedure Act, *see Alliance of Nonprofit Mailers v. Postal Regulatory Comm'n*, 790 F.3d 186, 193 (D.C. Cir. 2015), and may be set aside only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); *see* 39 U.S.C. § 3663 ("The court shall review the order or decision in accordance with section 706 of title 5 … on the basis of the record before the Commission.").  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to

substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

## ARGUMENT

### THE COMMISSION PROPERLY DISMISSED EDWARDS' CLAIMS.

**1.** The Postal Regulatory Commission correctly concluded that it lacked jurisdiction to adjudicate Edwards' claims that the Postal Service violated Postal Operations Manual § 631.8 and that the Postal Service improperly retaliated against him for filing a complaint with the Commission. *See* JA3.

As the Commission explained, Edwards filed a complaint with the Commission pursuant to 39 U.S.C. § 3662(a), which permits any interested person to file a complaint with the Commission if the person believes the Postal Service is not operating in conformance with certain enumerated provisions of Title 39 of the U.S. Code. *See* JA5. Edwards cites one of those enumerated provisions, 39 U.S.C. § 401(2), to invoke the Commission's jurisdiction under 39 U.S.C. § 3662(a) to resolve his complaint that the Postal Service did not comply with Postal Operations Manual § 631.8 in discontinuing door delivery of oversized packages.

Edwards' claim fails, however, because 39 U.S.C. § 401(2) authorizes the Postal Service to "adopt, amend, and repeal such rules and regulations" consistent with Title 39 and as necessary to carry out its functions, which means that the Commission has the authority under 39 U.S.C. § 3662(a) to hear complaints only as to claims that the Postal Service adopted, amended, or repealed rules or regulations inconsistent with Title 39. And Edwards does not allege that any Postal Service rule or regulation is inconsistent with any provision of Title 39; instead, he alleges that the Postal Service violated Postal Operations Manual § 631.81. But whether the Postal Service complied with Postal Operations Manual § 631.8 is not a question that involves the Postal Service adopting, amending, or repealing a rule or regulation in a manner inconsistent with Title 39. *See* JA6. Therefore, the Commission properly dismissed the claim as outside the Commission's complaint jurisdiction.

Edwards argues that under 39 U.S.C. § 3662(a), the Commission has the authority to hear complaints that the Postal Service is not operating in conformance with enumerated statutory provisions "or regulations promulgated under any of those provisions," and he asserts

that Postal Operations Manual § 631.8 is one such regulation. Br. 3 (emphasis omitted) (quoting 39 U.S.C. § 3662(a)). The Commission properly rejected this argument. *See* JA94-96. As the Commission explained, it has consistently interpreted 39 U.S.C. § 3662(a)'s reference to Section 401(2) to confer complaint jurisdiction to consider challenges to the Postal Service's adoption, amendment, or repeal of a rule or regulation as inconsistent with Title 39 of the U.S. Code, and but not challenges to the particularized application of a regulation promulgated under Section 401(2). *See* JA94-96; *see also* JA222 (explaining that the Commission "lacks jurisdiction over a claim of whether the Postal Service follows its own regulations").

**2.** The Commission's dismissal of Edwards' retaliation claim was proper for much the same reason. *See* JA6. Edwards alleges that after his complaint was delivered to the Commission, the Commission forwarded it to the Postal Service, and within 24 hours, the Postal Service rejected the complaint, claiming safety concerns that Edwards alleges were false and raised in retaliation to Edwards' complaint to the Commission. The Commission properly dismissed this claim, because it "does not fall within any of the enumerated bases of the Commission's

complaint jurisdiction" set forth in 39 U.S.C. § 3662(a), or any regulations issued pursuant to those provisions. JA6. Dismissal of this claim was also proper because, as the Postal Service explained in the Commission proceedings, the alleged act of retaliation (*i.e.*, the Postal Service raising allegedly false safety concerns) postdated the asserted adverse action (*i.e.*, the Postal Service discontinuing door delivery of oversized packages), undermining any conclusion that the Postal Service acted in a retaliatory manner.

**3. a.** The Commission also properly dismissed Edwards' discrimination claim after reviewing the briefing and evidence in the record. Edwards' discrimination claim alleges that the Postal Service violated 39 U.S.C. § 403(c), because, on his account, other similarly situated members of his community receive door delivery of oversized packages. *See* JA6.

To assess the merits of the discrimination claim, the Commission appointed a presiding officer to conduct limited discovery into two factual issues and evaluate the parties' arguments. Based on the presiding officer's factual findings and analyses, the Commission determined that Edwards had not identified a similarly situated postal

customer receiving door delivery of oversized packages.  *See* JA223.

