# CASE NO. 24-1370

---

# UNITED STATES COURT OF APPEALS

## For the District of Columbia Circuit

---

*Petition for Review of Postal Regulatory Commission's Orders #6688 issued 18 September 2023, #7552 issued 19 September 2024 and #7845 issued 30 October 2024 under PRC Docket#2023-6*

---

ON APPEAL REVIEW FROM
POSTAL REGULATORY COMMISSION

---

## OPENING BRIEF OF APPELLANT REDETAILED AS DIRECTED IN COURT AMICUS CURIAE ORDER

---

SUBMITTED BY:
Mark Allan Edwards
208 Celtic Lane
Clayton, GA 30525
703-439-0949
wandyryr@aol.com
Pro Se

CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE 34(j) OF THE COURT'S RULES.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... ii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF ISSUES .......................................................................2

STATEMENT OF CASE ...........................................................................8

SUMMARY OF ARGUMENT ...............................................................18

ARGUMENT ............................................................................................24

CONCLUSION .........................................................................................26

STATEMENT REGARDING ORAL ARGUMENT ............................28

# TABLE OF AUTHORITIES

**Cases, Page(s)**

*Eggers v USPS* (436 F. Supp.138 (W.D. Va. 1977))   p.3, 11, 19, 21, 25

*Doe v. United States*, 533 F. Supp. 245 (S.D. Fla. 1982)  p.18

*Nat'l Ass'n of Postal Supervisors v. United States Postal Serv*.,  p.18
1:19-cv-2236-RCL (D.D.C. Aug. 15, 2023)

*Edwards v Nichols***,** Case # 2:22-cv-00160  p.20

*Loper Bright Enterprises v. Raimondo* No. 22–451, 45 F. 4th 359 &    p.28
No. 22–1219, 62 F. 4th 621


**Statutes**

39 USC 401(2)   p. 2-3, 6, 10-11,17, 20, 22-24, 26

39 USC 403(c)   p. 3, 5, 10, 17, 20, 23, 24, 27

39 USC 3662 (a), (c)   p.2-3, 6-7, 10, 19, 22-24, 26

39 USC 3663   p.1


**Other Authorities**

Postal Operations Manual   p. 1, 2, 5-10, 16-18, 20, 23-24, 26-28

Rural Route Carrier's handbook (PO-603)   p. 4-8, 13, 15, 17, 21, 24, 27

Postal Reorganization Act 1970   p.26

# JURISDICTIONAL STATEMENT

The DC Circuit Court of Appeals has jurisdiction over this review under 39 USC 3663, to wit:

"A person, including the Postal Service, adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission may, within 30 days after such order or decision becomes final, institute proceedings for review thereof by filing a petition in United States Court of Appeals for the District of Columbia."

The Petitioner was adversely affected by Postal Regulatory Commission (PRC) Orders #6688 issued 18 September 2023, #7552 on 19 September 2024, and their final order #7845 issued 30 October 2024 giving their final decision in PRC docket number C2023-6 as these orders do not require USPS to resume delivery of oversized packages to the Petitioner's home after doing so from December 2019 to March 2022 in violation of USPS Postal Operations Manual (POM) paragraph 631.8 "Correction of Improper Mode of Delivery" which mandates "improper service remains in place." The Petitioner requested reconsideration of Order 7552 in a motion on 4 October 2024 which was denied by the PRC Order 7845 on 30 October 2024. After the denial of the reconsideration the Petitioner then filed for review by the DC Circuit Court of Appeals of the PRC's orders 6688, 7552, and 7845 within 30 days with the case being docketed on 27 November 2024 in accordance with 39 USC 3663.

# STATEMENT OF ISSUES

The petitioner stands by his original argument as submitted in September 2025 and detailed again below unedited and cited to the Joint Appendix.

1.  The United States Postal Service (USPS) violated their own policy under Postal Operations Manual para 631.8 "Correct of Improper Mode of Delivery" which states

> "In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year. If the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change."

The USPS delivered oversized packages, a mode of delivery, to the Petitioner's home at 208 Celtic Lane, Clayton, Georgia for over two years without issue from December 2019 to March 2022. The USPS then, abruptly and without notice, stopped delivery on or about March 2022. This is the underlying issue for this case.

2. The PRC wrongly determined in their order #6688 that the Commission only has jurisdiction under 39 USC 401(2) in cases where the USPS "adopts, amends, or repeals" rules or regulations inconsistent with title 39. By this narrow standard the Commission effectively allows the Postal Service to not operate in conformance to any of its regulations, policies or requirements. 39 USC 3662a states:

> "Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter **(or regulations promulgated under any of those provisions)** may lodge a complaint with the Postal Regulatory Commission …"

39 USC 3662a clearly states that the PRC has jurisdiction over regulations promulgated under 39 USC 401(2). 39 USC 401(2) gives the Postal Service authority to promulgate regulations "… as may be necessary to execute its functions under Title 39 and such other functions as may be assigned to the Postal Service under any provisions of law outside of Title 39." The regulations contained in Postal Operations Manual (POM) are necessary to execute Postal functions under Title 39 and are therefore exactly those regulations referred to in 39 USC 401(2), specifically in this case the requirements under POM 631.81. Under 39 USC 3662(a) the USPS can be found by the PRC to be in "non-conformance" with the POM and further direct conformance with the POM under 39 USC 3662(c):

> "If the Postal Regulatory Commission finds the complaint to be justified, it shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance…"

3. The PRC, under Order #6688, directed determination of two issues of fact under *Egger v USPS*, 436 F. Supp. 138 (W.D. Va. 1977), precedent for determining discrimination for the Petitioner's 39 USC 403(c) complaint.

