**No. 24-1370**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MARK ALLAN EDWARDS,

*Petitioner*,

v.

POSTAL REGULATORY COMMISSION,

*Respondent*.

UNITED STATES POST OFFICE,

*Intervenor*.

On Petition for Review of Orders of
the Postal Regulatory Commission

**BRIEF OF COURT-APPOINTED *AMICUS CURIAE*
IN SUPPORT OF PETITIONER**

Jeffrey E. Sandberg
Kathleen Choi
Cameron Bakkar
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

January 29, 2026

*Counsel for Court-Appointed*
Amicus Curiae *in Support of*
*Petitioner*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A. Parties, Intervenors, Amici

Petitioner is Mark Allan Edwards. Respondent is the Postal Regulatory Commission. Intervenor is the United States Postal Service.[*] On November 19, 2025, attorney Jeffrey E. Sandberg, Esq., was appointed by this Court as *amicus curiae* to present arguments in favor of petitioner's position.

### B. Rulings Under Review

Petitioner seeks review of Postal Regulatory Commission Order No. 6688 (September 18, 2023), available at J.A. 70–78; Order No. 7552 (September 19, 2024), available at J.A. 213–49; and Order No. 7845 (October 30, 2024), available at J.A. 266–75, in Commission Docket No. C2023-6.

### C. Related Cases

Petitioner previously filed a related civil action against the United States Post Office and the Postmaster of Clayton, Georgia. *See Edwards v. U.S. Postal Serv.*, No. 2:22-cv-160-SCJ (N.D. Ga. Nov. 21, 2023). At

---

[*] The caption mistakenly refers to intervenor as the "United States Post Office."

least two complaint proceedings currently pending before the Postal Regulatory Commission have been stayed pending the outcome of this petition for review. *See* Order No. 9425, Compl. of Cook-Coll LLC, et al., No. C2024-21 (Jan. 9, 2026); Order No. 8958, Compl. of Copper Beech Townhome Cmtys., et al., No. C2025-7 (July 3, 2025). Counsel is unaware of any related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

/s/ Jeffrey E. Sandberg
Jeffrey Sandberg

*Court-Appointed* Amicus Curiae
*in Support of Petitioner*

**TABLE OF CONTENTS**

GLOSSARY ....................................................................................... xiv

INTRODUCTION ................................................................................. 1

JURISDICTIONAL STATEMENT ......................................................... 2

STATEMENT OF THE ISSUE ............................................................... 3

STATUTES AND REGULATIONS ......................................................... 3

STATEMENT OF THE CASE ................................................................ 4

I. STATUTORY AND REGULATORY BACKGROUND ..................................... 4

    A.    Congress establishes the Postal Rate Commission, with limited jurisdiction over service complaints. ........................ 4

    B.    Congress reconstitutes the Commission and expands its complaint jurisdiction. ....................................................... 6

    C.    The Commission promulgates regulations governing both complaints and "rate and service inquiries." .................. 9

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................ 13

    A.    Mr. Edwards attempts to restore package delivery to his home ............................................................................... 13

    B.    Mr. Edwards brings suit in federal district court ................ 15

    C.    Mr. Edwards files this complaint with the Postal Regulatory Commission ....................................................... 16

    D.    Mr. Edwards seeks this Court's review. ............................... 21

SUMMARY OF ARGUMENT ............................................................... 22

STANDARD OF REVIEW .................................................................... 25

ARGUMENT ...................................................................................... 26

I. THE COMMISSION HAS JURISDICTION OVER COMPLAINTS THAT THE POSTAL SERVICE HAS VIOLATED ITS OWN REGULATIONS. .........26

    A. Section 3662(a) expressly authorizes the Commission to review complaints of regulatory violations........................26

    B. The history and purpose of the 2006 Act confirm that the text should be given its plain meaning...........................32

II. THE COMMISSION ERRED IN DISMISSING THE FIRST CLAIM IN MR. EDWARDS' COMPLAINT. ............................................................38

    A. The Commission has jurisdiction over Mr. Edwards' complaint that the Postal Service violated its Postal Operations Manual. ...............................................................38

    B. The Commission's contrary interpretation of Section 3662(a) is incorrect...............................................................41

        1. The Commission's complaint jurisdiction is not textually limited to "issues of broad applicability." ....43

        2. The Commission's narrow interpretation cannot be squared with its broad exercise of jurisdiction under its "two-tiered approach." ..................................48

        3. The Commission's interpretation is contrary to the *Accardi* principle and the strong presumption of judicial review. .........................................................51

        4. Practical considerations do not justify the Commission's reading. ................................................59

CONCLUSION .........................................................................................63

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

# TABLE OF AUTHORITIES*

**Page(s)**

**Cases:**

*Aid Ass'n for Lutherans v. U.S. Postal Serv.,*
321 F.3d 1166 (D.C. Cir. 2003) ......................................................... 53

*Air All. Houston v. EPA,*
906 F.3d 1049 (D.C. Cir. 2018) ......................................................... 51

*Ali v. Fed. Bureau of Prisons,*
552 U.S. 214 (2008) ......................................................................... 29

*American Postal Workers Union, AFL-CIO v. Postal Regul. Comm'n,*
842 F.3d 711 (D.C. Cir. 2016) ......................................................... 62

*Bankhouse v. United States,*
No. SA-21-CV-00742-FB, 2022 WL 817886
(W.D. Tex. Mar. 15, 2022) ................................................................ 55

*Battle v. FAA,*
393 F.3d 1330 (D.C. Cir. 2005) ......................................................... 58

*Bauer v. Fed. Deposit Ins. Corp.,*
38 F.4th 1114 (D.C. Cir. 2022) ......................................................... 25

*Bostock v. Clayton County,*
590 U.S. 644 (2020) ......................................................................... 32

*Bovard v. U.S. Post Off.,*
47 F.3d 1178 (10th Cir. 1995) ........................................................ 6, 54

*Bowen v. Mich. Acad. of Fam. Physicians,*
476 U.S. 667 (1986) ......................................................................... 58

*Burns v. Dir., Off. of Workers' Comp. Programs,*
41 F.3d 1555 (D.C. Cir. 1994) ......................................................... 21

---

* Authorities chiefly relied upon are marked with asterisks.

*Carlson v. Postal Regul. Comm'n,*
938 F.3d 337 (D.C. Cir. 2019) ................................................................ 4

*Castaneira v. Noem,*
138 F.4th 540 (D.C. Cir. 2025) ..............................................................58

*Cochise Consultancy, Inc. v. United States ex rel. Hunt,*
587 U.S. 262 (2019) ...............................................................................31

*Colorado River Indian Tribes v. Nat'l Indian Gaming Comm'n,*
466 F.3d 134 (D.C. Cir. 2006) ...............................................................51

*Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.,*
603 U.S. 799 (2024) ...................................................................... 48, 60

*Duncan v. Walker,*
533 U.S. 167 (2001) ...............................................................................28

*Eagle Tr. Fund v. U.S. Postal Serv.,*
365 F. Supp. 3d 57 (D.D.C. 2019), *aff'd,*
811 F. App'x 669 (D.C. Cir. 2020)........................................................39

*Eagle Tr. Fund v. U.S. Postal Serv.,*
811 F. App'x 669 (D.C. Cir. 2020)........................................................53

*Edwards v. Nichols,*
No. 22-cv-160, slip op. (N.D. Ga. Nov. 21, 2023), Dkt. No. 21 ..........16

*Environmental Def. Fund v. U.S. EPA,*
124 F.4th 1 (D.C. Cir. 2024) .................................................................26

*Erickson v. U.S. Post Off.,*
250 F. App'x 757 (8th Cir. 2007) ..........................................................54

*Facebook, Inc. v. Duguid,*
592 U.S. 395 (2021) ...............................................................................28

*Federal Express Corp. v. U.S. Dep't of Com.,*
39 F.4th 756 (D.C. Cir. 2022) ...............................................................53

*Foster v. Pitney Bowes Corp.,*
549 F. App'x 982 (Fed. Cir. 2013).........................................................54

*GameFly, Inc. v. Postal Regul. Comm'n,*
704 F.3d 145 (D.C. Cir. 2013) ........................................................ 25

*Glover v. Thompson,*
No. 20-10313, 2022 WL 2405362 (E.D. Mich. Jan. 11, 2022) ............ 56

*Groff v. DeJoy,*
600 U.S. 447 (2023) ........................................................................ 46

*Klein v. U.S. Postal Serv.,*
No. 1:24-CV-00672, 2025 WL 3005266 (S.D. Ohio Oct. 27, 2025) ..... 55

*LeMay v. U.S. Postal Serv.,*
450 F.3d 797 (8th Cir. 2006) ...................................................... 6, 54

*Loper Bright Enters. v. Raimondo,*
603 U.S. 369 (2024) ........................................................................ 26

*\*Mach Mining, LLC v. EEOC,*
575 U.S. 480 (2015) ............................................................. 58, 61, 62

*Martin v. Sloan,*
432 F. Supp. 616 (W.D.N.C. 1977) .................................................. 54

*MCI Telecomms. Corp. v. AT&T,*
512 U.S. 218 (1994) ........................................................................ 51

*Mittleman v. Postal Regul. Comm'n,*
757 F.3d 304 (D.C. Cir. 2014) ......................................................... 53

*Northern Air Cargo v. U.S. Postal Serv.,*
674 F.3d 852 (D.C. Cir. 2012) ......................................................... 53

*Niz-Chavez v. Garland,*
593 U.S. 155 (2021) ........................................................................ 60

*Oklahoma v. Castro-Huerta,*
597 U.S. 629 (2022) ........................................................................ 48

*Pep-Wku, LLC v. U.S. Postal Serv.,*
No. 1:20-CV-00009-GNS, 2020 WL 2090514
(W.D. Ky. Apr. 30, 2020) ................................................................. 55

*Pontefract v. Fed. Bureau of Prisons,*
No. 23-3142, 2024 WL 5055838 (3d Cir. Dec. 10, 2024)....................55

*Radio Commc'ns Corp. v. FCC,*
141 F.4th 243 (D.C. Cir. 2025) ........................................................26

*Rapid Enters., LLC v. U.S. Postal Serv.,*
No. 24-4041, 2025 WL 1644543 (10th Cir. June 10, 2025) ...............55

*Richter v. U.S. Postal Serv.,*
No. 8:14CV71, 2014 WL 12577098 (D. Neb. July 16, 2014)..............56

*Rudisill v. McDonough,*
601 U.S. 294 (2024) ........................................................................46

*Shelby Res., Inc. v. U.S. Postal Serv.,*
619 F. Supp. 1546 (S.D.N.Y.1985).....................................................54

*Smith v. Berryhill,*
587 U.S. 471 (2019) ........................................................................29

*Southern Cal. Edison v. U.S. Postal Serv.,*
134 F. Supp. 3d 311 (D.D.C. 2015) .................................................55

*Steenholdt v. FAA,*
314 F.3d 633 (2003).........................................................................58

*Tedesco v. U.S. Postal Serv.,*
553 F. Supp. 1387 (W.D. Pa. 1983) ..................................................54

*Truck Ins. Exch. v. Kaiser Gypsum Co.,*
602 U.S. 268 (2024) ........................................................................60

*United States ex rel. Accardi v. Shaughnessy,*
347 U.S. 260 (1954)..........................................................................58

*U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns,*
453 U.S. 114 (1981) .......................................................................... 4

*Utility Air Regul. Grp. v. EPA,*
573 U.S. 302 (2014)..........................................................................51

*Gallardo ex rel. Vassallo v. Marstiller,*
   596 U.S. 420 (2022) ........................................................... 31

*Village of Niles v. U.S. Postal Serv.,*
   No. 84-C-10102, 1985 WL 2900 (N.D. Ill. Sept. 30, 1985) .................. 54

*White v. U.S. Post Off.,*
   No. 23-1239, 2024 WL 2973705 (10th Cir. June 13, 2024) ............... 55

**Statutes:**

Postal Accountability and Enhancement Act:
   Pub. L. No. 109-435, 120 Stat. 3198 (2006) .......................................... 6

Postal Reorganization Act of 1970:
   Pub. L. No. 91-375, 84 Stat. 719 (1970) ............................................... 4

   39 U.S.C. §§ 3601–3604 (1970) .......................................................... 5

   39 U.S.C. §§ 3621–3628 (1970) .......................................................... 5

   39 U.S.C. §§ 3624–3625 (1970) .......................................................... 5

   39 U.S.C. § 3628 (1970) ....................................................................... 5

   39 U.S.C. § 3662 (1970) .................................................................... 5, 6

5 U.S.C. § 704 ................................................................................... 21, 32

5 U.S.C. § 706(1) ...................................................................................... 57

5 U.S.C. § 706(2) ...................................................................................... 25

5 U.S.C. § 706(2)(A) ................................................................................. 25

39 U.S.C. § 101(a) ........................................................................ 46, 47, 48

39 U.S.C. § 101(d) ...................................................................................... 8

39 U.S.C. § 401(1) ...................................................................................... 4

39 U.S.C. § 401(2) ................................................................... 2, 9, 27, 39

39 U.S.C. § 403(c) ........................................................... 9

39 U.S.C. § 404a ............................................................. 9

39 U.S.C. § 410(a) ............................................ 4, 16, 33, 53, 57

39 U.S.C. § 503 ................................................... 13, 50, 62

39 U.S.C. § 601 ............................................................. 9

39 U.S.C. §§ 3621–3642 ...................................................... 9

39 U.S.C. §§ 3621–3692 ...................................................... 9

39 U.S.C. §§ 3651–3654 ...................................................... 9

39 U.S.C. §§ 3661–3664 ...................................................... 9

*39 U.S.C. § 3662(a) ................................. 2, 3, 4, 7, 8, 13, 22, 23, 24, 26,
.................................................. 27, 28, 29, 31, 32, 40, 42, 44, 45, 62