Edwards asserted that another address in the same housing

development, 565 Celestial Circle, receives door delivery of oversized

packages and is similarly situated to his own address, because it, too, is

more than half a mile from the postal carrier route.  The Postal

Service's Rural Carrier Handbook provides that if a parcel is too large

for a customer's mailbox and the carrier's "reasonable effort to attract

the customer to the box" is unsuccessful, the carrier "must deliver

parcels to any residence or business that is on the line of travel or

within one-half mile of the route and has a passable road leading to it."

Rural Carrier Handbook § 331.21.  Edwards contends that he did not

receive such delivery but 565 Celestial Circle did, which was the basis

for his discrimination claim under 39 U.S.C. § 403(c).

Based on the parties' evidentiary submissions and the presiding

officer's subsequent findings of fact, the Commission made a factual

finding that the shortest distance from the carrier route to Edwards'

residence is 0.7 miles, as measured using both Google Maps and actual

driving distance.  *See* JA227.  Meanwhile, the Commission found that

the distance between the carrier route and 565 Celestial Circle, both as

17

calculated by Google Maps and as driven by the Clayton Postmaster, is 0.5 miles.  *See* JA228.  The Commission thus reasonably concluded that Edwards is ineligible for door delivery of oversized packages pursuant to Rural Carrier Handbook § 331.21 and that Edwards had not identified a similarly situated postal customer receiving door delivery of oversized packages.  *See* JA223, JA228.  Moreover, the presiding officer made a factual finding, which the Commission adopted, that "at the time door delivery was discontinued, Edwards was the only customer in Mountain Creek Estates living more than one-half mile from the Carrier Route who received that service."  JA154.

Thus, the Commission reasonably determined that postal management followed nondiscriminatory processes in discontinuing door delivery of oversized packages to Edwards' residence, a service to which Edwards was not entitled.  *See* JA223; *see also* JA154.  Edwards argued that the Postal Service offered multiple rationales for its decision and failed to follow its own procedures in discontinuing door delivery, but the Commission properly rejected these contentions as the basis for any discrimination claim.  The Commission explained that the Postal Service had primarily relied on the fact that Edwards' residence

18

was more than one-half mile from the carrier route as the basis for its decision, so any other rationales were irrelevant. *See* JA223-224. Moreover, as the Commission explained, Edwards did not produce sufficient evidence to demonstrate that the discontinuation of delivery to his residence was "related to *discrimination*." JA224 (quotation marks omitted).

**b.** None of Edwards' challenges to the Commission's analysis establish that the Commission acted in an arbitrary or capricious manner or abused its discretion.

First, Edwards does not demonstrate that the Commission abused its discretion or acted in an arbitrary or capricious manner in concluding that 565 Celestial Circle was within one-half mile of the carrier route. Edwards argues that certain photos of odometer readings submitted in the Commission proceedings, in addition to other evidence he submitted, show that the comparator address at 565 Celestial Circle is more than one-half mile from the route, like Edwards' home. *See* Br. 13-16, 24. The Commission's resolution of this factual issue, however, was not arbitrary or capricious. The presiding officer "carefully considered the evidence submitted by both parties, as well as

19

the arguments surrounding that evidence, and ultimately resolved the conflicts between that evidence" to resolve the factual dispute about whether Edwards and the postal customer at 565 Celestial Circle were similarly situated. JA216. After acknowledging that all measurements of the distances to the two homes had an "unknowable margin of error," the presiding officer concluded that the Postal Service had "applied the provisions of the Rural Carrier Handbook in a reasoned and non-discriminatory manner when it used Google Maps total distance and actual driving distance … to calculate distance from the carrier route." JA216. The Commission adopted the presiding officer's findings of fact and conclusions of law. *See* JA229. As the Commission explained, the presiding officer reasonably concluded that the Postal Service applied the provisions of the Rural Carrier Handbook "in a reasoned and non-discriminatory manner when it used Google Maps total distance and actual driving distance" to calculate distance from the carrier route." JA216.

By the same token, the Commission explained that the presiding officer did not impose an improper "reasonableness" requirement, as Edwards contends (Br. 15). JA216. Instead, the presiding officer

determined that the Postal Service's use of Google Maps and driving distance "was both a reasonable and a non-discriminatory interpretation of the requirements of section 331.21 of the Rural Carrier Handbook." JA217. The relevant law prohibits the Postal Service from making "any undue or unreasonable discrimination among users of the mails" or from granting "any undue or unreasonable preferences to any such user." 39 U.S.C. § 403(c). Thus, if the Postal Service acted "reasonably," as the Commission found it did, it could not be acting in an "undue or unreasonable" manner.