Issue of Fact One was "Whether any similarly situated postal customers in Complainant's neighborhood are receiving delivery of oversized packages to their doors." In this case similar situated homes focused entirely on distance from the Carrier's route using the USPS Rural Route' Carrier's handbook PO-603 paragraph 331.21 standard that the carrier "must deliver parcels to any residence or business that is on the line of travel, or within one-half mile of the route." The Petitioner identified 565 Celestial Circle as a similarly situated home over one-half mile from the carrier's route. However, PRC's orders 7552 and 7845 take the objectively measurable standard of distance and interpret it as a "reasonable" discretionary standard even in light of all measurements presented in this case, most importantly the USPS's own measurements and statements, confirm 565 Celestial Circle is over one-half mile from the Carrier's route. PRC Order 7552 and 7845 wrongly claim that 565 Celestial is one-half mile, not "**within**" per PO-603 paragraph 331.21, for the purpose of denying it as a "similarly situated" home for the purposes of delivery of oversized packages.[1] The PRC wrongly stated:

---

[1] PRC Order 7552, findings of fact 11 and 12, Joint Appendix p 228 and 244.

"Complainant may not raise his argument that 565 Celestial Circle is not "within one-half mile" of the carrier route because it is in fact one-half mile from the route for the first time in the Motion to Reconsider Order No. 7552."

The PRC for the first time took the position that 565 Celestial Circle is .5 mile from the Carrier route making it not "within one-half mile" for the PO-603 paragraph 331.21 standard. The Petitioner didn't make a "new" argument, he pointed out the PRC's own finding of fact that 565 Celestial Circle is ".5 mile" is not in keeping with PO-603 paragraph 331.21 plain language "within one-half mile." Throughout this litigation the Petitioner has consistently maintained that his residence and 565 Celestial Circle were similarly situated because the distance from the carrier route to each address exceeded one-half mile. The PRC finding of fact that 565 Celestial Circle is .5-mile vice within .5 mile from the Carrier's route is prime facie evidence it is similarly situated as the Petitioner's home.

Issue of fact Two states "Whether postal management followed non-discriminatory processes in the discontinuation of door delivery of oversized packages to Complainant's residence." POM 631.8 Correction of Improper Mode of Delivery is the very process the USPS should have followed if it wanted to stop delivery of oversized packages to the Petitioner's home. However, PRC orders 7552 and 7845 claim that merely following the Rural Route Carrier's handbook was not discriminatory dismissing POM 631.8 under 39 USC 403(c) as they had already dismissed the jurisdiction over the POM under the 39 USC 401(2) complaint as the

Petitioner didn't challenge "adopting, amending, or repealing" the POM. The irony of the statement in Order 7845 concerning the Petitioner's remedy:

" The Commission further observed that "[o]rdering the Postal Service to defy its own regulations would contravene the objectives of 39 U.S.C. § 3662(c) and defy the boundaries of the Commission's powers as prescribed by Congress."[2]

This statement ignores the fact that USPS admittedly violated PO-603 paragraph 331.21 in delivering packages to the Petitioner's home for over two years invoking POM 631.8 which dictates that the "**improper** service remains in place". That the regulation calls the service "**improper**" is an explicit recognition that it is "defying" another regulation. By now adhering to PO-603 paragraph 331.21 the USPS is defying POM 631.8.

4. Can a federal agency fail to follow their own rules, regulations, or policies or in this case decide which rules or regulations to follow? USPS by their own admission failed to follow Rural Route Carrier's handbook PO-603 paragraph 331.21 for over two years invoking POM 631.8 which mandates the "improper service remains in place."[3]

---

[2] PRC Order 7552 Joint Appendix p 224.
[3] Complainant's Opening Brief before the PRC Docket C2023-6 The Petitioner argues that the plain reading of PO-603 paragraph 331.21 "within one-half mile" rule should be interpreted as radius for community mailbox clusters. Paragraph 331.21 was clearly written for individual mailboxes at the end of a driveway. All homes in the Petitioner's community are within one-half mile of the mailbox cluster which would give all homes in the community equal access to the same services. Additionally, the Route Carrier routinely exceeds driving one-half mile driving from the route when they drive the full Celestial Loop. Joint Appendix p26, 47, 82-87.

5. The PRC can order the USPS to comply their own policy, POM 631.8, with the resumption of deliveries of oversized packages to the Petitioner's home in accordance as stated in 39 USC 3662(c):

> "If the Postal Regulatory Commission finds the complaint to be justified, it shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance…"

6. Post Office Rural Route Carrier Handbook's (PO-603) para 331.21 directs:

> "If a parcel is too large for the box, make a reasonable effort to attract the customer to the box to receive the parcel. Do this by sounding the horn or by hailing the customer. If unsuccessful, you must deliver parcels to any residence or business that is on the line of travel, or within one-half mile of the route and has a passable road leading to it. You are required to dismount to effect delivery if there is no response to your efforts to have the customer come to the vehicle, or if the customer requests that you do so."