39 U.S.C. § 3662(b)(1)(A)–(B) ........................................... 8, 82

39 U.S.C. § 3662(c) ......................................................... 8

39 U.S.C. § 3662(d) ......................................................... 8

39 U.S.C. § 3663 ................................................... 3, 8, 25

39 U.S.C. §§ 3681–3686 ...................................................... 9

39 U.S.C. §§ 3691–3692 ...................................................... 9

**Regulations:**

39 C.F.R. § 211.2(a)(1) ..................................................... 39

39 C.F.R. pt. 3010 ......................................................... 10

39 C.F.R. Part 3022:
  39 C.F.R. pt. 3022 ................................................... 10, 42
  39 C.F.R. § 3022.2(a)–(b) ........................................... 12, 30
  39 C.F.R. § 3022.10(a)(2) ........................................... 11, 30

39 C.F.R. § 3022.13 ............................................... 12, 49

39 C.F.R. § 3022.13(a) ................................................ 60

39 C.F.R. Part 3023:

39 C.F.R. pt. 3023 ........................................ 10, 12, 15, 49, 61, 62

39 C.F.R. § 3023.11 ........................................... 15, 49

39 C.F.R. § 3023.11(a) ........................................ 12

39 C.F.R. § 3023.12 ........................................... 12, 61

*U.S. Postal Service, Postal Operations Manual § 631.81 ........... 2, 14, 41

73 Fed. Reg. 51,888 (Aug. 21, 2008) .... 2, 10, 11, 19, 24, 33, 44, 46, 47, 50

74 Fed. Reg. 16,734 (Apr. 10, 2009) ............... 10, 11, 13, 33, 59, 61, 62, 63

85 Fed. Reg. 9614 (Feb. 19, 2020) ........................................ 10

## Legislative Materials:

H.R. 4970, 107th Cong. (2002) ................................................ 36

H.R. 4341, 108th Cong. (2004) ................................................ 36

H.R. 22, 109th Cong. (2005) ........................................ 34, 36, 37

H.R. 6407, 109th Cong. (2006) ........................................ 34, 37, 38

S. 2468, 108th Cong. (2004) ........................................ 34, 36

S. 662, 109th Cong. (2006) ........................................ 36, 37

S. Amend. 2750 to S. 662, 109th Cong. (Feb. 9, 2006) ......................... 36

H.R. Rep. No. 109-66, pt. I (2005) .......................................... 34

S. Rep. No. 108-318 (2004) ................................................. 34

150 Cong. Rec. 10,552 (May 20, 2004) ................................... 7, 35

151 Cong. Rec. 17,566 (July 26, 2005) .................................... 35

151 Cong. Rec. 17,610 (July 26, 2005) ...................................................... 35

151 Cong. Rec. 5310 (Mar. 17, 2005) ................................................. 7, 35

152 Cong. Rec. 23,303 (Dec. 8, 2006) ..................................................... 35

152 Cong. Rec. 23,305 (Dec. 8, 2006) ..................................................... 35

**Postal Regulatory Commission Orders:**

Order No. 471, Compl. of Lance P. McDermott, No. C2010-2
(June 11, 2010) ...................................................................................... 43

Order No. 1327, Compl. of City and County of San Francisco,
No. C2011-2 (May 1, 2012) ................................................................. 43

Order No. 2377, Compl. of Ctr. for Art & Mindfulness, Inc.,
et al., No. C2015-1 (Mar. 4, 2015) .................................................... 42

Order No. 2512, Compl. of American Postal Workers' Union,
No. C2013-10 (May 27, 2015) ............................................................. 31

Order No. 2585, Compl. of James D. Goodman, et al., No.
C2015-2 (July 15, 2015) ................................................................ 42, 50

Order No. 2687, Compl. of Frederick Foster, No. C2015-3
(Aug. 26, 2015) ...................................................................................... 42

Order No. 6880, Compl. of Postal Customer, No. C2023-11
(Dec. 19, 2023) ................................................................................ 42, 44

Order No. 7507, Compl. of Sai, et al., No. C2024-13 (Sept. 12,
2024) ........................................................................................................ 42

Order No. 7884, Compl. of Cook-Coll LLC, et al., No. C2024-
21 (Nov. 4, 2024) ................................................................................... 42

Order No. 8370, Compl. of Ken Ross, No. C2025-3 (Dec. 18,
2024) ........................................................................................................ 49

Order No. 8827, Compl. of Copper Beech Townhome Cmtys.,
et al., No. C2025-7 (May 1, 2025) ..................................................... 43

Order No. 9425, Compl. of Cook-Coll LLC, et al., No. C2024-21 (Jan. 9, 2026) .................................................................43

Order No. 1892, Compl. of American Postal Workers' Union, No. C2013-10 (Nov. 27, 2013) .............................................31

**Other Authorities:**

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) ...........................................28, 29

# GLOSSARY

| | |
|---|---|
| 1970 Act | Postal Reorganization Act of 1970 |
| 2006 Act | Postal Accountability and Enhancement Act of 2006 |
| APA | Administrative Procedure Act |
| Commission | Postal Regulatory Commission |
| J.A. | Joint Appendix |
| Postal Operations Manual | POM |
| Postal Service | United States Postal Service |

## INTRODUCTION

For several years, the U.S. Postal Service delivered oversized packages directly to petitioner Mark Allan Edwards' home even though his housing subdivision had centralized mailboxes. After the Postal Service abruptly stopped, Mr. Edwards attempted to restore service in reliance on a Postal Service regulation, Postal Operations Manual (POM) § 631.81, which expressly requires customer consent to discontinue a mode of delivery once that mode has become sufficiently established. After the Postal Service rebuffed his efforts at informal resolution, Mr. Edwards sought review of the Postal Service's determination. But instead of being permitted to present his case, Mr. Edwards was repeatedly told he was in the wrong forum. In district court, the Postal Service told him his recourse was with the Postal Regulatory Commission. But the Commission in turn disclaimed jurisdiction to review whether the Postal Service had complied with its regulation.

This Court should correct the Commission's erroneously narrow understanding of its jurisdiction and direct it to review Mr. Edwards' complaint. Congress has provided review before the Commission for "[a]ny interested person … who believes the Postal Service is not

operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions)." 39 U.S.C. § 3662(a). A complaint regarding the Postal Service's failure to "operat[e] in conformance" with POM § 631.81, a regulation promulgated under 39 U.S.C. § 401(2), plainly falls within this provision.

The Commission's contrary interpretation ignores the statutory language in favor of an understanding—unmoored from the text—about Congress's purported desire that the Commission address issues of broad applicability rather than one-off complaints. *See* 73 Fed. Reg. 51,888, 51,889 (Aug. 21, 2008). But that view is contrary to the text, history, and purpose of Section 3662; is internally inconsistent; and violates cardinal presumptions in favor of administrative and judicial review.

## JURISDICTIONAL STATEMENT

Petitioner Mark Allan Edwards filed an administrative complaint with the Postal Regulatory Commission under 39 U.S.C. § 3662(a), *see* Joint Appendix ("J.A.") 1–10, which the Commission dismissed through a series of orders dated September 18, 2023, September 19, 2024, and October 30, 2024, *see* J.A. 70–78, 213–49, 266–75. Petitioner invokes this

Court's jurisdiction under 39 U.S.C. § 3663, which provides that "[a] person … adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission may, within 30 days after such order or decision becomes final, institute proceedings for review thereof by filing a petition" in this Court. Petitioner timely filed this petition for review on November 27, 2024. *Cf.* Fed. R. App. P. 15(a)(1). This Court has jurisdiction under 39 U.S.C. § 3663.

## STATEMENT OF THE ISSUE

Whether the Postal Regulatory Commission has jurisdiction under 39 U.S.C. § 3662(a) to review a complaint that the Postal Service is not operating in conformance with Postal Service regulations promulgated under 39 U.S.C. § 401(2).

## STATUTES AND REGULATIONS

Pertinent statutory and regulatory provisions are included in the addendum to this brief. Of particular relevance here, 39 U.S.C. § 3662(a) provides that "[a]ny interested person … who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), *401(2)*, 403(c), 404a, or 601, or this chapter (*or regulations promulgated under any of those provisions*) may lodge a complaint with the Postal Regulatory Commission in such form and

3

manner as the Commission may prescribe." 39 U.S.C. § 3662(a) (emphases added).

## STATEMENT OF THE CASE

I. STATUTORY AND REGULATORY BACKGROUND

### A. Congress establishes the Postal Rate Commission, with limited jurisdiction over service complaints.

Until 1970, the United States Post Office Department, a Cabinet department within the Executive Branch, administered the Nation's mails. *See Carlson v. Postal Regul. Comm'n*, 938 F.3d 337, 340 n.2 (D.C. Cir. 2019). In 1970, Congress transformed the Post Office Department into the United States Postal Service, a government-owned corporation intended to operate more like a business while at the same time furthering policy purposes designated by Congress and retaining accountability to the public. *See* Postal Reorganization Act of 1970, Pub. L. No. 91-375, 84 Stat. 719 (1970) ("1970 Act"); *U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns*, 453 U.S. 114, 122–23 (1981) (discussing 1970 Act). Although the 1970 Act authorized the Postal Service to sue and be sued in its own name, *see* 39 U.S.C. § 401(1), it also exempted the Postal Service's actions from judicial review under the Administrative Procedure Act ("APA"), *see id.* § 410(a) (providing that

"the provisions of chapters 5 and 7 of title 5" shall not "apply to the exercise of the powers of the Postal Service").

The 1970 Act also created a new Executive agency, the Postal Rate Commission, whose core function was to review rate changes proposed by the Postal Service. 39 U.S.C. §§ 3601–3604, 3621–3628 (1970). The Act further provided that the Commission could accept public complaints of two kinds: rate complaints, made by "[i]nterested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title," and service complaints, made by "[i]nterested parties … who believe that they are not receiving postal service in accordance with the policies of this title." 39 U.S.C. § 3662 (1970).

In the case of rate complaints, if the Commission "determine[d] the complaint to be justified," the Commission rendered a "recommended decision" to the Postal Service. 39 U.S.C. § 3662 (1970); *see id.* §§ 3624–3625. The Postal Service Board of Governors would then "approve, allow under protest, or modify the recommended decision," and the Board of Governors' action was in turn subject to judicial review. *Id.* § 3628.

For service complaints, however, the available remedies were even more limited. In those instances, if after a hearing the Commission found

"the complaint to be justified," it could only "render a public report thereon to the Postal Service," which in turn was required only to "take such action as it deems appropriate." 39 U.S.C. § 3662 (1970). No judicial review was available, whether of the Commission's public report or the Postal Service's actions in response. *Cf. id.* § 3628 (precluding judicial review except for Board of Governors' decisions rendered under § 3625).

Nonetheless, courts interpreting the 1970 Act generally held that this scheme provided the exclusive forum for addressing disputes about inadequate postal service. "[B]y enacting 39 U.S.C. § 3662," they reasoned, "Congress removed the district courts' jurisdiction over claims regarding postal rates and services." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799–800 (8th Cir. 2006); *see also, e.g.*, *Bovard v. U.S. Post Office*, 47 F.3d 1178, 1995 WL 74678, at *1 (10th Cir. 1995) ("The language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission[.]"); *infra* p. 53–54 & nn.12–13 (citing other cases).

### B. Congress reconstitutes the Commission and expands its complaint jurisdiction.

In 2006, Congress enacted the Postal Accountability and Enhancement Act, Pub. L. No. 109-435, 120 Stat. 3198 (2006) ("2006

Act"), to modernize and strengthen administrative oversight of the Postal Service's operations. Congress reconstituted the former Postal *Rate* Commission as the Postal *Regulatory* Commission, reflecting the agency's expanded responsibilities. As particularly relevant here, the 2006 Act granted the Commission "greatly enhanced" power to "review and act on complaints filed by those who believe the Postal Service … exceeded its authority." 150 Cong. Rec. 10,552 (May 20, 2004) (statement of Sen. Susan Collins, introductory remarks on S. 2468); *see also* 151 Cong. Rec. 5310 (Mar. 17, 2005) (same for S. 662).

To that end, Congress re-enacted 39 U.S.C. § 3662 with new, more robust complaint authority and procedures. Section 3662 now provides that "[a]ny interested person … who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission." 39 U.S.C. § 3662(a). Upon receiving such a complaint, the Commission must either issue an order "begin[ning] proceedings on such complaint" (if it "find[s] that such complaint raises material issues of fact or law") or dismiss the complaint.

*Id.* § 3662(b)(1)(A). In either instance, the Commission "issue[s] a written statement setting forth the bases of its determination." *Id.* § 3662(b)(1)(B).

Congress also added compulsory remedies. If it "finds the complaint to be justified," the Commission "shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance." 39 U.S.C. § 3662(c). It may also impose fines in cases of deliberate noncompliance. *Id.* § 3662(d). In turn, the Commission's final disposition of the complaint is subject to judicial review in this Court, whether at the behest of the Postal Service or the private complainant. *See id.* § 3663.