Edwards' argument that the "'within one-half mile' rule should be interpreted as radius for community mailbox clusters," Br. 6 n.2, is undermined by the text of the provision of the Postal Service Rural Carrier Handbook that Edwards invokes. That provision states that if the carrier is unsuccessful in attracting the customer to the mailbox, the carrier "must deliver parcels to any residence or business that is on the line of travel or within one-half mile *of the route*." Rural Carrier Handbook § 331.21 (emphasis added). Thus, this Court should reject Edwards' invitation to rewrite the Postal Service's rule to reflect the "interpret[ation]" that Edwards proffers. Br. 6 n.2.

Alternatively, Edwards contends that even if the allegedly similarly situated address at 565 Celestial Circle is one-half mile from the route, it is not "within one-half mile" of the route.  *See* Br. 4-5. Edwards argues that the "metric for distance … is *within* one-half mile, not at or over," so 565 Celestial Circle does not qualify.  Br. 13; *see also* Br. 21, 24-25.  But this argument is refuted by the ordinary meaning of the word "within," which includes the limit the word precedes.  *See Within*, Merriam-Webster Dictionary, https://perma.cc/R6RG-ZP2Y ("not beyond the quantity, degree, or limitations of" (definition 2.b)).

Edwards' reliance on *Egger v. U.S. Postal Service*, 436 F. Supp. 138 (W.D. Va. 1977), is no more persuasive.  Edwards argues that in *Egger*, the Postal Service resumed delivery to an address "in accordance with Postal Service policy that carrier service once extended, even if extended erroneously, will not be terminated."  Br. 11 (emphasis omitted) (quoting *Egger*, 436 F. Supp. at 139-40); *see also* Br. 19.  But as the Commission explained, and as Edwards recognizes, *Egger* is relevant to whether the Postal Service engaged in discrimination in violation of 39 U.S.C. § 403(c), which requires the complainant to show that he is receiving less favorable services than those provided to other

postal customers, that the complainant is similarly situated to those postal customers, and that there is no rational or legitimate basis for denying the complainant the more favorable service provided to similarly situated postal customers. *See* JA218. For purposes of determining whether there was undue or unreasonable discrimination, what matters is whether another similarly situated postal customer was receiving door delivery at the time door delivery to Edwards' home was stopped. *See* JA218. As explained, Edwards failed to establish that he was denied a more favorable service that is currently being offered to at least one similarly situated postal customer. *See* JA218. Therefore, as the Commission reasonably concluded, the remedy from *Egger* is inapplicable here. *See* JA218.

# CONCLUSION

For the foregoing reasons, the petition should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

MICHAEL S. RAAB

 */s/ Urja Mittal*
 URJA MITTAL
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7248*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-4895*
  *urja.mittal@usdoj.gov*

September 2025

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,276 words.  This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Urja Mittal*
URJA MITTAL

**ADDENDUM**

# TABLE OF CONTENTS

39 U.S.C. § 401................................................................A1

39 U.S.C. § 403................................................................A2

39 U.S.C. § 3662..............................................................A3

U.S. Postal Service, *Rural Carrier Duties and Responsibilities*
    § 331.21 ...............................................................A4

U.S. Postal Service, *Postal Operations Manual* § 631.81......................A5

**39 U.S.C. § 401 – General powers of the Postal Service (excerpt)**

Subject to the provisions of section 404a, the Postal Service shall have the following general powers:

\* \* \*

(2) to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title and such other functions as may be assigned to the Postal Service under any provisions of law outside of this title;

\* \* \*

**39 U.S.C. § 403 – General duties**

\* \* \*

(c) In providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user.

### 39 U.S.C. § 3662 – Rate and service complaints

(a) In General.—

Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

**U.S. Postal Service, *Rural Carrier Duties and Responsibilities*
§ 331.21 – Oversized Parcels, Attract Customer to Box**

If a parcel is too large for the box, make a reasonable effort to attract the customer to the box to receive the parcel. Do this by sounding the horn or by hailing the customer. If unsuccessful, you must deliver parcels to any residence or business that is on the line of travel, or within one-half mile of the route and has a passable road leading to it. You are required to dismount to effect delivery if there is no response to your efforts to have the customer come to the vehicle, or if the customer requests that you do so. In multi-tenant buildings, make every effort to deliver parcels to customers using existing building notification procedures.

**U.S. Postal Service, *Postal Operations Manual* § 631.81 – Correction of Improper Mode of Delivery, General**

In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year. If the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change or a delivery point with improper modes of delivery in a vacant delivery is first identified during the vacant period per section 623.5. When the new customer(s) in these vacant deliveries are identified by Postal Service management and informed (within the first 30 days of occupancy) that the current mode of delivery was established incorrectly and will need to be corrected.

\* \* \*