This policy appears to be written for mailboxes at the end of a driveway given that the carrier must "make a reasonable effort to attract the customer to the box". This cannot be done for a cluster of mailboxes for any community. In this case a radius rule of .5 mile from the mailbox cluster is more reasonable to effect to equal services

to all community members. The placement of the mailboxes in the Petitioner's community and using the USPS' position that they only drive to homes "within one-half mile" to deliver oversized packages allows for discrimination in providing differing levels of service to the community not because of the length of the driveway but an arbitrary placement of the mailbox cluster. PO-603 paragraph 331.21 also doesn't define "driving' distance as the metric to measure what homes are "within one-half mile" for delivery.

## STATEMENT OF CASE

The United States Post Office (USPS) stopped, without notice, of delivery of oversized packages to the Petitioner's residence at 208 Celtic Lane, Clayton, Georgia on or about March 2022. The USPS confirmed they provided this Mode of Delivery for over two years.[4] Mode of Delivery is defined under Postal Operations Manual (POM) 631.1 as delivery to a point whether centralized, sidewalk, curbside or, in this case, door delivery.[5] POM 631.8[6] states

> "In the event an improper mode of delivery is established or extended by a postal carrier or manager, the service will be withdrawn with a thirty (30) day advance notice to the affected customer(s), provided that the error is detected and the customer is notified within one (1) year. **If the error is not detected and the customer is not notified within one (1) year of the date delivery is**

---

[4] Complainant's Opening Brief before the PRC Docket C2023-6, Joint Appendix p 59.
[5] Postal Operations Manual Issue 9, July 2002 Updated with Revisions Through July 31, 2020 Joint Appendix p 39.
[6] Postal Operations Manual Issue 9, July 2002 Updated with Revisions Through July 31, 2020 Joint Appendix p 41.

**established or extended, the improper service remains in place unless the customer consents to the delivery mode change.**"

The Petitioner attempted resolution in person with the local postal supervisor and current Post Master Colby Nichols, again in a USPS online complaint[7] and through the Postal Regulatory Commission (PRC) in April 2023 via PRC website and formally 30 June 2023.[8] In response to the original complaint the Post Master stated[9] that the Complainant's home was over one-half mile from the mailbox and thus delivery of oversized packages was not allowed and that POM 631.8 did not apply. There was no mention of a safety issue. In answering the PRC complaint on 7 April 2023, the USPS District Manager (Michelle Logan) for Georgia Consumer Affairs referred the matter back to the Post Office.[10] Ms. Logan in her letter[11] conceded delivery of oversized packages to the Complainant's door "was the established mode of delivery for a period of time" but "determined that your driveway is too narrow to permit a safe turnaround for the carrier", and this would explain why delivery to your door was "curtailed." There was no mention of the distance away from the mailboxes or line of travel as being an issue in her letter. The Complainant's driveway has a dedicated turnaround that is readily visible had a proper assessment

---

[7] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 4 Joint Appendix p 38.
[8] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 3. Joint Appendix p 28.
[9] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 7. Joint Appendix p 43.
[10] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 8. Joint Appendix p 44.
[11] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 8. Joint Appendix p 44.

of the driveway had been made.[12] In June 2023 the Complainant tried to resolve the case through discussion with USPS lawyers but failed. The Petitioner's formal complaint to the PRC[13] on 30 June 2023 addressed three violations under 39 USC 3662(a). First, for violation (non-conformance) of POM 631.8 "Correction of Improper Mode of Delivery" as a regulation promulgated under 39 USC 401(2) for not reinstating delivery of oversized packages to the Petitioner's home that had been in place for over two years. Second, for retaliation under 39 USC 403(c) for the safety falsehood in the Clayton Post Master's driveway assessment and subsequent falsely stated the USPS had informed the Petitioner of this issue several times.[14] Third, under 39 USC 403(c) for discrimination against the Petitioner that the USPS delivered to another home in the community that was over ½ mile from the Carrier's line of travel.[15]

On 18 September 2023 the PRC issued order 6688 wrongly dismissing the Petitioner's complaint for non-conformance with POM 631.8 promulgated under 39 USC 401(2) stating 39 USC 401(2) jurisdiction is strictly limited to challenges involving "adopting, amending or repealing" a rule or regulation and the retaliation

---

[12] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 10. Joint Appendix p 51.
[13] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 3 Joint Appendix p 28.
[14] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 11 Joint Appendix p 73.
[15] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibit 10, 12, 13 Joint Appendix p 48-50, 81, 82-87.

claim under 39 USC 403(c) as retaliation doesn't fall under 39 USC 403(c). Order 6688 did find merit to investigate two Issues of Fact to determine if discrimination under 39 USC 403(c) had occurred referring to the standard set under *Egger v USPS*, 436 F. Supp.138 (W.D. Va. 1977).[16] In *Egger v USPS*, an undergraduate student residing in Lambeth Field Apartments at the University of Virginia sued to start direct delivery to his apartments.[17] Egger argued that a structurally similar location, 583 Brandon Ave, had the same situation as his and was in violation of USPS policy so he should get the same service. However, *Egger v USPS* states "When the Postal Service learned that the Brandon Avenue apartment complex was occupied solely by unmarried students, they suspended direct delivery". However, the Postal Service eventually resumed direct delivery to 583 Brandon Avenue in accordance with Postal Service policy that carrier service once extended, **even if extended erroneously**, will not be terminated."[18] The Petitioner's argument has never asked for new or a changed Mode of Delivery but rather resumption of an "Established Mode of Delivery"[19] that already existed as was the case with 583 Brandon Avenue in *Egger v USPS*.[20] The Petitioner has repeatedly stated the example of 583 Brandon Avenue service restoration as a near perfect parallel with this case.