The enumerated bases for complaint under the 2006 Act—the Postal Service's failure to "operat[e] in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions)," 39 U.S.C. § 3662(a)—reach widely across the Postal Service's operations. Section 101(d) concerns the Postal Service's duty to apportion postal rates on a fair and equitable basis. *Id.* § 101(d). Section

8

401(2) empowers the Postal Service "to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title and such other functions as may be assigned to the Postal Service under any provisions of law outside of this title." *Id.* § 401(2). Section 403(c) prohibits the Postal Service from making any "undue or unreasonable discrimination among users of the mails." *Id.* § 403(c). Section 404a prohibits the Postal Service from acts of unfair competition or compelled disclosure of intellectual property. *Id.* § 404a. Section 601 sets forth the requirements for letters "carried out of the mail" (*i.e.*, private carriage). *Id.* § 601. And "this chapter" (*i.e.*, chapter 36 of title 39) encompasses a range of provisions enacted by the 2006 Act, *see id.* §§ 3621–3692, including provisions governing rates for different classes of products (market-dominant, competitive, and experimental), *id.* §§ 3621–3642, reporting requirements, *id.* §§ 3651–3654, modern service standards, *id.* §§ 3691–3692, and other general provisions, *id.* §§ 3661–3664, 3681–3686.

C. **The Commission promulgates regulations governing both complaints and "rate and service inquiries."**

Following the enactment of the 2006 Act, the newly reconstituted Commission promulgated regulations setting forth the procedures it

would follow for adjudicating complaints against the Postal Service under 39 U.S.C. § 3662. *See* Order No. 101, 73 Fed. Reg. 51,888 (Aug. 21, 2008) (proposed rule); Order No. 195, 74 Fed. Reg. 16,734 (Apr. 10, 2009) (final rule). These regulations, which were originally codified at 39 C.F.R. Parts 3001, 3030, and 3031, are today codified at 39 C.F.R. Parts 3010, 3022, and 3023. *See* Order No. 5047, 85 Fed. Reg. 9614 (Feb. 19, 2020) (final rule) (renumbering regulations).[1]

In proposing these complaint rules, the Commission observed that the 2006 Act had "changed the Commission's role" and under "this new role, the Commission's complaint authority was significantly expanded." 73 Fed. Reg. at 51,888. The Commission recognized that "[t]his enhancement of the Commission's complaint authority reflects Congress' intent for complaints to become one of the major tools to achieve the [2006 Act's] goal of increased accountability and transparency of the Postal Service to the public it serves." *Id.* at 51,888. And it contemplated that this "enhanced authority" would likely "encourage more individuals to

---

[1] For convenience, this brief cites to the currently operative provisions.

10

seek the Commission's assistance in resolving their issues with the Postal Service." *Id.* at 51,890; *see also* 74 Fed. Reg. at 16,734.

At the same time, however, the Commission stated its "belie[f] that it is appropriate to focus more of its limited resources on important issues that raise rate and service issues with broad implications or unfair competition issues, and less of its resources on issues that can more easily be remedied by postal management on a local level." 73 Fed. Reg. at 51,889. It understood Congress to have "intended the Commission's complaint authority typically [to] be used to consider issues of broad applicability." *Id.*

Based on that judgment, the Commission proposed, and later adopted, a "two-tiered approach" to complaints filed with the Commission regarding the Postal Service: (1) formal "[c]omplaints"; and (2) informal "rate or service inquiries." 73 Fed. Reg. at 51,889; 74 Fed. Reg. at 16,735.

To be treated as a "complaint," a submission must satisfy certain procedural requirements. Among other prerequisites, a complaint must "[c]learly identify and explain" how the Postal Service's challenged action or inaction "violates applicable statutory standards or regulatory requirements." 39 C.F.R. § 3022.10(a)(2). The actionable bases for a

11

complaint include both "[t]he provisions of 39 U.S.C. chapter 36, or 39 U.S.C. 101(d), 401(2), 403(c), 404a, or 601," *id.* § 3022.2(a), as well as "[a]ny rule, order, or other regulatory requirement based on any of these statutory provisions," *id.* § 3022.2(b).

"Rate or service inquiries," by contrast, are more informal and are immediately forwarded to the Postal Service for investigation. The Postal Service in turn must, within 45 days, "advise the Commission in writing … of its resolution of the inquiry or its refusal or inability to do so." 39 C.F.R. § 3023.11(a).

The regulations further provide that a submission made as a "complaint" may be recharacterized as a "rate or service inquiry," or vice versa. With limited exceptions, complaints received by the Commission under Part 3022 that "concern rate or service matters that are isolated incidents affecting few mail users" may be channeled to Part 3023's rate-or-service inquiry procedures. 39 C.F.R. § 3022.13. Conversely, if the Commission receives a sufficient "volume of rate or service inquiries on the same or similar issue," the Commission may conclude that "treatment as a complaint" is "warrant[ed]." *Id.* § 3023.12.

The Commission has stated that the two tiers of regulations rest upon distinct statutory authorities. For the complaint regulations, the Commission relies upon section 3662(a). *See* 74 Fed. Reg. at 16,734–35 (quoting 39 U.S.C. § 3662(a)). By contrast, for rate or service inquiries, the Commission relies upon its general authority to "promulgate rules and regulations and establish procedures … to carry out their functions and obligations … as prescribed under this title." 39 U.S.C. § 503; *see* 74 Fed. Reg. at 16,735 ("[T]he Commission's authority for issuing the [rate-or-service inquiry] rules is section 503, not section 3662.").

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Mr. Edwards attempts to restore package delivery to his home.

Petitioner Mark Allan Edwards (Mr. Edwards) resides in a rural housing subdivision in Clayton, Georgia. J.A. 2. The Postal Service delivers mail to residents at centralized ("cluster") mailboxes at the subdivision's entrance. *Id.* These cluster mailboxes are too small to accommodate large packages. *Id.*

From December 2019 to March 2022, the Postal Service delivered oversized packages directly to Mr. Edwards' residence, which is located approximately 0.7 miles from the cluster mailboxes. J.A. 2, 6. Then,

without prior notice, the Postal Service stopped door delivery of oversized packages, instructing Mr. Edwards to pick up packages at the nearest post office instead, which is located 5.5 miles away.  J.A. 2–3, 6, 211, 215.

Mr. Edwards repeatedly tried to restore the delivery of oversized packages to his home.  In April 2022, a local postal supervisor informed Mr. Edwards that the Postal Service had stopped delivering oversized packages to his home due to its distance from the cluster mailboxes, which exceeded relevant delivery standards.  J.A. 6, 138–39.  Mr. Edwards filed an online complaint in June 2022 with the Postal Service, explaining that Section 631.81 of the Postal Operations Manual (POM) required the Postal Service to obtain his consent before terminating even an improper mode of delivery if such delivery had occurred for longer than one year, *cf.* J.A. 135 (POM § 631.81), but the Postal Service merely reiterated its response.  J.A. 2–4.  Mr. Edwards also unsuccessfully attempted to resolve the issue through discussions with the Postal Service's Office of General Counsel.  J.A. 10.

In April 2023, Mr. Edwards submitted an initial "complaint" to the Postal Regulatory Commission, which immediately forwarded the submission to the Postal Service's regional Consumer Affairs Office.  J.A.

14

4, 143–46, 186.[2]  That office conceded that delivery of oversized packages to Mr. Edwards' residence had been an "established mode of delivery for a period of time" but nonetheless refused to reinstate that mode of delivery.  J.A. 147.  It initially stated that the reason for this refusal was that Mr. Edwards' "driveway [was] too narrow for a safe turnaround for the carrier."  *Id.*  But the Postal Service later stated only that "carriers do not make deliveries to addresses over ½ miles from the main road." J.A. 149.

## B.    Mr. Edwards brings suit in federal district court.

After his initial efforts failed to resolve the issue, Mr. Edwards brought suit against the Postal Service in federal court, alleging that the Postal Service had violated POM § 631.81 and seeking "resumption of door delivery of oversized packages" as a remedy.  J.A. 34–35 (Am. Compl. ¶¶ 2–3, *Edwards v. U.S. Postal Serv.*, No. 22-cv-160 (N.D. Ga. Dec. 15, 2022), Dkt. No. 8-1).  The Postal Service moved to dismiss the complaint for lack of jurisdiction and failure to state a claim.  As relevant here, the Postal Service argued that it was exempt from review under the APA and

---

[2] Though the nature of this submission is unclear from the record, it appears that it was treated as a Part 3023 rate or service inquiry.  *See supra* pp. 11–12; *cf.* 39 C.F.R. § 3023.11.

that "the right to appeal, if any, would be to the Postal Regulatory Commission" because the Commission is the "exclusive forum for an individual's complaints about the delivery of mail." J.A. 42–43.

The district court granted the Postal Service's motion and dismissed the case for lack of jurisdiction. *Edwards v. U.S. Postal Serv.*, No. 22-cv-160, slip op. at 22 (N.D. Ga. Nov. 21, 2023), Dkt. No. 21. The court concluded that Mr. Edwards' claim was generally barred by 39 U.S.C. § 410(a) and could not proceed under any other equitable theory because Mr. Edwards "has an adequate remedy at law through the complaint procedure of the Postal Regulatory Commission pursuant to 39 U.S.C. § 3662." *Id.* at 18–19. The district court dismissed the complaint without prejudice to Mr. Edwards "presenting his service grievance claim to the attention of the Postal Regulatory Commission pursuant to 39 U.S.C. § 3662." *Id.* at 20. Mr. Edwards did not appeal.

**C. Mr. Edwards files this complaint with the Postal Regulatory Commission.**

In the interim, in June 2023, Mr. Edwards also filed a formal complaint with the Commission under 39 U.S.C. § 3662. J.A. 1–10. In his complaint, Mr. Edwards alleged three violations by the Postal Service: (1) nonconformance with POM § 631.81, a Postal Service

16

regulation promulgated under 39 U.S.C. § 401(2); (2) retaliation, based on the Postal Service's statements that his driveway was too narrow for a turnaround, in violation of 39 U.S.C. § 403(c); and (3) discrimination, based on the Postal Service's delivery of oversized packages to a similarly situated house in his community, also in violation of § 403(c). J.A. 2–5.

The Postal Service moved to dismiss all three claims. First, the Postal Service argued that claims alleging that the Postal Service violated its own regulations do not fall under the Commission's jurisdiction under section 3662(a). J.A. 18–20. On the merits, the Postal Service argued that it did not violate POM § 631.81 because centralized delivery was the established mode of delivery for Mr. Edwards' residence and a postal carrier's voluntary delivery of packages to his door did not change the established mode of delivery. J.A. 20. Second, the Postal Service argued that the retaliation claim should be dismissed because the alleged retaliation occurred after the Postal Service discontinued its door delivery of oversized packages and because a claim of retaliation does not fall within the Commission's authority under section 3662(a). *Id.* Lastly, the Postal Service argued that it had a legitimate, nondiscriminatory

basis for stopping door delivery of oversized packages to Mr. Edwards' residence: his home was more than one-half mile from the route. J.A. 22.

The Commission dismissed Mr. Edwards' first and second claims for lack of jurisdiction. J.A. 70–78. As to the first claim, the Commission acknowledged that Mr. Edwards' complaint credibly alleged the violation of a regulation promulgated under section 401(2). J.A. 74. But the Commission stated that, with respect to any claims implicating section 401(2), its jurisdiction under Section 3662 "applies only to scenarios where the Postal Service adopts, amends, or repeals rules or regulations inconsistent with title 39." J.A. 75. Here, Mr. Edwards "objects to the Postal Service's alleged noncompliance with its own regulations, not to the regulations themselves." *Id.* The Commission accordingly dismissed Mr. Edwards' claim for lack of jurisdiction. *Id.* As to the retaliation claim, the Commission concluded that such a claim does not fall within any of the enumerated provisions of section 3662(a). *Id.*

As to Mr. Edwards' third claim, alleging discrimination based on alleged delivery of packages to a similarly situated home, the Commission determined that there were material issues of fact and denied the Postal Service's motion to dismiss the claim. J.A. 78.

Specifically, the Commission appointed a Presiding Officer to investigate whether "any similarly situated postal customers in [Mr. Edwards'] neighborhood" were receiving door deliveries of oversized packages and whether "the postal management followed non-discriminatory processes in the discontinuation of door delivery of oversized packages to [Mr. Edwards'] residence." J.A. 77.

Mr. Edwards filed a motion for reconsideration, requesting that the Commission reconsider its decision to dismiss his first claim on jurisdictional grounds. Mr. Edwards explained that, by disclaiming its statutory authority to adjudicate complaints alleging violations of regulations promulgated under section 401(2), the Commission would "effectively allow[] the Postal Service to not operate in conformance [with] any of its regulations or requirements." J.A. 80. Denying the motion, the Commission reiterated its position that "section 401(2) 'concerns the adoption and amendment of the Postal Service's rules and regulations and the overall policy behind those regulations, not the application of a particular rule to an individual mail user.'" J.A. 95 (quoting Order No. 101 at 8, 73 Fed. Reg. at 51,889). Relying on "Commission precedent," the Commission rejected Mr. Edwards' claim

because it did not "identify a rule or regulation promulgated by the Postal Service that is inconsistent with title 39 to invoke the Commission's complaint jurisdiction under section 401(2)." *Id.*

After a period of limited discovery, the designated Presiding Officer rendered an intermediate decision. He acknowledged that "the Postal Service appears not to have followed its own internal policies," J.A. 183, and remarked that "[Mr.] Edwards' evidence on this point seems fairly strong," but emphasized that "the Commission has already determined that it lacks jurisdiction over Edwards' claims alleging violations of the POM," J.A. 205.