---

[16] PRC Order 6688, Joint Appendix p 7-8.
[17] *Egger v USPS*, 436 F. Supp.138 (W.D. Va. 1977)
[18] *Egger v USPS*, 436 F. Supp.138 (W.D. Va. 1977)
[19] Complainant's Opening Brief before the PRC Docket C2023-6, Joint Appendix p 36.
[20] Complainant's Opening Brief before the PRC Docket C2023-6, Joint Appendix p 36.

On 27 October 2023 the Petitioner made a motion for reconsideration of Order 6688's dismissal of the complaint under 39 USC 401(2) as the complaint restated that the USPS' was non-conforming with their own rule, POM 631.8, as stated in 39 USC 3662(a), promulgated under 39 USC 401(2). Also the Petitioner, using language from PRC Order 6688 that stated metric for delivery under PO-603 paragraph 331.21was within a "radius" of one-half mile of the carrier's route, argued this was accurate as all homes were within one-half mile of the mailbox cluster and would ensure all homes received equal services. The PRC denied reconsideration in Order 6770 on 1 November 2023 and issued an order 6820 and errata to Order 6688 removing "radius" from the order on 1 December 2023 but allowed the Petitioner leave to argue the "radius" interpretation in his brief to the Presiding Officer.

The Petitioner and USPS submitted limited discovery through Presiding Officer Information requests on 7 November 2023 and submitted briefs to a PRC Presiding Officer to make an intermediate decision.[21] The Opening brief was submitted on 3 January 2024, the Answering Brief on 25 January 2024, and a response brief on 2 February 2024. The Presiding Officer issued his intermediate decision on 8 April 2024.

---

[21] Complainant's Opening Brief before the PRC Docket C2023-6, Exhibits 10, 11. Joint Appendix p 45-53, 54-80.

Order 6688 Issue of Fact One was "Whether any similarly situated postal customers in Complainant's neighborhood are receiving delivery of oversized packages to their doors." In this case similar situated homes focused on distance from the Carrier's route using the USPS Rural Route' Carrier's handbook PO-603 paragraph 331.21 standard that the carrier "must deliver parcels to any residence or business that is on the line of travel, or **within** one-half mile of the route." The metric for distance from by PO-603 para 331.21 is **within** one-half mile, not at or over. The Petitioner identified 565 Celestial Circle, Clayton, Georgia as a similarly situated home over one-half mile from the carrier's route. [22]

The Presiding Officer's decision dismissed the "radius" interpretation for within one-half mile for PO-603 para 331.21 as it wasn't in the plain reading of the regulation but he allowed "driving' distance to be the determining factor for oversized package delivery even though 'driving' isn't in the plain language either. The Presiding Officer further determined that it wasn't necessary to determine distance with "mathematical precision" to the "similarly situated" home at 565 Celestial Circle as long as the methods used by the USPS were "reasonable".[23] He

---

[22] This address was provided in June 2023 to the USPS lawyers as the other home that was being delivered to outside ½ mile from the carrier's route. This was based on a June 2022 conversation the Petitioner had with the then route carrier named Derrick where he stated he delivers to all homes on Celestial. When the Petitioner's submission 21 November 2023 for the Presiding Officer's Information Request of 7 November 2023 this was included on page 2. Joint Appendix p 46.

[23] Presiding Officer's Intermediate Decision 8 April 2024 for PRC Docket #2023-6. Joint Appendix p 146.

stated that the Petitioner had failed to prove that the methods used by the USPS were 'unreasonable'. This 'unreasonable' standard was not in the plain language of Order 6688. More consequentially by all information submissions, most importantly the USPS' submissions on distance, all prove 565 Celestial Circle to be over one-half mile from the carrier's route. The Petitioner provided evidence from the USPS' own website showing the Petitioner's home was "on" Route R-007 for zip code 30525.[24] Additionally, the Petitioner provided "detail" of the Google maps distance via the eastern half of the loop of Celestial (shortest route) to 565 Celestial Circle was **over** one-half mile by 91 feet.[25] The Petitioner submitted GPS evidence as a confirming measurement. The USPS provided two sources of distance, one from Google maps that showed the distance to be .5 mile (ignoring the detail) and a photo of the odometer of a 'like' Postal delivery vehicle showing an odometer reading of .5 with 565 Celestial Circle in the background.[26] The vehicle in the picture was short of the home having achieved one-half mile **before** reaching the home. The USPS later admitted this in their Brief in Opposition to the Petitioner's Objections to the Intermediate Decision on 28 May 2024.[27] What is undisputed is that .5-mile

---

[24] Petitioner's Opening Brief of 3 January 2024 for PRC Docket #2023-6, Exhibit 10. Joint Appendix p 45.

[25] Petitioner's Opening Brief of 3 January 2024 for PRC Docket #2023-6, Exhibit 10. Joint Appendix p 48.

[26] Petitioner's Opening Brief of 3 January 2024 for PRC Docket #2023-6, Exhibit 10. Joint Appendix p 127.