With respect to Mr. Edwards' remaining claim—for alleged discrimination in violation of 39 U.S.C. § 403(c)—the Presiding Officer concluded that Mr. Edwards had failed sufficiently to identify "other similarly situated postal customers in his neighborhood" who received door delivery of oversized packages. J.A. 183. Mr. Edwards objected to that decision, including by reiterating his allegations that the Postal Service had violated POM § 631.81. The Commission nonetheless adopted the Presiding Officer's findings of facts and conclusions of law and dismissed the discrimination claim, again concluding that the

Commission "lack[s] jurisdiction to consider whether the Postal Service misapplied its own regulations." J.A. 241. The Commission denied Mr. Edwards' motion for reconsideration. J.A. 266–75.

### D. Mr. Edwards seeks this Court's review.

Mr. Edwards, proceeding *pro se*, filed a timely petition for review in this Court pursuant to 39 U.S.C. § 3663, challenging the Commission's orders dismissing his complaint.[3] After an initial round of briefing by Mr. Edwards and the Commission, this Court appointed undersigned counsel as *amicus curiae* to argue in favor of Mr. Edwards' position. In filing this brief, *amicus* addresses Mr. Edwards' claim that the Commission erred in concluding that it lacks jurisdiction to review the Postal Service's noncompliance with its own regulations, but takes no position on Mr. Edwards' other arguments.

---

[3] The Commission has not disputed that its prior orders merge into its final order for purposes of this Court's review. *Cf. Burns v. Dir., Off. of Workers' Comp. Programs*, 41 F.3d 1555, 1561–62 (D.C. Cir. 1994) (applying rule that "intermediate agency action or ruling … is subject to review on the review of the final agency action") (quoting 5 U.S.C. § 704). In all events, Mr. Edwards repeatedly renewed his allegations concerning the Postal Service's violation of POM § 631.8 throughout the Commission proceedings, so any failure to seek review from an earlier ruling would be harmless.

This case raises important questions concerning the scope of the Postal Regulatory Commission's complaint jurisdiction. By statute, the Commission is both empowered and required to adjudicate complaints brought by "any interested person … who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), *401(2)*, 403(c), 404a, or 601, or this chapter (*or regulations promulgated under any of those provisions*)." 39 U.S.C. § 3662(a) (emphases added). Petitioner Mark Allan Edwards plausibly alleges that the Postal Service violated "regulations promulgated under" section 401(2) by failing to obtain his consent before discontinuing delivery of oversized packages to his home. The Commission erroneously concluded that it lacked jurisdiction over that claim.

**I.** Section 3662(a) vests the Commission with jurisdiction to adjudicate complaints that the Postal Service has violated its own regulations. Text, context, history, purpose, and fundamental administrative-law principles all support that reading of the statute.

**A.** As a textual matter, the parenthetical phrase "regulations promulgated under any of those provisions" must be given meaning.

That phrase logically modifies all enumerated "provisions," including section 401(2). Any other reading is grammatically implausible. And the allowed basis for a complaint under section 3662(a)—a mere "belie[f] the Postal Service is not operating in conformance with the requirements" of identified statutes and regulations—confirms Congress's intent that the Commission have broad authority to address any irregularities in the Postal Service's operations.

**B.** The best textual reading of the statute also best accounts for Congress's stated purposes and the drafting history of the 2006 Act. In enacting that law, Congress made clear its purpose of strengthening accountability and oversight of the Postal Service, including by greatly enhancing the Commission's complaint authority. And even as the enumerated bases for complaints under section 3662(a) narrowed over the course of legislative consideration, the draft bills always encompassed complaints for alleged violations of section 401(2) and regulations promulgated thereunder.

**II. A.** Applying that reading of the statute, the Commission has jurisdiction over Mr. Edwards' claim that the Postal Service is "not operating in conformance with" Postal Operations Manual (POM)

§ 631.81. It is undisputed that the POM is a Postal Service regulation. And Mr. Edwards states, at minimum, a plausible claim that the Postal Service has violated that regulation, as the Commission's own Presiding Officer acknowledged.

**B.** The Commission's contrary interpretation is incorrect. Its complaint jurisdiction under section 3662(a) is not limited to claims that the Postal Service has "adopt[ed], amend[ed], or repeal[ed] rules or regulations inconsistent with title 39," *i.e.*, that the Postal Service has exceeded its statutory authority under section 401(2). J.A. 75. Rather, its jurisdiction also expressly encompasses claims that the Postal Service is not "operating in conformance with … regulations promulgated under" that section.

The Commission's reasoning suffers from numerous defects. Section 3662(a) does not limit its jurisdiction to "issues of broad applicability," 73 Fed. Reg. at 51,889, and the Commission's creation of procedures for "rate or service inquiries" tacitly reflects an understanding that Congress intended for the Commission to exercise broad oversight. In light of judicial holdings that section 3662(a) provides the exclusive remedy for rate or service complaints, the Commission is

24

the only entity empowered to police the Postal Service's noncompliance with its own regulations. The Commission's failure to undertake that duty contravenes both the *Accardi* principle and the presumption in favor of judicial review, and cannot be absolved by the Commission's concern for the practical consequences of exercising broader jurisdiction.

## STANDARD OF REVIEW

This Court reviews orders of the Commission pursuant to the standards of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). *See* 39 U.S.C. § 3663 ("The court shall review the order or decision in accordance with section 706 of title 5 ...."). Under the APA, the Court "may set aside an agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *GameFly, Inc. v. Postal Regul. Comm'n*, 704 F.3d 145, 148 (D.C. Cir. 2013) (quoting 5 U.S.C. § 706(2)(A)). The scope of section 3662(a), like all "legal questions of statutory and regulatory interpretation," is a question reviewed de novo. *Bauer v. Fed. Deposit Ins. Corp.*, 38 F.4th 1114, 1121 (D.C. Cir. 2022). And "[i]n determining whether an agency's interpretation of its governing statute is contrary to law," this Court "must exercise [its] 'independent judgment' and 'apply[] all relevant

25

interpretive tools' to reach 'the best reading of the statute.'" *Envtl. Def. Fund v. U.S. EPA*, 124 F.4th 1, 11 (D.C. Cir. 2024) (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394, 400 (2024)).

## ARGUMENT

### I. THE COMMISSION HAS JURISDICTION OVER COMPLAINTS THAT THE POSTAL SERVICE HAS VIOLATED ITS OWN REGULATIONS.

Section 3662(a) plainly confers jurisdiction on the Commission to adjudicate complaints that the Postal Service is "not operating in conformance" with "regulations promulgated under" 39 U.S.C. § 401(2).

#### A. Section 3662(a) expressly authorizes the Commission to review complaints of regulatory violations.

In discerning the meaning of section 3662(a), "[a]s with all questions of statutory interpretation, we start with the text." *Radio Commc'ns Corp. v. FCC*, 141 F.4th 243, 249 (D.C. Cir. 2025). Under a plain reading of that text, the Commission is empowered to address complaints that the Postal Service has violated its own regulations.

**1.** Section 3662(a) provides that any person "who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission." 39 U.S.C. § 3662(a).

The statute thus allows complaints not only for violations of "the requirements of" enumerated statutory "provisions," but also for violations of "regulations promulgated under any of those provisions." *Id.*

As earlier discussed, *see supra* pp. 8-9, the enumerated statutory provisions reflect various broad substantive authorities and prohibitions across the Postal Service's operations. Among those provisions is Section 401(2), which empowers the Postal Service "to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions." 39 U.S.C. § 401(2). By including section 401(2) as an enumerated provision in section 3662, Congress authorized the Commission to accept complaints that the Postal Service has engaged in rulemaking activity beyond its statutory authority, such as by "adopt[ing], amend[ing], [or] repeal[ing]" a regulation in a manner "inconsistent with [Title 39]." 39 U.S.C. § 401(2); *cf., e.g.,* J.A. 75 (acknowledging Commission's jurisdiction over such complaints).

But the text of section 3662(a) makes clear that the Commission's complaint jurisdiction is not limited to alleged violations of the enumerated statutory provisions themselves. It also includes a

parenthetical phrase expressly extending that jurisdiction to include violations of "regulations promulgated under any of those" statutory provisions. 39 U.S.C. § 3662(a). That latter clause must be given independent meaning. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (explaining that courts are "'reluctan[t] to treat statutory terms as surplusage' in any setting" (alteration in original)). And its most natural reading is that the Commission is empowered to adjudicate claims that the Postal Service "is not operating in conformance with … regulations promulgated under *any*" of the enumerated statutory provisions, including section "401(2)." 39 U.S.C. § 3662(a) (emphasis added).

Multiple grammatical clues confirm that reading. First, the parenthetical phrase—"(or regulations promulgated under any of those provisions)"—immediately follows a list of other items. "Under conventional rules of grammar, '[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series,' a modifier at the end of the list 'normally applies to the entire series.'" *Facebook, Inc. v. Duguid*, 592 U.S. 395, 402–03 (2021) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 (2012)). That is particularly clear here because the modifying

28

phrase is set off by parentheses, not merely appended to the end of the list.  *Cf. id.* (favoring reading that "heed[s] the commands of [the statute's] punctuation").

Second, the wording of the parenthetical phrase itself confirms that violations of regulations "promulgated under" section 401(2) are actionable.  The phrase refers to regulations promulgated under "*any* of *those* provisions."  39 U.S.C. § 3662(a) (emphasis added).  That phrase is only intelligible if "those provisions" refers back to the immediately preceding enumerated list, which includes section 401(2).  And by using the term "any," Congress signaled that the parenthetical phrase applies equally to all of the foregoing antecedents.  *See Smith v. Berryhill*, 587 U.S. 471, 479 (2019) ("Congress' use of the word 'any' suggests an intent to use that term 'expansive[ly].'") (quoting *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218–19 (2008)).

That straightforward reading is well captured by the Commission's own regulations.  As noted, *see supra* pp. 9–13, the Commission has promulgated rules to govern the adjudication of complaints submitted under section 3662(a).  They provide that any interested person may file a written complaint with the Commission if that person believes that the

Postal Service is not operating in conformance with: "(a) The provisions of 39 U.S.C. chapter 36, or 39 U.S.C. 101(d), 401(2), 403(c), 404a, or 601; *or* (b) Any rule, order, or other regulatory requirement based on *any of these statutory provisions.*" 39 C.F.R. § 3022.2(a)–(b) (emphases added). The form-and-manner regulation, in turn, instructs complainants to "[c]learly identify and explain how the Postal Service action or inaction violates applicable statutory standards *or regulatory requirements,*" including through "citations to the relied upon section or sections of title 39, order, *regulation, or other regulatory requirements.*" *Id.* § 3022.10(a)(2) (emphases added). The Commission's own rules thus do not distinguish among the enumerated statutory provisions or reflect any carveout such that "regulations promulgated under" section "401(2)" would not be actionable.

**2.** Any other reading would create a textual anomaly. The Commission itself acknowledges that at least some alleged violations of regulations are actionable under section 3662(a). In Case No. C2013-10, for instance, the Commission entertained a complaint that the Postal Service had violated regulations promulgated under chapter 36. *See* Order No. 1892 at 13–17, Compl. of Am. Postal Workers' Union, No.

30

C2013-10 (Nov. 27, 2013);[4] *cf.* 39 U.S.C. § 3662(a) (authorizing complaints for violations of "this chapter" or "regulations promulgated [there]under"). But the statute provides no basis to read that authority as extending only to "regulations promulgated under" some enumerated statutory provisions but not others. "If Congress had intended to draw such a distinction" between regulations promulgated under "[section] 401(2)" or regulations promulgated under the other specified sections, "it easily could have drafted language to that effect." *Gallardo ex rel. Vassallo v. Marstiller*, 596 U.S. 420, 429 (2022) (quotations marks omitted). But it did not, and this Court should not "attribute different meanings to the same phrase." *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 268 (2019) (quotation marks omitted); *see id.* ("[A] single use of a statutory phrase must have a fixed meaning.").

**3.** Other textual clues support the conclusion that the Postal Service's failure to adhere to regulations promulgated under section

---

[4] The Commission ultimately dismissed the complaint, concluding that the regulations at issue did not impose legally binding obligations. *See* Order No. 2512 at 9–21, Compl. of Am. Postal Workers' Union, No. C2013-10 (May 27, 2015). But the Commission never questioned its jurisdiction to entertain the claim.

401(2) is actionable by complaint before the Commission. Unlike in many other schemes, section 3662(a) does not authorize review only of final agency action. *Cf., e.g.*, 5 U.S.C. § 704. Rather, it allows complaints by persons who "*believe*[] the Postal Service is *not operating in conformance with*" various requirements. 39 U.S.C. § 3662(a) (emphases added). This express focus on the Postal Service's manner of "operating"—coupled with the fact that a complaint may be submitted on a person's mere "belie[f]" about such "operati[ons]"—underscores Congress's intention that section 3662(a) would encompass complaints about the Postal Service's day-to-day conduct, including any alleged nonadherence to its own regulations.