[27] USPS Opposition to the Petitioner's objections to the Intermediate Decision on 28 May 2024 Footnote 21. Joint Appendix p 178.

odometer was reached prior to the home, what is unknown is how far **prior** to the picture being taken did the vehicle achieve .5 mile on the odometer. The Petitioner submitted a statement from the Owner of 565 Celestial Circle that the Post Office had previously told her that her home was over one-half mile for deliveries contradicting the USPS' assessment in this case.[28] However, once the Petitioner had packages delivered to 565 Celestial Circle the USPS had to take the position that the home was within one-half mile.[29] Lastly between 6 and 30 December 2023 the USPS drove over 1.1 mile roundtrip from the route in delivering packages 10 times. The Presiding Officer dismisses this exceeding of the one-half mile limitation because "roundtrip" isn't in the text of PO-603 para 331.21. He misses the point that 'driving' over one-half mile in delivery of oversized packages violates their own rule. Every objective measurement was **over** one-half mile from the route yet the Presiding Officer dismissed the evidence in favor of "reasonable" measuring. Reasonable measurements are not contentious; the more consequential aspect is that all measurements exceeded one-half mile from the carrier's route to 565 Celestial Circle.

The Presiding Officer injected a temporal standard not written in the plain language of the Order 6688's Issue of Fact One that the deliveries the Petitioner offered as

---

[28] Petitioner's Opening Brief for PRC Docket #2023-6, exhibit 12. Joint Appendix p 81.
[29] Petitioner's submission 21 November 2023 for the Presiding Officer's Information Request of 7 November 2023 for PRC Docket #2023-6, pages 5-6. Joint Appendix p 49-50.

proof 565 Celestial Circle were not at the time of complaint. The Petitioner relied on a Postal employee, 'Derrick' the route carrier, who made the statement to the Petitioner in June 2022 that he would deliver to 565 Celestial Circle.[30] This was proved correct, in practice, in October and November 2023 when the Petitioner had three packages delivered to the home. Of particular note this was a temporal argument not put forth by the USPS but the Presiding Officer. The Presiding Officer said this of the Petitioner:

> "Edwards is not entitled to a more lenient application of substantive law simply because he is pro se, and fairness concerns prohibit consideration of "legal and evidentiary theories" that litigants themselves do not articulate."[31]

This seems to at odds with the consideration given by the Presiding Officer towards the USPS in consideration of the "reasonable" and temporal arguments under Issue of Fact One that the USPS themselves did not articulate. The PRC could have added "at the time" or other words creating a tether to a temporal requirement to Issue of Fact One but chose not to do so.

For Issue of Fact Two the Presiding Officer does not address POM 631.8 as the "non-discriminatory procedure" the USPS should have followed. He makes the statements in his intermediate decision:

> "Even though the Commission lacks jurisdiction to adjudicate the alleged violations of the POM, evidence that the Postal Service neglected to follow

---

[30] Complainant's Opening Brief for PRC Docket #2023-6, Exhibit 11. Joint Appendix p 46.
[31] Presiding Officer Intermediate Decision in PRC docket C2023-6. Joint Appendix p 142.

its own procedures is nonetheless highly relevant to Edwards' discrimination claim. Edwards' evidence on this point seems fairly strong."[32]

and

because… "the Commission has already determined that it lacks jurisdiction over Edwards' claims alleging violations of the POM. See Order No. 6688 at 6. So in my role as the Presiding Officer exercising the authority delegated to me by the Commission, I cannot entertain such claims now."[33]

However, PRC Order 6688 only dismissed the POM violation of 631.8 as it pertains to 39 USC 401(2) in "adopting, amending, or repealing" **not** for discrimination determinations under 39 USC 403(c). He dismisses the fact that by not following the very procedure the USPS requires for correcting an improper mode of delivery, the USPS was discriminating against the Petitioner. The USPS created an obligation by its own actions under POM 631.8 that once you establish or extend a mode of delivery for over a year whether **incorrectly** or not the" **improper** service **remains in place".** The Presiding Officer ignored the USPS' obligations. The Presiding Officer merely concluded that the USPS, now and absent any connection with POM 631.8, following PO-603 331.21 delivery of oversized packages to homes within one-half of the carrier's route was not discriminatory.

The Petitioner filed Notice of Intent to file Objections to the Intermediate Decision as already described above on 11 April 2024 and filed Objections on 7 May 2024. The USPS submitted a rebuttal to the objections on 28 May 2024. The Petitioner

---

[32] Presiding Officer Intermediate Decision in PRC docket C2023-6. Joint Appendix p 151.
[33] Presiding Officer Intermediate Decision in PRC docket C2023-6. Joint Appendix p 151.

filed a Motion for Leave to submit to Surrebuttal Brief after the USPS admitted in their rebuttal to the objections admitting the photo, contrary to their previous position, was taken short of 565 Celestial Circle **vice within one-half mile.**

PRC Order 7552 was issued on 19 September 2024 affirming the Presiding Officer Intermediate Decision in full rejecting all the Petitioner's objections. The Petitioner requested reconsideration of Order 7552 in a motion on 4 October 2024 which was denied by the PRC Order 7845 on 30 October 2024. After the denial of the reconsideration the Petitioner then filed for review by the DC Circuit Court of Appeals of the PRC's orders 6688, 7552, and 7845 within 30 days with the case being docketed on 27 November 2024 in accordance with 39 USC 3663.