## B. The history and purpose of the 2006 Act confirm that the text should be given its plain meaning.

Because "the meaning of the statute's terms is plain," this Court need go no further. *Bostock v. Clayton County*, 590 U.S. 644, 673–74 (2020). But other interpretive considerations only underscore that section 3662(a) indeed vests the Commission with jurisdiction to adjudicate complaints about the Postal Service's regulatory non-compliance.

**1.** One of the central purposes of enacting the 2006 Act was to expand the scope and strength of administrative oversight of the Postal Service's operations. As the Commission has recognized, the 2006 Act "changed the Commission's role and its relationship with the Postal Service," including by "significantly expand[ing]" "the Commission's complaint authority." 73 Fed. Reg. at 51,888. In reestablishing the Postal *Rate* Commission as the Postal *Regulatory* Commission, Congress intended to impose stronger accountability on the Postal Service while also continuing the longstanding paradigm under which first-order oversight is provided by the Commission, not by courts. *See* 39 U.S.C. § 410(a) (precluding APA review over Postal Service actions). And as the Commission itself put it, the 2006 Act's "enhancement of the Commission's complaint authority reflects Congress' intent for complaints to become one of the major tools to achieve the [2006 Act's] goal of increased accountability and transparency of the Postal Service to the public it serves." 73 Fed. Reg. at 51,888; *see also* 74 Fed. Reg. at 16,734 ("[T]he [2006 Act] imposes a new regulatory structure" that "elevates the role that complaints play in providing interested person a forum for addressing issues" with Postal Service).

That understanding is amply supported by the legislative record. The 2006 Act resulted from several years of congressional consideration. The bill ultimately enacted into law during the 109th Congress, H.R. 6407 (2006), was a compromise drafted in conference after the House and Senate passed differing earlier versions. At least two prior versions, H.R. 22, 109th Cong. (2005) and S. 2468, 108th Cong. (2004), were the subject of full Committee reports. In each instance, the Committee explained that Congress's purpose in revising section 3662 was to "provide[] the Regulatory Commission with enhanced authority to respond to complaints of pricing, service, or other actions by the Postal Service in violation of law," and to "give[] the Commission broad authority to correct violations by ordering the Postal Service to take whatever steps the Commission considers appropriate." S. Rep. No. 108-318, at 48 (2004); *accord* H.R. Rep. No. 109-66, pt. I, at 52 (2005) (materially identical wording). And in sponsoring successive Senate bills, Senator Collins explained that a core purpose was to provide "greatly enhanced authority" to the Commission to "review and act on complaints filed by those who believe the Postal Service has exceeded its authority." 150 Cong. Rec. 10,552 (May 20, 2004); 151 Cong. Rec. 5310 (Mar. 17, 2005).

This intended expansion of the Committee's authority is echoed elsewhere throughout the Congressional Record.[5]

**2.** The legislative record also supports the conclusion that Congress made a deliberate choice to include violations of regulations promulgated under section 401(2) within the Commission's complaint jurisdiction.

Bill language concerning the Commission's revised complaint authority was at least twice amended before the 2006 Act was finally enacted at the end of the 109th Congress. Bills in the 107th and 108th Congresses would have broadly vested the Commission with jurisdiction over complaints that "the Postal Service is not operating in conformance

---

[5] *See* 151 Cong. Rec. 17,566 (July 26, 2005) (statement of Sen. Jeff Sessions) ("This bill would transform today's Postal Rate Commission into the Postal Regulatory Commission and give it [] the authority to ensure that the Postal Service as an efficient and responsible operation in the 21st Century environment exists. It would … give the Regulatory Commission the authority to punish the Postal Service for any noncompliance."); 151 Cong. Rec. 17,610 (July 26, 2005) (statement of Rep. Tom Davis) ("This act will rename the Postal Rate Commission the Postal Regulatory Commission and give it teeth by granting it … a broader scope for regulation and oversight."); 152 Cong. Rec. 23,303 (Dec. 8, 2006) (statement of Rep. Danny Davis) (explaining that bill "will go a long way towards helping the postal service to better serve its customers"); *id.* at 23,305 (statement of Rep. Tom Davis) (describing Postal Regulatory Commission as "a powerful new regulator to oversee operations").

with the requirements of *chapter 1, 4, or 6, or this chapter* (or regulations promulgated under any of those chapters)." S. 2468, 108th Cong. § 205 (2004) (emphasis added); *see also* H.R. 4341, 108th Cong. § 205 (2004) (same); H.R. 4970, 107th Cong. § 205 (2002) (same). The initial Senate bill in the 109th Congress contained that same language. *See* S. 662, 109th Cong. § 205 (as introduced Mar. 17, 2005). The initial House bill in the 109th Congress did as well, *see* H.R. 22, 109th Cong. § 205 (as introduced Jan. 4, 2005), and it was passed by the House with that language intact, *see* H.R. 22, 109th Cong. § 205 (engrossed in House July 26, 2005).

But subsequent amendments narrowed the scope of the Commission's expanded complaint jurisdiction. In February 2006, an approved floor amendment modified the Senate bill to provide the Commission with complaint jurisdiction over more precisely enumerated provisions. *See* S. Amend. 2750 to S. 662, 109th Cong. (Feb. 9, 2006) (amendment proposed by Sen. William Frist on behalf of Sen. Susan Collins). Specifically, rather than authorizing complaints for alleged violations of "*chapter 1, 4, or 6, or this chapter* (or regulations promulgated under any of those chapters)," S. 662, 109th Cong. § 205 (as

introduced Mar. 17, 2005) (emphasis added), the text would now authorize complaints only for alleged violations of "the provisions of *chapter 1 (except section 101(c)), sections 401, 403, 404, 404a, 601*, *or this chapter* (or regulations promulgated under any of those provisions)," S. 662, 109th Cong. § 205 (as amended Feb. 9, 2006) (emphasis added).

Thus narrowed, the bill now specifically referenced "section[] 401." And it retained the parenthetical providing that violations of "regulations promulgated under any of" the enumerated sections were also a basis for complaint. The version of the bill containing this amended language then passed the Senate by unanimous consent, with the Senate striking the text of H.R. 22 and substituting the text of S. 662 as amended. *See* H.R. 22, 109th Cong. § 205 (engrossed amendment in Senate Feb. 9, 2006).

A further narrowing then occurred in conference. As reflected in H.R. 6407, the compromise bill introduced in December 2006 (which ultimately became the 2006 Act), section 3662 would now authorize complaints only about violations of "the *provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter* (or regulations promulgated under any of those provisions).*" H.R. 6407, 109th Cong. § 205 (as introduced Dec. 7, 2006) (emphasis added). As compared to the amended

Senate bill, the reference to "chapter 1 (except section 101(c))" was narrowed to "101(d)"; the reference to section "403" was refined to section "403(c)"; the reference to section 404 was omitted; and, of most relevance here, the reference to section "401" was pinpointed specifically to section "401(2)." Congress thus specifically targeted the Postal Service's rulemaking authority under 39 U.S.C. § 401(2) and again retained the parenthetical phrase expressly providing that "regulations promulgated under *any* of those provisions" were included. *Id.* (emphasis added).

As that history reflects, both the inclusion of section 401(2) and of "regulations promulgated under" (*inter alia*) section 401(2) were the subject of specific attention during the legislative process. Commission review of complaints alleging Postal Service regulatory violations was thus very much a part of the legislative plan.

II. **THE COMMISSION ERRED IN DISMISSING THE FIRST CLAIM IN MR. EDWARDS' COMPLAINT.**

A. **The Commission has jurisdiction over Mr. Edwards' complaint that the Postal Service violated its Postal Operations Manual.**

Applying the foregoing principles, the Commission has jurisdiction to review Mr. Edwards' complaint that the Postal Service violated Postal

Operations Manual (POM) § 631.81 by discontinuing its home delivery of oversized packages without his consent.

To begin, the Postal Service's Postal Operations Manual is a regulation promulgated under section 401(2). Section 401(2) empowers the Postal Service "to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title." 39 U.S.C. § 401(2). The Postal Operations Manual is one such regulation. *Eagle Tr. Fund v. U.S. Postal Serv.*, 365 F. Supp. 3d 57, 68 (D.D.C. 2019), *aff'd*, 811 F. App'x 669 (D.C. Cir. 2020). Indeed, another Postal Service regulation expressly classifies the Postal Operations Manual as one of "[t]he regulations of the Postal Service," among other identified resolutions, standards, and manuals. 39 C.F.R. § 211.2(a)(1).

The Postal Service has not disputed that POM § 631.81 is a regulation promulgated under section 401(2). Instead, the crux of the Postal Service's argument is that the Commission lacks jurisdiction because Mr. Edwards alleges that the Postal Service "violated its own regulation" rather than the statute. J.A. 19. But as explained above, the

Postal Service's violation of its own regulations is plainly within the scope of section 3662(a).

Mr. Edwards' complaint falls within that jurisdiction. Mr. Edwards maintains that the Postal Service is "not operating in conformance with the requirements of … a regulation[] promulgated under" section "401(2)," 39 U.S.C. § 3662(a), insofar as the Postal Service allegedly violated POM § 631.81 by stopping delivery of oversized packages to his residence without his consent. *See* J.A. 2–3.

And Mr. Edwards has, at minimum, stated a plausible claim. Section 631.81 of the POM provides that if "an improper mode of delivery is established or extended by a postal carrier or manager" and if "the error is not detected and the customer is not notified within one (1) year of the date delivery is established or extended, the improper service remains in place unless the customer consents to the delivery mode change." J.A. 135 (POM § 631.81).

It is undisputed that Mr. Edwards received deliveries of oversized packages directly to his residence for over two years, from at least December 2019 to March 2022. J.A. 2, 211. Even if that mode of delivery was improper, under POM § 631.81, the Postal Service was required to

obtain Mr. Edwards' consent before it stopped delivering the oversized packages to his residence. But Mr. Edwards alleges that the Postal Service stopped door delivery of oversized packages to Mr. Edwards' residence without the consent required by POM § 631.81. J.A. 2–3. Even the Commission's Presiding Officer observed that "Edwards' evidence on this point seems fairly strong," J.A. 205, and "the Postal Service appears not to have followed its own internal policies," J.A. 183; *see also* J.A. 229, 241 (Order No. 7552) (acknowledging same evidence).[6] The Commission should adjudicate that complaint. *Cf.* 39 U.S.C. § 3662(a); 39 C.F.R. pt. 3022.

## B. The Commission's contrary interpretation of Section 3662(a) is incorrect.

The Commission erred by declining to adjudicate Mr. Edwards' claim alleging Postal Service's violation of POM § 631.81.

In dismissing that claim, the Commission reaffirmed its view that, with respect to claims implicating section 401(2), it has jurisdiction under

---

[6] The Presiding Officer reasoned that he could not directly "entertain [that] claim," because "the Commission has already determined that it lacks jurisdiction over Edwards' claims alleging violations of the POM," but considered the Postal Service's apparent violation of POM § 631.81 to be relevant evidence under the section 403(c) analysis. J.A. 205-06.

39 U.S.C. § 3662(a) to address claims that the Postal Service has "adopt[ed], amend[ed], or repeal[ed] rules or regulations inconsistent with title 39," but does not have jurisdiction to address claims of "the Postal Service's alleged noncompliance with its own [validly promulgated] regulations." J.A. 74–75. In so doing, the Commission adhered to the same conclusion reached in many of its prior decisions.[7]

---

[7] *See, e.g.*, Order No. 6880 at 12, Compl. of Postal Customer, No. C2023-11 (Dec. 19, 2023) (applying "Commission precedent" concluding "that a complainant must identify a rule or regulation promulgated by the Postal Service that is inconsistent with title 39 to invoke the Commission's complaint jurisdiction under section 401(2)"); *see also* Order No. 7884 at 14–15, Compl. of Cook-Coll LLC, et al., No. C2024-21 (Nov. 4, 2024); Order No. 7507 at 7–8, Compl. of Sai, et al., No. C2024-13 (Sept. 12, 2024); Order No. 2687 at 18, Compl. of Frederick Foster, No. C2015-3 (Aug. 26, 2015); Order No. 2585 at 9–10, Compl. of James D. Goodman, et al., No. C2015-2 (July 15, 2015); Order No. 2377 at 6–7, Compl. of Ctr. for Art & Mindfulness, Inc., et al., No. C2015-1 (Mar. 4, 2015); Order No. 471 at 3, Compl. of Lance P. McDermott, No. C2010-2 (June 11, 2010) (all concluding that Commission lacks jurisdiction to hear complaints for violation of regulations issued under section 401(2)). *But see* Order No. 1327 at 6–13, Compl. of City and County of San Francisco, No. C2011-2 (May 1, 2012) (adjudicating merits of claim that Postal Service violated requirements of allegedly applicable regulation). *Cf.* Order No. 8827 at 6–7, Compl. of Copper Beech Townhome Cmtys., et al., No. C2025-7 (May 1, 2025) (staying regulatory-violation claims pending decision in this case); Order No. 9425 at 1–2, Compl. of Cook-Coll LLC, et al., No. C2024-21 (Jan. 9, 2026) (same).

That interpretation is erroneous for numerous reasons. It contravenes the plain text of section 3662(a), and it is at odds with the Commission's own assumption of authority to address complaints of Postal Service regulatory noncompliance under informal procedures. The Commission's interpretation is also contrary to fundamental administrative-law principles. And it cannot be justified by policy considerations.