## SUMMARY OF ARGUMENT

The USPS delivered oversized packages to the Petitioners home for over two years without incident or issue. Whether right or wrong USPS' delivery service to the Petitioner's home invoked POM 631.8 which mandates the "improper service remains in place". In *Doe v. United States*, 533 F. Supp. 245 (S.D. Fla. 1982).

> "If a government official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the exception of the Tort Claims Act. Conversely, if there is a standard by which his action is measured, it is not within the exception. The statute provides that if the act of the official is discretionary, it is not actionable even though the discretion is abused."

And in *Nat'l Ass'n of Postal Supervisors v. United States Postal Serv.*, 1:19-cv-2236-RCL (D.D.C. Aug. 15, 2023)

"Although sections 1003 and 1004 of the Act provide the Postal Service with substantial discretion and cabin the scope of judicial review, they are not "meaningless" or "empty." These sections impose real constraints on how the Postal Service compensates its supervisory and managerial employees.

The USPS doesn't get to pick and choose which rules to follow, POM 631.8 is not empty and there is no discretion for the USPS in the plain language statement of POM 631.8 "improper service remains in place".

The PRC's contention for resumption of package delivery:

"Ordering the Postal Service to defy its own regulations would contravene the objectives of 39 U.S.C. § 3662(c) and defy the boundaries of the Commission's powers as prescribed by Congress."

inexplicably ignores the fact that by not resuming the delivery service it is violating POM 631.8. Resumption of service, even wrongly, is mandated and has precedent in *Egger v USPS* where service at 583 Brandon Ave, even in violation of USPS policy, was restored.[34] *Egger* states of the decision to restore improper service:

---

[34] The Petitioner believes the "radius" interpretation of PO-603 para 331.21 supports the Postal Reorganization Act of 1970's mandate under 101(b) "The Postal Service shall provide a maximum degree of effective and regular postal services to rural areas…" Without the radius rule the USPS had to have known they would discriminate against parts of the Petitioner's community purely by placement of its mailboxes.

19

"The court expresses no opinion on the wisdom of the Postal Service's policy that individual delivery service, once extended, even if extended erroneously, will not be terminated."[35]

The PRC has the authority under 39 USC 3662(c) that:

"If the Postal Regulatory Commission finds the complaint to be justified, it **shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance**".

In this case they can order the USPS to resume oversized packages to the

Petitioner's home.

PRC Order 7552 states of the Petitioner's case before the Federal Northern District

Court of Georgia in *Edwards v Nichols*, Case # 2:22-cv-00160[36]:

"In its motion to dismiss there, the Postal Service, through the U.S. Attorney's Office, took the position that, among other things, the federal complaint raised a service-related claim over which the Commission had exclusive jurisdiction."[37]

And yet the USPS argued and the PRC agreed:

"But the Commission already concluded that, based on prior precedents, it lacked jurisdiction over the claims rooted in alleged violations of 39 U.S.C. § 401(2) and alleged violations of the POM."[38]

---

[35] *Egger v. US Postal Service*, 436 F. Supp. 138 (W.D. Va. 1977).
[36] *Edwards v. U.S. Postal Serv.*, No. 2:22-CV-160-SCJ (N.D. Ga. Dec. 15, 2022
[37] PRC Order 7552 Joint Appendix p 224.
[38] PRC Order 7552 p34. Footnote 23 lists 6 different PRC Orders in addition to Order 6688 where is ruled that 39 USC 3662(a) jurisdiction over 39 USC 401(2) **AND** regulations promulgated under it only applies to complaints that challenge "adopting, amending, or repealing" rules or regulations. It's important to note that the PRC has to keep ruling on this issue as complaints before the commission routinely, as in this case read 39 USC 3662(a)'s "non-conformance" standard for regulations "promulgated" under 39 USC 401(2), like both the POM and PO-603. Joint Appendix p 226.

20

The USPS argued in Federal Court that the PRC had jurisdiction over a POM claim but then before the PRC argued that the PRC had no jurisdiction over the POM. Ironically the PRC found that the district court decision to "not proceed" with the case "concerning." The Petitioner too finds these contradictory positions deeply concerning in that a Federal Agency, seemingly, cannot be held accountable for failing to follow its own rules and the level to which this case has gone to do so.

PRC Order 7552 states for Order 6688:

"Thus, in order to state a claim for a violation of 39 U.S.C. § 403(c), the Commission requires a complainant to plead three things: (1) the complainant is receiving less favorable services than those provided to one or more other postal customers, (2) the complainant is similarly situated to those postal customers receiving more favorable service, and (3) there is no rational or legitimate basis for denying the complainant the more favorable service currently being provided to those similarly situated postal customers."

and:

"This test (for second issue above) necessarily contains a "temporal" requirement because a complainant must show that they are being denied more favorable service currently being offered to at least one similarly situated postal customer.