1.  **The Commission's complaint jurisdiction is not textually limited to "issues of broad applicability."**

First, the Commission's interpretation ignores the plain text of the statute. As explained, section 3662(a) allows complaints not only when a person "believes the Postal Service is not operating in conformance with the requirements of … section[] … 401(2)," but also when "the Postal Service is not operating in conformance with the requirements … of regulations promulgated under" that statutory provision. 39 U.S.C. § 3662(a). Nothing in the text of section 3662(a) restricts complaints only to violations of section 401(2) itself, *i.e.*, to rulemaking actions that are not statutorily authorized. Rather, by encompassing both statutory provisions as well as "regulations promulgated under" those provisions,

43

the text of section 3662(a) embraces complaints *both* about invalid regulations *and* about violations of valid ones.  *See supra* pp. 26–32.

In seeking to justify its contrary interpretation, the Commission has suggested that Congress intended for its section 401(2)-related complaint jurisdiction to be limited only to "issues of broad applicability." 73 Fed. Reg. at 51,889; *see also* Order No. 6880 at 11–12, Compl. of Postal Customer, No. C2023-11 (Dec. 19, 2023) (same).  That suggestion fails at multiple levels.

First, the Commission's distinction between one-off issues and "issues of broad applicability" does not logically support different jurisdictional treatment for statutory and regulatory violations.  For example, if the Postal Service consistently flouted one of its regulations in a way prejudicing customers nationwide, that would certainly present an "issue[] of broad applicability," yet it would still not be actionable under the Commission's interpretation of section 3662(a).  Conversely, even the Commission itself acknowledges that, where a direct statutory violation is alleged, its "complaint jurisdiction extends to the application of Postal Service policies to individual customers" even if the particular dispute in question has no broader relevance.  J.A. 96.

Second, and just as importantly, the purported jurisdictional limitation to reviewing only "issues of broad applicability" appears nowhere in the text of the statute. As discussed, the text of section 3662(a) specifically provides that the Commission may review complaints by "[a]ny interested person" that the Postal Service is "not operating in conformance with" the requirements of section 401(2) or regulations promulgated under this provision. 39 U.S.C. § 3662(a). The text of section 3662(a) nowhere mentions that the Commission's jurisdiction is confined to "issues of broad applicability," such as by suggesting that the grievance at issue must be shared by more than one "interested person." Statutory interpretation "must … ultimately heed[] what a statute actually says." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).[8]

The Commission nonetheless purported to derive such a limitation from its "explor[ation] [of] the commonalities of the[] statutory provisions" included in section 3662(a). 73 Fed. Reg. at 51,889. In the

---

[8] Similarly, the broadly worded heading that Congress enacted for section 3662, "Rate and service complaints," in no way suggests that only complaints concerning issues of broad applicability would be actionable under the statute. *Cf. Rudisill v. McDonough*, 601 U.S. 294, 309 (2024) ("[S]ection headings … 'supply cues' as to what Congress intended ….").

Commission's view, because certain other provisions enumerated in section 3662(a)—chapter 36 and section 101(d)—deal with rates and services that by their nature "affect[] a significant number of individuals, represent[] a pattern or practice, or impact[] a substantial region of the nation," Congress intended that complaints related to those sections be limited to issues of broad applicability. *Id.* The Commission also found it meaningful that Congress had not included section 101(a), which "requires the Postal Service to 'provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities,'" as a basis for jurisdiction. 73 Fed. Reg. at 51,889 (quoting 39 U.S.C. § 101(a)). From this, the Commission concluded that complaints implicating section 401(2) should also be limited to issues of broad applicability.

But, even under the Commission's somewhat abstract analysis, that conclusion does not follow. The Commission itself recognized that certain provisions specified in section 3662 *do* contemplate consideration of individualized complaints; sections 403(c), 404a, and 601 "may raise issues relating to unfair competition" such that "individualized complaints would lie." *Id.* at 51,889–90. Indeed, the Commission

46

exercised jurisdiction over Mr. Edwards' third claim alleging a violation of section 403(c) despite the fact that the discrimination he alleged apparently put him in a class of one. *See* J.A. 75–78. The Commission also has provided no basis for its assumption that section 401(2) shares more in common with chapter 36 and section 101(d) than with sections 403(c), 404a, and 601. Section 401(2) is a broad grant of rulemaking authority, and the proper conclusion to draw from Congress's express inclusion of that particular provision is that the Commission's review of complaints under section 401(2)—and "regulations promulgated [there]under"—might concern both questions of broad applicability and individualized complaints.

Moreover, insofar as the Commission relied upon negative inferences drawn from the exclusion of section 101(a) from section 3662(a)'s enumerated provisions, that inference is unwarranted. Section 101(a) provides only a broad and amorphous directive to the Postal Service, and Congress quite reasonably excluded complaints about that directive from the Commission's jurisdiction. Regulations promulgated under section 401(2), by contrast, provide concrete rules the Postal Service itself has promulgated and committed to following. The

Commission can readily adjudicate whether the Postal Service's actions are in compliance with those self-selected, binding rules.

In all events, "the text of a law controls over purported legislative intentions unmoored from any statutory text." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 815 (2024) (quoting *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022)). The Commission errs by seeking to "replace the actual text with speculation as to Congress' intent." *Id.* (quoting *Castro-Huerta*, 597 U.S. at 642).

### 2. The Commission's narrow interpretation cannot be squared with its broad exercise of jurisdiction under its "two-tiered approach."

The Commission's artificially narrow interpretation of section 3662(a) is also in significant tension with its assumption of authority to address isolated service-related complaints under 39 C.F.R. Part 3023.

As discussed (*supra* pp. 10–13), even as the Commission has disclaimed authority to address regulatory violations under section 3662(a), the Commission has also created a regulatory architecture that in effect addresses such disputes under Part 3023, "Rules for Rate or Service Inquiries." Those procedures allow members of the public to submit informal complaints to the Commission, which are then routed to

48

the Postal Service for resolution. *See* 39 C.F.R. § 3023.11. Even formal complaints can be rerouted to that process in the Commission's discretion. *Id.* § 3022.13. Among the kinds of complaints that the Commission has sought to resolve through the rate-or-service-inquiry process are complaints that the Postal Service has departed from regulatory requirements.[9] *See, e.g.*, Order No. 8370 at 13, 15–16, Compl. of Ken Ross, No. C2025-3 (Dec. 18, 2024) (converting complaint that the "Postal Service's refusal to deliver legitimate mail does not comply with the Postal Service regulations" to a rate-or-service inquiry); Order No. 2585 at 9–10, Compl. of James D. Goodman, et al., No. C2015-2 (July 15, 2015) (similarly referring claim of regulatory violation to Postal Service despite having disclaimed jurisdiction). In practice, then, the Commission has reclaimed at least some of the responsibility that it has disavowed under section 3662(a): it exercises authority to accept complaints about Postal Service regulatory noncompliance as an informal "rate or service inquiry," but not as a formal complaint.

---

[9] As noted (*supra* p. 15 n.2), it appears that Mr. Edwards's first submission to the Commission was treated in that fashion.

It is no answer that the Commission has stated that its authority to create this informal alternative rests on 39 U.S.C. § 503, the Commission's general rulemaking authority.[10]  *See* 73 Fed. Reg. at 51,890 ("39 U.S.C. 503 allows the Commission to promulgate these regulations to carry out its enhanced responsibilities under the [2006 Act]."). It is questionable whether section 503 can properly be read to authorize the Commission to adjudicate complaints against the Postal Service as to matters that, in the Commission's view, Congress declined to authorize in section 3662(a). "[I]t is well established that an agency may not circumvent specific statutory limits on its actions by relying on separate, general rulemaking authority." *Air All. Houston v. EPA*, 906 F.3d 1049, 1061 (D.C. Cir. 2018); *see also Colo. River Indian Tribes v. Nat'l Indian Gaming Comm'n*, 466 F.3d 134, 139–40 (D.C. Cir. 2006) ("Agencies are … 'bound, not only by the ultimate purposes Congress has selected, but by the means it has deemed appropriate ….'" (quoting *MCI Telecomms.*

---

[10] Section 503, enacted in the 2006 Act, provides that the Commission "shall promulgate rules and regulations and establish procedures, subject to chapters 5 and 7 of title 5, and take any other action they deem necessary and proper to carry out their functions and obligations … as prescribed under this title."  39 U.S.C. § 503.

*Corp. v. AT&T*, 512 U.S. 218, 231 n.4 (1994)); *see generally Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 328 (2014) ("Agencies are not free to 'adopt … unreasonable interpretations of statutory provisions and then edit other[s] … to mitigate the unreasonableness." (first alteration in original)).

That is not to say that the Commission cannot promulgate informal-complaint procedures or that its current rate-or-service-inquiry procedures are invalid. Mr. Edwards has not challenged them here. But to the extent the Commission is authorized to entertain claims (even informally) that the Postal Service has failed to comply with its own regulations, that authority almost certainly must rest in part on section 3662(a). In other words, although the Commission is entirely correct that Congress intended to empower the Commission to address Postal Service regulatory noncompliance, the authority to do so lies squarely in section 3662(a), not in section 503.

3.  **The Commission's interpretation is contrary to the *Accardi* principle and the strong presumption of judicial review.**

The Commission's interpretation also cuts against the grain of multiple, foundational administrative law principles. Under the

51

Commission's approach, there exists no forum for addressing the Postal Service's regulatory violations. *See* J.A. 244 (conceding an "apparent lack of redressability over claims that the Postal Service is not following its own regulations"). But Congress expects agencies to comply with their own regulations, and their failures to do so are ordinarily reviewable. And the administrative adjudication of such matters is, in turn, presumptively subject to judicial review.

**a.** Absent the Commission's ability to review complaints alleging violations of regulations promulgated under section 401(2), no court or agency (other than the Postal Service itself) would be empowered to remedy such violations. As discussed, Congress has precluded APA review for the Postal Service's administrative actions. *See* 39 U.S.C. § 410(a). Claims that the Postal Service has acted arbitrarily and capriciously by disregarding its own regulations thus cannot be brought in federal district court.[11]

---

[11] Even though APA review is precluded, courts generally may adjudicate claims that the Postal Service has acted *ultra vires, i.e.,* "in excess of its statutory authority." *Northern Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 858 (D.C. Cir. 2012); *see also Mittleman v. Postal Regul. Comm'n*, 757 F.3d 304, 307 (D.C. Cir. 2014); *Aid Ass'n for Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1168 (D.C. Cir. 2003). But such claims are available

Federal courts have also concluded, wholly apart from the preclusion of APA review, that their authority to adjudicate claims involving service complaints is impliedly precluded by 39 U.S.C. § 3662. Even before the 2006 Act, for "common dispute[s] over rates and services," courts concluded that Congress "placed authority over such matters in the Postal Rate Commission," *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006), and that no "private right of action for service complaints" would lie in federal court, *Bovard v. U.S. Post Off.*, 47 F.3d 1178, 1995 WL 74678, at *1 (10th Cir. 1995) (unpublished); *see id.* ("The language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission.").[12]

---

only where an agency has violated a statute, not when it has violated its own rules. *See, e.g.*, *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 763-65 (D.C. Cir. 2022); *Eagle Tr. Fund v. U.S. Postal Serv.*, 811 F. App'x 669, 670 (D.C. Cir. 2020). In practice, the Commission's conclusion that it can only adjudicate alleged violations of section 401(2) itself, but not of regulations promulgated under section 401(2), would cause its jurisdiction to overlap with (and thus add nothing to) the *ultra vires* review already available.

[12] *See also, e.g.*, *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548–49 (S.D.N.Y.1985); *Vill. of Niles v. U.S. Postal Serv.*, No. 84-C-10102, 1985 WL 2900, at *3 (N.D. Ill. Sept. 30, 1985); *Tedesco v. U.S.*

Following the 2006 Act, courts have likewise almost uniformly concluded that the Commission's jurisdiction over service complaints remains "exclusive." *See, e.g.*, *Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir. 2013) (finding nothing in the 2006 Act that "eliminated the exclusive jurisdiction" of the Commission over "claims enumerated in § 3662"); *Erickson v. U.S. Post Off.*, 250 F. App'x 757, 758–59 (8th Cir. 2007) ("[T]he Postal Regulatory Commission has exclusive jurisdiction over [plaintiff's] claims regarding postal rates and services."); *Pep-Wku, LLC v. U.S. Postal Serv.*, No. 1:20-CV-00009-GNS, 2020 WL 2090514, at *3 (W.D. Ky. Apr. 30, 2020) (collecting a "plethora of authority" on this topic).[13] *But see Southern Cal. Edison v. U.S. Postal*

---

*Postal Serv.*, 553 F. Supp. 1387, 1390 (W.D. Pa. 1983); *Martin v. Sloan*, 432 F. Supp. 616, 617-18 (W.D.N.C. 1977).

[13] *See also, e.g., Rapid Enters., LLC v. U.S. Postal Serv.*, No. 24-4041, 2025 WL 1644543, at *2–3 (10th Cir. June 10, 2025); *White v. U.S. Post Off.*, No. 23-1239, 2024 WL 2973705, at *3 (10th Cir. June 13, 2024); *Klein v. U.S. Postal Serv.*, No. 1:24-CV-00672, 2025 WL 3005266, at *2-4 (S.D. Ohio Oct. 27, 2025); *Bankhouse v. United States*, No. SA-21-CV-00742-FB, 2022 WL 817886, at *5-6 (W.D. Tex. Mar. 15, 2022), *report and recommendation adopted*, 2022 WL 2760535 (W.D. Tex. Apr. 5, 2022); *Pep-Wku, LLC v. U.S. Postal Serv.*, No. 1:20-CV-0009, 2020 WL 2090514, at *2 (W.D. Ky. Apr. 30, 2020) (collecting additional cases).