This test was developed during *Egger v. US Postal Service*, 436 F. Supp. 138 (W.D. Va. 1977) when the Plaintiff Egger was suing for new service, not service already in place as in this case. Service to 565 Celestial Circle for this case was based on statements from the USPS' own route carrier Derrick.[39] The temporal standard in

---

[39] Complainant's Opening Brief for PRC Docket #2023-6, Exhibit 10. Joint Appendix p 218.

this case, if we follow *Egger*, is "currently" which means now. Currently 565 Celestial Circle is by all objective measurements submitted outside one-half mile from the carrier's route and "currently" receiving delivery of oversized packages (a more favorable service for a similarly situated home of the Petitioner's).[40] Even PRC Order 7552 findings of fact 11 and 12 stated the distance to 565 Celestial Circle to be ".5 mile". The PO-603 para 331.21 standard is "within one-half mile". Even being **at** one-half mile, it is outside USPS policy. Also, there is no USPS provision or discretion for how far outside one-half mile is allowable for delivery of oversized packages. The statement from the owner of 565 Celestial Circle that the Post Office declared to her that her home was **outside** one-half mile for package delivery is telling as the USPS' position[41], after the Petitioner had packages delivered to that home, is that the home is now inside one-half mile for the purposes of package delivery.

The PRC wrongly determined in their Order #6688 that the Commission claims it only has jurisdiction under 39 USC 401(2) in cases where the Postal Service "adopts, amends, or repeals" rules or regulations inconsistent with title 39. By this narrow standard the Commission effectively allows the Postal Service to not operate in

---

[40] If this case goes against the Petitioner the USPS will likely stop deliveries to 565 Celestial Circle as it's "reasonable" that the home is outside one-half mile from the Carrier route. In PRC docket C2025-1 and *Klein, et al v. USPS* #1:2024cv00672 the USPS "found" questionable safety reasons to stop service to their customers similar to this case.

[41] Complainant's Opening Brief for PRC Docket #2023-6, Exhibit 12. Joint Appendix p 81.

conformance to any of its regulations, policies or requirements. 39 USC 3662a states:

"Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (**or regulations promulgated under any of those provisions)** may lodge a complaint with the Postal Regulatory Commission …"

39 USC 3662a clearly states that the PRC has jurisdiction over regulations promulgated under 39 USC 401(2). 39 USC 401(2) gives the Postal Service authority to promulgate regulations "… as may be necessary to execute its functions under Title 39 and such other functions as may be assigned to the Postal Service under any provisions of law outside of Title 39." The regulations contained in Postal Operations Manual (POM) are necessary to execute Postal functions under Title 39 and are therefore exactly those regulations referred to in 39 USC 401(2), specifically in this case the requirements under POM 631.81. Under 39 USC 3662(a) the USPS can be found by the PRC to be in "non-conformance" with the POM and further direct conformance with the POM under 39 USC 3662(c). Even if for the sake of argument, if the PRC had no jurisdiction over POM violations under 39 USC 401(2), failing to follow it would be evidence of discrimination under 39 USC 403(c) as it pertains to PRC Order #6688 Issue of Fact Two as it is the very procedure the USPS failed to follow when it stopped oversized package delivery to the Petitioner's home.

23

# ARGUMENT

The USPS failed to follow their own regulation, POM 631.8 Correction of Improper Mode of Delivery, when it stopped Oversize Package Delivery to the Petitioner's home suddenly, after over two years of safe service, and without notice as was required. The USPS had multiple opportunities to correct this situation and yet did more than fail to do so, it concocted a false safety excuse and then disseminated another falsehood by claiming it had told the Petitioner multiple times of the safety falsehood for not delivering oversized packages (supported by their own submission for the Presiding Officer's Information Request).

The PRC has jurisdiction under 39 USC 3662(a) for 39 USC 401(2) as it pertains to non-conformance with regulations (POM) promulgated under its authority. The PRC misinterpreted the plain language reading of 39 USC 3662(a) in dismissing its jurisdiction over any regulations "promulgated under" 39 USC 401(2) by limiting challenges for 39 USC 401(2) to only challenges against "adopting, amending, or repealing" regulations vice non-conformance with all regulations necessary for the USPS to operate.

Under the Petitioner's 39 USC 403(c) discrimination claim the PRC asked for two findings of fact in their Order 6688, One-is there a similarly situated home(s) receiving the more favorable service and Two-did the USPS follow non-

24

discriminatory procedures when it stopped the oversized package delivery service. 565 Celestial Circle is clearly similarly situated by all distance determinations from both the Petitioner and the USPS as being outside one-half mile from the Carrier's route. The USPS admitted to the owner of 565 Celestial Circle that the home was over one-half mile for the purposes of oversized packages delivery and further admitted they achieved .5 mile on their odometer before reaching the home for their picture evidence for the Presiding Officer's Information Request. Additionally, PRC Order 7552 states the distance as .5 mile not "within .5 mile" as required by the PO-603 paragraph 331.21. POM 631.8 Correction of Improper Mode of Delivery is the exact procedure the USPS should have followed when it stopped delivery to the Petitioner's home. The PRC dismissal under 39 USC 401(2) is not disqualifying for consideration under the discrimination claim under 39 USC 403(c).

The PRC demonstrated bias in that it argued legal arguments not advanced by the USPS but not giving the Petitioner the same consideration.

One by dismissing the objective fact of distance of one-half mile measurement from the carrier's route for package delivery in favor of a "reasonable" standard and, after the fact, stating the Petitioner had failed to prove the USPS measurement was unreasonable. The reasonable argument is superfluous and self-serving for their decision. The USPS was clearly reasonable in measuring the distance. The pertinent point is that all measurements were over one-half mile.