*Serv.*, 134 F. Supp. 3d 311, 318 (D.D.C. 2015) (finding that section 3662(a) "does not necessarily grant *exclusive* jurisdiction to the PRC").

Courts have taken a broad view of the scope of this "exclusive" jurisdiction, reasoning that, however a plaintiff's claims may be styled, "complaints about how the Postal Service holds and delivers mail are inherently mail service claims that fall under § 3662(a)." *White*, 2024 WL 2973705, at *2 (cleaned up). That has included claims that the Postal Service has violated its own regulations. *See, e.g.*, *Pontefract v. Fed. Bureau of Prisons*, No. 23-3142, 2024 WL 5055838, at *3 (3d Cir. Dec. 10, 2024) (concluding that jurisdiction to hear claims that "USPS agents have failed to comply with USPS regulations ... lies exclusively with the Postal Regulatory Commission"); *Richter v. U.S. Postal Serv.*, No. 8:14CV71, 2014 WL 12577098, at *7 (D. Neb. July 16, 2014) (similarly concluding that "Commission has exclusive jurisdiction to hear complaints" about nonadherence to "postal rules and regulations"), *report and recommendation adopted,* No. 8:14CV71, 2014 WL 12577099 (D. Neb. Aug. 13, 2014); *see also Glover v. Thompson*, No. 20-10313, 2022 WL 2405362, at *4 (E.D. Mich. Jan. 11, 2022) (surmising that plaintiff's claim "regarding how his package was treated" was actionable before

55

Commission and could "fall under … section 401(2)"), *report and recommendation adopted*, No. 1:20-CV-10313, 2022 WL 2703947 (E.D. Mich. July 12, 2022).

Notably, the Postal Service has repeatedly urged courts to dismiss such lawsuits on the understanding that the Commission is the proper forum to address them. *See* J.A. 244–46 & n.22 (discussing this Postal Service tactic). In the district court action brought by Mr. Edwards, for instance, the Postal Service argued that his claim based upon POM § 631.81 "can best be described as a service-related complaint with respect to delivery of oversized packages." J.A. 42–43. It urged that "Congress created the Postal Regulatory Commission as the exclusive forum for an individual's complaints about the delivery of mail," and in turn "limited jurisdiction for review of PRC decisions to the D.C. Circuit Court of Appeals." J.A. 59. Yet, before the Commission, the Postal Service takes the position that the Commission lacks statutory authority to adjudicate such claims at all. *See, e.g.*, J.A. 16–20. The Postal Service thus invites courts to steer plaintiffs to the Commission despite knowing that the Commission will claim to lack authority to provide relief. This

state of affairs is, as the Commission acknowledged, "concerning." J.A. 245–46.[14]

**b.** Given that federal courts cannot hear claims about service complaints or the Postal Service's regulatory violations, the practical outcome of the Commission's interpretation is to render the Postal Service's noncompliance with its regulations entirely unreviewable. *See* J.A. 244 (recognizing "apparent lack of redressability" over such claims). Core administrative-law principles weigh strongly against that result.

Agencies cannot violate their regulations with impunity. Under the longstanding "*Accardi* principle," derived from *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), "agencies may not violate their own rules and regulations to the prejudice of others." *Battle v. FAA*, 393 F.3d 1330, 1336 (D.C. Cir. 2005); *see also, e.g.*, *Castaneira v. Noem*, 138 F.4th 540, 550–51 (D.C. Cir. 2025) ("[I]t is a familiar rule of

---

[14] The Commission hypothesized that Mr. Edwards could again sue in district court to compel the Postal Service's compliance with its own regulations under a mandamus theory. J.A. 246. It is doubtful the Postal Service would agree that such a suit is proper, given that such a claim would effectively seek to "compel agency action unlawfully withheld," 5 U.S.C. § 706(1), and Congress has foreclosed APA review, *see* 39 U.S.C. § 410(a).

administrative law that an agency must abide by its own regulations.");

*Steenholdt v. FAA*, 314 F.3d 633, 639 (2003) ("The *Accardi* doctrine requires federal agencies to follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions."). That principle applies with full force here; Mr. Edwards has been "prejudice[d]" by the failure to obtain his consent before termination of delivery service, as Postal Service regulations require. *Battle*, 393 F.3d at 1336.

This outcome is also inconsistent with the "'strong presumption' favoring judicial review of administrative action." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 486 (2015) (quoting *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 671 (1986)). Following Congress's revisions to section 3662(a) under the 2006 Act, judicial review of Postal Service's operations is no longer entirely cut off, but instead channeled through the Commission in the first instance. Once the Commission issues its final order under section 3662(a), the aggrieved party can then obtain this Court's review under section 3663, under appropriately deferential APA standards. But if it were right that Mr. Edwards' claim does not fall within section 3662(a), it also means he could not obtain any ultimate

judicial review.  To the extent section 3662(a) can reasonably be read not to foreclose judicial review, this Court should adopt that interpretation.

### 4. Practical considerations do not justify the Commission's reading.

The Commission's interpretation also appears grounded in part on its "belie[f] that it is appropriate to focus more of its limited resources on important issues … with broad implications or unfair competition issues, and less of its resources on issues that can more easily be remedied by postal management on a local level."  74 Fed. Reg. at 16,735.  Those concerns are misplaced.

As an initial matter, practical considerations cannot justify departing from what is otherwise the best reading of the statute.  As the Supreme Court has repeatedly explained, "pleas of administrative inconvenience … never 'justify departing from the statute's clear text.'"  *Corner Post*, 603 U.S. at 803 (quoting *Niz-Chavez v. Garland*, 593 U.S. 155, 169 (2021)); *see also Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 284 (2024) ("[A] 'parade of horribles' argument generally cannot 'surmount the plain language of the statute.'").  If an agency finds a statute difficult to administer, it can prioritize its resources, exercise enforcement discretion within statutory bounds, seek additional

appropriations, or even ask for legislative change. But what it cannot do is disclaim its statutory jurisdiction.

In fact, as earlier discussed (*supra* pp. 10–13, 48–50), the Commission has already devised an infrastructure that may provide a suitable starting point for prioritizing among complaints brought under section 3662(a). Under its "two-tiered approach," "rate or service matters that are isolated incidents affecting few mail users" can be initially routed to the Postal Service for its attention. 39 C.F.R. § 3022.13(a). In many instances, that referral can be expected to resolve the matter.

The inquiry procedure would presumably become even more effective at resolving regulatory violations once it is confirmed that the Postal Service will otherwise have to defend itself before the Commission. *See* 39 C.F.R. § 3023.12. In this case, the Commission's Presiding Officer criticized "Postal Service management" for failing to take "simple action" to correct the Postal Service's regulatory failures, J.A. 183), and for declaring those failures to be "'immaterial'" in light of the Commission's asserted lack of jurisdiction, J.A. 224. Here, as elsewhere, alternative dispute resolution is more likely to succeed when it is clear that the alternative is adjudication. *Cf. Mach Mining*, 575 U.S. at 489 ("Congress

knows[] that legal lapses and violations occur, and especially so when they have no consequence").

It is conceivable that some changes to the Part 3023 procedures may be required to fully harmonize them with section 3662(a).[15] But from the outset, the Commission has contemplated that, even its current form, Part 3023 can lawfully be used to address at least some section 3662(a) complaints. *See* 74 Fed. Reg. at 16,736 (discussing this scenario).

Moreover, section 3662(a) allows a fair degree of discretion. The statute only requires the Commission to "begin proceedings" on a complaint to the extent that it "raises material issues of fact or law," 39 U.S.C. § 3662(b)(1)(A)(i), and this Court's precedent makes clear that the Commission has at least some discretion to decide what is "material," *see Am. Postal Workers Union, AFL-CIO v. Postal Regul. Comm'n*, 842 F.3d 711, 719–20 (D.C. Cir. 2016). And, should it wish to do so, the Commission could develop particular procedures for addressing the

---

[15] The Commission itself has anticipated that its regulatory procedures may warrant updating over time. *See* 74 Fed. Reg. at 16,734 (stating expectation that two-tiered system would "evolve as the Commission grows more familiar with the types of issues that it may be asked to consider").

Postal Service's alleged regulatory violations, just as it enjoys rulemaking authority to implement other aspects of its section 3662(a) jurisdiction. *See* 39 U.S.C. §§ 503, 3662(a).

Finally, insofar as a faithful reading of the statutory text would generate more work for the Commission, that is a feature rather than a bug. Congress reconstituted the Commission and expanded its powers in the 2006 Act precisely in order to provide better oversight of the Postal Service's operations. Congress thus adjudged that it was no longer sufficient for the Postal Service to "police its own conduct." *Mach Mining*, 575 U.S. at 486. Rather, through Commission review, "[t]he Postal Service should be accessible and the public should be able to see how the Postal Service handles issues that arise with customers." 74 Fed. Reg. at 16,735. This Court should give effect to Congress's legislative instructions and direct it to adjudicate Mr. Edwards' claim.

# CONCLUSION

With respect to Mr. Edwards' claim premised on violations of POM § 631.81, the Court should grant the petition for review, vacate the Commission's orders to the extent they dismissed that claim for lack of jurisdiction, and remand to the Commission for further proceedings. The Court-appointed *amicus* takes no position on Mr. Edwards' other arguments.

Respectfully submitted,

*/s/* Jeffrey E. Sandberg
Jeffrey E. Sandberg
Kathleen Choi
Cameron Bakkar
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
jsandberg@cov.com

*Counsel for Court-Appointed* Amicus Curiae *in Support of Petitioner*

January 29, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that the foregoing brief complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the brief contains 12,418 words. I further certify that the brief complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Century Schoolbook font.

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg

*Court-Appointed* Amicus Curiae
*in Support of Petitioner*

January 29, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, I caused copies of the foregoing brief to be served by the Court's CM/ECF system, which will send a notice of the filing to all registered CM/ECF users.

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg

*Court-Appointed* Amicus Curiae
*in Support of Petitioner*

January 29, 2026

# ADDENDUM

# ADDENDUM CONTENTS

39 U.S.C. § 401.................................................................. Add. 1

39 U.S.C. § 503.................................................................. Add. 1

39 U.S.C. § 3662............................................................... Add. 2

39 U.S.C. § 3663............................................................... Add. 3

39 C.F.R. part 3022 ......................................................... Add. 4

39 C.F.R. part 3023 ....................................................... Add. 10

**39 U.S.C. § 401—General powers of the Postal Service.**

Subject to the provisions of section 404a, the Postal Service shall have the following general powers:

. . .

 **(2)** to adopt, amend, and repeal such rules and regulations, not inconsistent with this title, as may be necessary in the execution of its functions under this title and such other functions as may be assigned to the Postal Service under any provisions of law outside of this title;

 . . . .

---

**39 U.S.C. § 503—Rules; regulations; procedures.**

The Postal Regulatory Commission shall promulgate rules and regulations and establish procedures, subject to chapters 5 and 7 of title 5, and take any other action they deem necessary and proper to carry out their functions and obligations to the Government of the United States and the people as prescribed under this title. Such rules, regulations, procedures, and actions shall not be subject to any change or supervision by the Postal Service.

---

**39 U.S.C. § 3662—Rate and service complaints.**

**(a) In General.—**

Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

**(b)Prompt Response Required.—**

> **(1) In general**.—The Postal Regulatory Commission shall, within 90 days after receiving a complaint under subsection (a)—
>> **(A)** either—
>>> **(i)** upon a finding that such complaint raises material issues of fact or law, begin proceedings on such complaint; or
>>> **(ii)** issue an order dismissing the complaint; and
>> **(B)** with respect to any action taken under subparagraph (A)(i) or (ii), issue a written statement setting forth the bases of its determination.

> **(2) Treatment of complaints not timely acted on**.—
> For purposes of section 3663, any complaint under subsection (a) on which the Commission fails to act in the time and manner required by paragraph (1) shall be treated in the same way as if it had been dismissed pursuant to an order issued by the Commission on the last day allowable for the issuance of such order under paragraph (1).

**(c) Action Required if Complaint Found To Be Justified**.—

If the Postal Regulatory Commission finds the complaint to be justified, it shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance (such as ordering unlawful rates to be adjusted to lawful levels, ordering the cancellation of market tests, ordering the Postal Service to discontinue providing loss-making products, or requiring the Postal Service to make up for revenue shortfalls in competitive products).

**(d)Authority To Order Fines in Cases of Deliberate Noncompliance**.—

In addition, in cases of deliberate noncompliance by the Postal Service with the requirements of this title, the Postal Regulatory Commission may order, based on the nature, circumstances, extent, and seriousness of the noncompliance, a fine (in the amount specified by the Commission in its order) for each incidence of noncompliance. Fines resulting from the provision of competitive products shall be paid from the Competitive Products Fund established in section 2011. All receipts from fines imposed under this subsection shall be deposited in the general fund of the Treasury of the United States.

---

**39 U.S.C. § 3663—Appellate review.**

A person, including the Postal Service, adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission may, within 30 days after such order or decision becomes final, institute proceedings for review thereof by filing a petition in the United States Court of Appeals for the District of Columbia. The court shall review the order or decision in accordance with section 706 of title 5, and chapter 158 and section 2112 of title 28, on the basis of the record before the Commission.