Two, the PRC injected a temporal argument not advanced by the USPS in their Issues of Fact from Orders 6688 and 7552. The PRC's argument that the Petitioner failed to show that at the time service was discontinued another similarly situated home was receiving the more favorable service is not supported by their statements in Order 6688 or in *Egger v USPS*. The PRC could have included this metric in their Order 6688 for Issue of Fact One wording to this effect but choose not to do so. The Petitioner presented a conversation made by the then current route carrier Derrick to the Petitioner at the time of the PRC complaint that he would deliver to 565 Celestial Circle and then proved this fact by having packages delivered in October and November of 2023 to 565 Celestial Circle as a similarly situated home receiving more favorable. The USPS could have interviewed the Carrier and presented evidence to this point but did not make this argument themselves. Even the PRC's stated metric "currently" which means "now" supports the Petitioner's argument and is proof for what the PRC asked for in Order 6688 Issue of Fact One.

## CONCLUSION

The USPS and PRC have both shown a clear dismissal of their own regulations and direction from Congress wherein the 1970 Postal Reorganization Act directs under paragraph 101 (a) and (b):

"(a)…It shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities. The costs of establishing

and maintaining the Postal Service shall not be apportioned to impair the overall value of such service to the people.
and:

(b) The Postal Service shall provide a maximum degree of effective and regular postal services to rural areas, communities, and small towns where post offices are not self-sustaining."

The intent of Congress is clear in directing the USPS to provide the "maximum" degree of effective service to all areas, specifically rural areas even stating the costs should not impair such service.[42] The USPS was acting contrary to Congressional intent without discretionary authority when it stopped oversized package delivery to the Petitioner's home. The USPS has a grandfather clause called POM 631.8 and should honor their own regulation and honor the intent of Congress. 39 USC 3662(a) gives the PRC authority over non-conformance with regulations promulgated under 39 USC 401(2). And the USPS is giving more favorable service to a similarly situated home as the Petitioner at 565 Celestial Circle proving discrimination under 39 USC 403(c).

The PRC and the USPS arguments and positions have been contradictory. The USPS argued for the PRC to hear POM complaints before the Federal District Court of Northern Georgia only to argue before the PRC they don't have jurisdiction over the

---

[42] A USPS Service Standard Update fact sheet dated 25 April 2025 stated "We do not anticipate that individual rural customers will experience a significant impact from these adjustments, and in fact are likely to notice positive impacts. The delivery process in rural communities is not changing." However, in this case, PRC Docket C2025-1, and *Klein, et al v. USPS* 1:2024cv00672 the USPS actions have sought to restrict or remove service.

POM. The USPS, and the PRC Presiding Officer in this case confirms, gave conflicting reasons for the stoppage of oversized packages but this rationale is insufficient as it belies that the safety falsehood and subsequent lying about it being communicated to the Petitioner alone proves discrimination by the USPS. That the PRC believes ordering the USPS to defy PO-603 paragraph 331.21 within one-half mile standard in delivering packages to homes outside one-half mile, even after doing so for over two years, is beyond Congressional intent as it defies the POM. Further the PRC seems to reject language not included in the plain reading of its own orders and regulations only to accept language not included either to support their argument. While "radius" and "roundtrip" are not in PO-603 paragraph 331.21 neither is "driving" to measure distance from the Carrier's route for package delivery. In PRC Order #6688 the two Issues of Fact did not contain wording requiring the Petitioner to prove reasonableness or a temporal argument for package delivery to 565 Celestial Circle. The Petitioner proved, with USPS supporting evidence, that the "reasonable" measurements for 565 Celestial Circle exceeded one-half mile and that the actual the wording of the PRC for Issue of Fact One is "currently" for when the package delivery occurred and the Petitioner met that standard. In *Loper Bright Enterprises v. Raimondo*, 603 U.S. (2024), 144 S. Ct. 2244 the decision stated that it "requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and

28

courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; Chevron is overruled." Further "it thus remains the responsibility of the court to decide whether the law means what the agency says". The contradictions, plain misreading of statues, the falsehoods and outright dismissal of POM 631.8 presented in this case are supportive of the *Loper* consideration.

The Petitioner requests, and has only requested, that the delivery of oversized packages be resumed to his home. Whether a writ of Mandamus to the PRC to direct the USPS to "conform" to their own rule POM 631.8 in resumption of oversized package deliveries or a direct Writ of Mandamus to the USPS to resume deliveries is appropriate.

The Petitioner believes Oral Argument is unnecessary and unproductive to the resolution of this case. The record of the case is sufficient to make a ruling.

SUBMITTED BY:
Mark Allan Edwards
208 Celtic Lane
Clayton, GA 30525
703-439-0949
wandyryr@aol.com
Pro Se

Certificate of Compliance

Pursuant to the federal Rules of Appellate Procedure 25, 27, 28, 29, and 32, I hereby certify this briefing complies with the aforementioned procedural rules and contains 7581 words according to Microsoft Word count.

/s/

Mark Allan Edwards

Pro Se

Certificate of Service

I, Mark Allan Edwards, certify that on 23 September 2025, electronically filed the foregoing with the Clerk of the Court for the US Court of Appeals for the District of Columbia by using appellate CM/ECF system. Counsel for the Respondent (Postal Regulatory Commission) are registered CM/ECF users and will be served by the same service. A copy of this briefing was mailed first class mail Clerk of the Court for the US Court of Appeals for the District of Columbia.

/s/

Mark Allan Edwards

Pro Se