This content is from the eCFR and is authoritative but unofficial.

**Title 39 —Postal Service**
**Chapter III —Postal Regulatory Commission**
**Subchapter D —Special Rules of Practice for Specific Proceeding Types**

**Part 3022**  Rules for Complaints
   **Subpart A**  General
      **§ 3022.1**  Applicability.
      **§ 3022.2**  Scope and nature of complaints.
   **Subpart B**  Form and Manner Requirements of Initial Pleadings
      **§ 3022.10**  Complaint contents.
      **§ 3022.11**  Service.
      **§ 3022.12**  Pleadings filed in response to a complaint.
      **§ 3022.13**  Conditions for applying rate or service inquiry procedures to complaints.
      **§ 3022.14**  Answer contents.
   **Subpart C**  Supplemental Information
      **§ 3022.20**  Sufficiency of information.
      **§ 3022.21**  Investigator.
   **Subpart D**  Proceedings
      **§ 3022.30**  Beginning proceedings on complaints.
   **Subpart E**  Settlement
      **§ 3022.40**  Policy on settlement.
      **§ 3022.41**  Satisfaction.
   **Subpart F**  Commission Determinations and Relief
      **§ 3022.50**  Remedies.

# PART 3022—RULES FOR COMPLAINTS

**Authority:**  39 U.S.C. 503; 3662.

**Source:**  74 FR 16744, Apr. 10, 2009, unless otherwise noted. Redesignated at 85 FR 9615, Feb. 19, 2020.

## Subpart A—General

## § 3022.1 Applicability.

(a) The rules in this part govern the procedure for complaints filed under 39 U.S.C. 3662 that meet the form and manner requirements of subpart B of this part. Part 3010 of this chapter applies unless otherwise stated in this part or otherwise ordered by the Commission.

(b)  Subpart E to part 3010 of this chapter does not apply to this part unless and until the Commission makes a finding under § 3022.30(a)(1) that the complaint raises material issues of fact or law and that the issues shall be considered through a hearing on the record.

[85 FR 9655, Feb. 19, 2020]

## § 3022.2 Scope and nature of complaints.

Any interested person (including a duly appointed officer of the Commission representing the interests of the general public) may file a written complaint with the Commission if that person believes that the Postal Service is not operating in conformance with:

(a)  The provisions of 39 U.S.C. chapter 36, or 39 U.S.C. 101(d), 401(2), 403(c), 404a, or 601; or

(b)  Any rule, order, or other regulatory requirement based on any of these statutory provisions.

## Subpart B—Form and Manner Requirements of Initial Pleadings

## § 3022.10 Complaint contents.

(a)  A complaint must:

(1)  Set forth the facts and circumstances that give rise to the complaint;

(2)  Clearly identify and explain how the Postal Service action or inaction violates applicable statutory standards or regulatory requirements including citations to the relied upon section or sections of title 39, order, regulation, or other regulatory requirements;

(3)  Set forth the business, commercial, economic or other issues presented by the action or inaction as such relate to the complainant;

(4)  Include a description of persons or classes of persons known or believed to be similarly affected by the issues involved in the complaint, if applicable;

(5)  State the nature of the evidentiary support that the complainant has or expects to obtain during discovery to support the facts alleged in the complaint;

(6)  Include an explanation as to why such facts could not reasonably be ascertained by the complainant where claims are premised on information and belief;

(7)  State whether the issues presented are pending in or have been resolved by an existing Commission proceeding or a proceeding in any other forum in which the complainant is a party; and if so, provide an explanation why timely resolution cannot be achieved in that forum;

(8)  State the specific relief or remedy requested and the basis for that relief; and

(9)  Include a certification that states that prior to filing, the complainant attempted to meet or confer with the Postal Service's general counsel to resolve or settle the complaint, why the complainant believes additional such steps would be inadequate, and the reasons for that belief; and

(10)  Include a certification that the complaint has been served on the United States Postal Service as required by § 3022.11.

(b) The Commission may waive any of the requirements listed in paragraph (a) of this section to serve the interests of justice.

*[74 FR 16744, Apr. 10, 2009, as amended at 85 FR 9655, Feb. 19, 2020]*

## § 3022.11 Service.

Any person filing a complaint must simultaneously serve a copy of the complaint on the Postal Service at this address: *PRCCOMPLAINTS@usps.gov.* A person without internet access may contact the Secretary to obtain approval for alternative methods of service.

*[85 FR 9655, Feb. 19, 2020]*

## § 3022.12 Pleadings filed in response to a complaint.

(a) Unless otherwise ordered by the Commission, the Postal Service shall file its answer to a complaint within 20 days after the complaint is filed.

(b) If appropriate, the Postal Service may file a dispositive motion or otherwise move to delay disposition of the complaint. If the Postal Service files such a motion, unless otherwise ordered by the Commission, the period of time for filing its answer is altered as follows:

 (1) If the Commission denies the motion or postpones disposition, the answer is due within 10 days of the Commission's action; or

 (2) If the Commission invokes the rate or service inquiry special procedures under § 3022.13 to the complaint, the answer is due contemporaneously with the Postal Service's report under § 3023.11 of this chapter if the complaint has not been resolved by that date.

(c) If the Postal Service answer is delayed by the filing of a motion under paragraph (b) of this section, it may not obtain a further delay by filing another motion under paragraph (b) of this section raising an issue or objection that was available to the Postal Service but omitted from its earlier motion.

*[74 FR 16744, Apr. 10, 2009, as amended at 85 FR 9656, Feb. 19, 2020]*

## § 3022.13 Conditions for applying rate or service inquiry procedures to complaints.

(a) This section applies to complaints that concern rate or service matters that are isolated incidents affecting few mail users provided that the complaint does not either:

 (1) Raise unfair competition issues;

 (2) Raise issues affecting a significant number of mail users;

 (3) Represent a pattern, practice, or systemic issue that affects a significant number of mail users (or is reasonably likely to be evidence that such a pattern has begun); or

 (4) Impact a substantial region of the nation.

(b) The Commission may in its discretion, *sua sponte,* attempt to resolve a complaint through the rate or service inquiry procedures of § 3023.11 of this chapter if the Commission finds that there is a reasonable likelihood that such procedures may result in resolution of the complaint. The Commission will issue an order to apply the procedures of § 3023.11 of this chapter prior to the due date for the Postal Service answer set forth in § 3022.12.

(c) If the Commission determines that application of paragraph (a) of this section is appropriate and the Postal Service is unable to resolve the complaint within 45 days, or such other period of time as ordered by the Commission, the Postal Service shall file its answer in accordance with § 3022.12(b)(2).

*[74 FR 16744, Apr. 10, 2009, as amended at 85 FR 9656, Feb. 19, 2020]*

## § 3022.14 Answer contents.

(a) An answer must:

(1) Contain a clear and concise statement of any disputed factual allegations upon which the answer relies;

(2) Contain a clear and concise statement of any legal interpretation upon which the answer relies;

(3) Admit or deny, specifically and with explanatory detail, each material factual allegation of the complaint. Denials based on information and belief must include an explanation as to why such facts could not reasonably be ascertained by the Postal Service prior to filing the answer. Each fact alleged in a complaint not thus specifically answered shall be deemed to have been admitted;

(4) Set forth every defense relied upon. The answer shall advise the complainant and the Commission fully and completely of the nature of any defense, including factual allegations and law upon which the Postal Service relies. Affirmative defenses shall be specifically captioned as such and presented separately from any denials;

(5) State the nature of the evidentiary support that the Postal Service has or expects to obtain to support its factual allegations and defenses; and

(6) Include a certification that states that prior to the filing of its answer, the Postal Service met or conferred with the complainant to resolve or settle the complaint, whether the Postal Service believes additional such steps would be inappropriate and the reasons for that belief.

(b) The Commission may waive any of the requirements listed in paragraph (a) of this section to serve the interests of justice.

## Subpart C—Supplemental Information

## § 3022.20 Sufficiency of information.

If, after review of the information submitted pursuant to this part, the Commission determines that additional information is necessary to enable it to evaluate whether the complaint raises material issues of fact or law, the Commission shall, in its discretion, either require the complainant and/or the Postal Service to provide additional information as deemed necessary, issue an appropriate order to appoint an investigator in accordance with § 3022.21, or do both.

*[85 FR 9656, Feb. 19, 2020]*

## § 3022.21 Investigator.

The Commission may appoint an investigator to examine issues raised by the complaint and responses thereto. The investigator will use appropriate due diligence under the circumstances and provide a public, written report to the Commission.

## Subpart D—Proceedings

## § 3022.30 Beginning proceedings on complaints.

(a) Within 90 days after receiving a properly filed complaint under this part, the Commission will issue:

    (1) A notice and order in accordance with § 3010.151 of this chapter that finds the complaint raises one or more material issues of fact or law and begin proceedings on the complaint; or

    (2) An order dismissing the complaint.

(b) Orders issued pursuant to paragraph (a) of this section shall include the Commission's written statement setting forth the bases of its determination.

(c) Contemporaneously with, or shortly after issuing a notice and order under paragraph (a)(1) of this section, the Commission will appoint a public representative to represent the interests of the general public in the complaint proceeding.

*[74 FR 16744, Apr. 10, 2009, as amended at 85 FR 9656, Feb. 19, 2020]*

## Subpart E—Settlement

## § 3022.40 Policy on settlement.

It shall be the general policy and practice of the Commission to encourage alternative dispute resolution and settlement of complaints by informal procedures, such as correspondence, conferences between the parties, and the conduct of proceedings off the record with the consent of the parties.

## § 3022.41 Satisfaction.

(a) If a complaint is resolved informally, in whole or in part, subsequent to Commission action under § 3022.30(a)(1), the complainant must promptly file:

    (1) A statement explaining the resolution; and

    (2) A motion to dismiss or amend the complaint based on the resolution.

(b) The Commission may order the submission of additional information before acting on any motion filed under paragraph (a)(2) of this section.

(c) In determining whether to allow the complaint to be dismissed or amended under this section, the Commission will take into consideration whether the issues raised by the complaint may continue to impact a significant segment of the mailing community.

*[74 FR 16744, Apr. 10, 2009, as amended at 85 FR 9656, Feb. 19, 2020]*

## Subpart F—Commission Determinations and Relief

## § 3022.50 Remedies.

(a) If the Commission finds that a complaint is justified, it will order that the Postal Service take such action as the Commission determines appropriate to:

 (1) Achieve compliance with the applicable requirements; and

 (2) Remedy the effects of any non-compliance.

(b) If the Commission finds deliberate non-compliance on the part of the Postal Service, the Commission may order, based on the nature, circumstances, extent, and seriousness of the non-compliance, a fine for each incidence of non-compliance.

(c) In any case where the Commission is considering the extraordinary relief described in paragraph (b) of this section, the Commission will provide notice to the participants that such relief is being considered. It will allow the participants a reasonable opportunity to comment and present aggravating and mitigating factors for its consideration.

This content is from the eCFR and is authoritative but unofficial.

**Title 39 —Postal Service**
**Chapter III —Postal Regulatory Commission**
**Subchapter D —Special Rules of Practice for Specific Proceeding Types**

**Part 3023** Rules for Rate or Service Inquiries
**Subpart A** Rate or Service Inquiry Forms and Procedures
**§ 3023.10** Rate or service inquiry contents.
**§ 3023.11** Rate or service inquiry procedures.
**§ 3023.12** Treatment as a complaint.
*Subpart B [Reserved]*

# PART 3023—RULES FOR RATE OR SERVICE INQUIRIES

**Authority:** 39 U.S.C. 503, 3662.

**Source:** 74 FR 16746, Apr. 10, 2009, unless otherwise noted. Redesignated at 85 FR 9615, Feb. 19, 2020.

## Subpart A—Rate or Service Inquiry Forms and Procedures

### § 3023.10 Rate or service inquiry contents.

(a) A rate or service inquiry shall be in writing and should contain:

(1) The name, address, and telephone number of the inquiring party;

(2) Details regarding the Postal Service's action or inaction;

(3) A statement of facts supporting the inquiring party's allegations; and

(4) The specific relief being sought, if any.

(b) The Commission may waive any of the requirements listed in paragraph (a) of this section to serve the interests of justice.

### § 3023.11 Rate or service inquiry procedures.

(a) The Commission will forward rate or service inquiries to the Postal Service for investigation. The Postal Service will, within 45 days of receipt of such inquiry, advise the Commission in writing, with a copy to the inquiring party, of its resolution of the inquiry or its refusal or inability to do so.

(b) The Commission will monitor all rate or service inquiries to determine if Commission action under § 3023.12 is appropriate.

(c) Where there are clear indications from the Postal Service's report or from other communications between the parties that the inquiry has been resolved, the Commission may, in its discretion, consider such proceeding to be resolved, without response to the inquiring party.

*[74 FR 16746, Apr. 10, 2009, as amended at 85 FR 9656, Feb. 19, 2020]*

## § 3023.12 Treatment as a complaint.

If the Commission receives a volume of rate or service inquiries on the same or similar issue such that there may be cause to warrant treatment as a complaint, it may appoint an investigator to review the matter under § 3022.21 of this chapter or appoint a Public Representative representing the interests of the general public to pursue the matter.

*[85 FR 9656, Feb. 19, 2020]*

## Subpart B [Reserved]