**No. 24-1370**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

MARK ALLAN EDWARDS,

*Petitioner*,

v.

POSTAL REGULATORY COMMISSION,

*Respondent*.

UNITED STATES POST OFFICE,

*Intervenor*.

On Petition for Review of Orders of
the Postal Regulatory Commission

## REPLY BRIEF OF COURT-APPOINTED *AMICUS CURIAE*
## IN SUPPORT OF PETITIONER

Jeffrey E. Sandberg
Kathleen Choi
Laila Ujayli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

June 18, 2026

*Counsel for Court-Appointed*
Amicus Curiae *in Support of*
*Petitioner*

**TABLE OF CONTENTS**

GLOSSARY .................................................................................................iv

INTRODUCTION AND SUMMARY OF ARGUMENT............................1

ARGUMENT.................................................................................................4

I.  UNDER THE PLAIN TEXT, THE COMMISSION HAS JURISDICTION
    TO REVIEW MR. EDWARDS' COMPLAINT ABOUT THE POSTAL
    SERVICE'S VIOLATION OF ITS OWN REGULATIONS. .............................4

    A.  The Commission has express statutory jurisdiction to
        review allegations that the Postal Service is "not
        operating in conformance" with "regulations
        promulgated under" section 401(2), including the
        Postal Operations Manual. .....................................................4

    B.  The Commission's newly minted interpretation fails to
        respect the statutory text. ......................................................5

    C.  The Commission's observations about the breadth of
        the Postal Service's rulemaking authority under
        section 401(2) do not advance its cause. .............................12

II.  THE COMMISSION'S ATEXTUAL RATIONALES LIKEWISE FAIL.............16

    A.  The Commission's references to its views of the
        purposes of the statute cannot justify jettisoning the
        plain text.................................................................................16

    B.  The Commission fails to rebut the anomalous results of
        its interpretation. ..................................................................21

CONCLUSION ..........................................................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Calcutt v. FDIC,*
598 U.S. 623 (2023) ...........................................................................7

*Castaneira v. Noem,*
138 F.4th 540 (D.C. Cir. 2025) ........................................................23

*Changji Esquel Textile Co. v. Raimondo,*
40 F.4th 716 (D.C. Cir. 2022) ..........................................................22

*Foster v. Pitney Bowes Corp.,*
549 F. App'x 982 (Fed. Cir. 2013)....................................................25

*Google LLC v. Oracle Am., Inc.,*
593 U.S. 1 (2021) ..............................................................................20

*Jud. Watch v. Dep't of Just.,*
813 F.3d 380 (D.C. Cir. 2016) ..........................................................14

*Loper Bright Enters. v. Raimondo,*
603 U.S. 369 (2024) ............................................................................7

*Nat'l Ass'n of Mfrs. v. Dep't of Def.,*
583 U.S. 109 (2018) ............................................................................8

*P.I. & I. Motor Express, Inc. v. RLI Ins. Co.,*
40 F.4th 398 (6th Cir. 2022) ..............................................................8

*Pontefract v. Federal Bureau of Prisons,*
No. 23-3142, 2024 WL 5055838 (3d Cir. Dec. 10, 2024).....................24

*Russello v. United States,*
464 U.S. 16 (1983)...............................................................................9

*SEC v. Chenery Corp.,*
332 U.S. 194 (1947)..............................................................................7

*United States ex rel. Accardi v. Shaughnessy,*
347 U.S. 260 (1954)............................................................................23

*Util. Air Regul. Grp. v. EPA,*
  573 U.S. 302 (2014) ....................................................................... 2

**Statutes:**

Postal Accountability and Enhancement Act:
  Pub. L. No. 109-435, 120 Stat. 3198 (2006) ............................. 9, 16, 25

5 U.S.C. § 552(a)(4)(B) ................................................................... 14

39 U.S.C. § 401(2) ................................................... 1, 2, 8, 13, 15

39 U.S.C. § 410(a) .......................................................................... 22

39 U.S.C. § 3662(a) ................................................ 1, 2, 4, 5, 8, 11, 21

39 U.S.C. § 3662(c) .............................................................. 3, 19, 20

**Regulations:**

39 C.F.R. Part 3022:
  39 C.F.R. pt. 3022 ................................................................... 17
  39 C.F.R. § 3022.13 ................................................................. 18
  39 C.F.R. § 3022.13(a), (b) .................................................... 19

39 C.F.R. pt. 3023 ......................................................................... 17

39 C.F.R. § 2.6 ............................................................................... 10

39 C.F.R. § 111.3 ........................................................................... 11

39 C.F.R. § 211.2 ........................................................................... 10

39 C.F.R. § 211.2(a)(1) ................................................................. 11

39 C.F.R. § 211.2(a)(2) ................................................................... 5

73 Fed. Reg. 51,888 (Sep. 5, 2008) ......................................... 9, 16

74 Fed. Reg. 16,734 (Apr. 10, 2009) ........................................... 21

# GLOSSARY

| | |
|---|---|
| 2006 Act | Postal Accountability and Enhancement Act of 2006 |
| APA | Administrative Procedure Act |
| Commission | Postal Regulatory Commission |
| FOIA | Freedom of Information Act |
| J.A. | Joint Appendix |
| POM | Postal Operations Manual |
| Postal Service | United States Postal Service |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

The text of 39 U.S.C. § 3662(a) means what it says.  It allows any individual "who believes the Postal Service is not operating in conformance with the requirements of" statutory provisions including 39 U.S.C. § 401(2), *or "with . . . regulations promulgated under any of those provisions*," to file a complaint with the Postal Regulatory Commission ("Commission").  39 U.S.C. § 3662(a) (emphasis added).  As explained in *amicus*'s opening brief, the provisions of the Postal Operations Manual ("POM") are regulations promulgated under section 401(2), so a complaint alleging the Postal Service's noncompliance with the POM falls squarely within the Commission's jurisdiction.

In response, the Commission debuts a new interpretation of the statute.  It now recognizes, as it must, that the Commission has express jurisdiction to adjudicate alleged violations of "regulations promulgated under" section 401(2).  But the Commission now urges that this review should extend only to violations of rules that purport to govern the "adoption, amendment, or repeal" of other rules—that is, to regulations about rulemaking itself.  Resp. Br. 17.  But this theory—which the Commission has never previously espoused—reads a limitation into the

statute that Congress did not enact.  "[A]n agency may not rewrite clear statutory terms to suit its own sense of how the statute should operate." *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 328 (2014).  Here, Congress expressly authorized complaints for alleged violations of "regulations promulgated under" section 401(2), 39 U.S.C. § 3662(a), not for violations of "regulations that carry out" section 401(2), *cf*. Resp. Br. 17.

Not only is its newfound interpretation erroneous, but the Commission's pivot also implicitly acknowledges that its prior interpretation is unsustainable.  Under that prior interpretation, which the Commission applied in dismissing Mr. Edwards' claim, the Commission purportedly lacked jurisdiction under section 3662(a) to adjudicate regulatory violations because such violations do not present "issues of broad applicability."  *See Amicus* Opening Br. 43–48.  The Commission mounts no serious defense of that assertion, which had rendered superfluous the parenthetical phrase within section 3662(a).

The Commission also fails to reckon with the misalignment between its interpretation of the statutory text and its two-tiered approach to adjudicating complaints.  On the one hand, the Commission has rejected the most straightforward textual reading of section 3662(a)

in favor of an artificially narrow construction, while on the other hand, the Commission has fashioned an informal rate-and-service complaint process to effectively reclaim for itself much of the jurisdiction it just surrendered. But the Commission need not look far afield for additional authority to adjudicate rate-and-service complaints; section 3662(a) itself provides that authority.

The Commission's other belated rationales for construing section 3662(a) narrowly are without merit. Section 3662(a) nowhere restricts the Commission's jurisdiction over regulatory violations to particular subject matters, *cf.* Resp. Br. 25, but in all events, Mr. Edwards' complaint relates to core postal operations. No more persuasive is the Commission's reliance on mistaken inferences drawn from the example remedies mentioned in 39 U.S.C. § 3662(c). Resp. Br. 4–5, 28–29. The statute's list of examples is expressly non-exhaustive; indeed, even the Commission recognizes its authority to order remedies that are not listed.

As *amicus*'s opening brief explained, the Commission's approach also would render unreviewable a significant swath of agency action in a manner inconsistent with settled principles of administrative law. *Amicus* Opening Br. 57–59. The Commission cannot meaningfully

dispute that its approach results in a scheme in which complaints like Mr. Edwards' are unreviewable and the Postal Service is free to disregard its own regulations. Rather than accept the Commission's invitation to issue the Postal Service *carte blanche* to violate its own rules, this Court should construe section 3662(a) in accordance with its terms and hold that the Commission has jurisdiction to review Mr. Edwards' claim.

## ARGUMENT

**I.     UNDER THE PLAIN TEXT, THE COMMISSION HAS JURISDICTION TO REVIEW MR. EDWARDS' COMPLAINT ABOUT THE POSTAL SERVICE'S VIOLATION OF ITS OWN REGULATIONS.**

    **A.     The Commission has express statutory jurisdiction to review allegations that the Postal Service is "not operating in conformance" with "regulations promulgated under" section 401(2), including the Postal Operations Manual.**

Congress has provided review before the Commission for "[a]ny interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (*or regulations promulgated under any of those provisions*)." 39 U.S.C. § 3662(a) (emphasis added). The parenthetical phrase confirms that the Commission's complaint jurisdiction extends not only to violations of the enumerated statutory provisions, but also to violations of "regulations promulgated under *any*"

4

of those provisions, including section 401(2).  *Id.* (emphasis added).  As *amicus* previously explained, that parenthetical phrase must be given independent effect; it cannot be written out of the statute.  *Amicus* Opening Br. 28.

Mr. Edwards' claim that the Postal Service has violated POM § 631.81 falls comfortably within that parenthetical phrase.  *See Amicus* Opening Br. 38–41.  No one disputes that POM § 631.81 is a regulation promulgated by the Postal Service using its rulemaking authority in section 401(2).  *See* 39 C.F.R. § 211.2(a)(2) (expressly classifying the POM as one of "[t]he regulations of the Postal Service").  And Mr. Edwards has plausibly alleged that the Postal Service is "not operating in conformance with" that regulation.  39 U.S.C. § 3662(a).  The Commission thus erred in holding that it lacked jurisdiction over Mr. Edwards' claim.

### B. The Commission's newly minted interpretation fails to respect the statutory text.

As *amicus* explained in the opening brief, the Commission dismissed Mr. Edwards' claim only by ignoring entirely the parenthetical phrase in section 3662(a).  *Amicus* Opening Br. 43.  The Commission asserted that its relevant complaint jurisdiction extended "only to

scenarios where the Postal Service adopts, amends, or repeals rules or regulations inconsistent with title 39"—*i.e.*, only when the Postal Service violates section 401(2) itself. J.A. 104. And because Mr. Edwards alleged "noncompliance with [the Postal Service's] own regulations" rather than with the statute, *id.*, the Commission deemed itself to lack jurisdiction under section 3662(a).

The Commission does not seriously dispute that this prior interpretation cannot stand. Without openly acknowledging its prior error, the Commission now recognizes that violations of at least some "regulations promulgated under" section 401(2) are actionable under section 3662(a). *See, e.g.*, Resp. Br. 17, 22, 24.[1] It nonetheless seeks to salvage its ultimate decision to dismiss Mr. Edwards' claim by devising an alternative theory.

Specifically, the Commission now argues that the phrase "regulations *promulgated under* any of those provisions" does not mean

---

[1] The Commission nonetheless occasionally slips back into its old framing, for example stating that "[t]he Commission's complaint authority extends only to claims that the Postal Service is not complying with the specific statutory provisions enumerated in 39 U.S.C. § 3662(a)." Resp. Br. 21.

what it says but instead refers only to "regulations *that carry out* the preceding statutory provisions." Resp. Br. 24 (emphasis added); *see also id.* at 4, 5, 17, 24, 29, 30, 32–33 (all espousing same "carry out" interpretation). And in the Commission's view, as relevant to regulations "promulgated under" section 401(2), that means that its complaint jurisdiction should extend only to the violation of "regulations that govern the Postal Service's adoption, amendment, or repeal of regulations." Resp. Br. 17; *see also id.* at 7, 24, 32–33, 35, 41.

This post hoc rationale from the Commission departs significantly from the interpretation it articulated below. Ordinarily, "reviewing courts 'must judge the propriety of agency action solely by the grounds invoked by the agency.'" *Calcutt v. FDIC*, 598 U.S. 623, 624 (2023) (per curiam) (alterations adopted) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). On that basis alone, the Commission's current decision cannot stand.

In all events, the proper interpretation of section 3662(a) is a question for this Court, *see generally Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and the Commission's belated reading cannot be reconciled with the statutory text. The statute specifically refers to

"regulations *promulgated under* any of those [enumerated statutory] provisions." 39 U.S.C. § 3662(a) (emphasis added). In common legal parlance, a regulation is "promulgated under" a particular statute when it is issued pursuant to authority conferred by that statute. *See, e.g., Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 124–25 (2018) (describing a rule as "promulgated or approved under" the statute that "authorized the [agency] to issue the [rule]" (citation omitted)); *P.I. & I. Motor Express, Inc. v. RLI Ins. Co.*, 40 F.4th 398, 407 (6th Cir. 2022) (observing that if "someone says that a federal agency enacted a regulatory requirement 'under' a statute, the person is conveying that the statute is what gave the agency the authority to enact the requirement").

Section 401(2) is such a rule-authorizing statute. It is a general grant of authority for the Postal Service to "adopt, amend, and repeal [] rules and regulations" necessary for executing its functions. 39 U.S.C. § 401(2). Indeed, the Commission acknowledges that the Postal Service has promulgated a wide range of regulations "by exercising its general rulemaking authority in § 401(2)," including regulations relating to various statutory functions. Resp. Br. 7. That description confirms the

8

point: regulations issued pursuant to section 401(2)'s broad rulemaking authority are "promulgated under" that statute.

If Congress had wanted to limit the Commission's jurisdiction to regulations "that carry out" specified statutes, rather than regulations promulgated under those statutes, it would have said so. But "Congress did not write the statute that way." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation omitted). Instead, the parenthetical phrase reaches regulations "promulgated under" the listed statutory provisions—a formulation that naturally encompasses regulations issued pursuant to the rulemaking authority those statutory provisions confer.

Section 3662's purpose and drafting history reinforce its plain meaning. The Commission does not dispute that the purpose of the Postal Accountability and Enhancement Act, Pub. L. No. 109-435, 120 Stat. 3198 (2006) ("2006 Act"), was to "significantly expand[]" its complaint authority. *See* 73 Fed. Reg. 51,888, 51,888 (Sep. 5, 2008); *Amicus* Opening Br. 33–35. And the drafting history shows that, even as Congress narrowed the list of enumerated statutory provisions, it consistently retained the parenthetical phrase covering "regulations promulgated under" those provisions, including section 401(2). *Amicus*

Opening Br. 35–38.  The Commission posits that the absence of change to the parenthetical phrase indicates that "Congress did not intend to dramatically expand the Commission's complaint authority."  Resp. Br. 38.  But the inference runs the other way.  By retaining the parenthetical phrase across each iteration of the statutory language, Congress repeatedly confirmed that it deliberately chose to include complaints for violations of regulations promulgated under the enumerated provisions, even as the list of enumerated provisions evolved.

The Commission's interpretation is also dubious on its own terms. The Commission asserts that, as relevant to section 401(2), section 3662(a) allows review only for violations of "regulations that govern the . . . adoption, amendment, or repeal of regulations."  Resp. Br. 17. But such regulations-about-regulations are hardly commonplace.  The Commission cites 39 C.F.R. § 211.2 as a purported example, Resp. Br. 24, but that provision simply identifies current Postal Service regulations; it does not purport to establish procedures to govern the adoption, amendment, or repeal of regulations.[2]

---

[2] An additional regulation that may fit within the Commission's hypothesized category is 39 C.F.R. § 2.6, which mandates certain notice before the Postal Service's Board of Governors may amend or repeal its

10

The Commission's novel theory likewise fails to account for Congress's express choice to allow complaints by anyone who "believes" that the Postal Service "is *not operating in conformance with* the requirements of" its regulations. 39 U.S.C. § 3662(a) (emphasis added). Congress chose to provide review broadly for "operati[onal]" concerns; that choice makes little sense if review extends only to the Postal Service's promulgation of rules about the rulemaking process, which is hardly the heartland of the Postal Service's operations.

As *amicus* also previously explained, the absence of any final-agency-action requirement in section 3662(a) further confirms Congress's intention that the Commission be empowered to exercise review of the Postal Service's day-to-day operational decisions. *Amicus* Opening Br. 32. The Commission does not dispute that section 3662(a) does not require final agency action, Resp. Br. 36, yet posits that this must mean

---

bylaws, which qualify as Postal Service regulations. *Cf.* 39 C.F.R. § 211.2(a)(1) (providing that Postal Service's regulations include "bylaws of the Board of Governors"). Similarly, 39 C.F.R. § 111.3 addresses annual amendments to the Postal Service's Domestic Mail Manual. But there is little reason to think that these isolated provisions are what Congress had in mind when authorizing Commission review of the Postal Service's failure to "operat[e] in conformance" with "regulations promulgated under" section 401(2).

that Congress did not intend to authorize complaints about regulatory violations inasmuch as Congress ordinarily requires a showing of final agency action for suits under the Administrative Procedure Act ("APA"). *Id.* That gets things backwards. In discerning Congress's intent here, the place to start is the text of section 3662(a), not assumptions about Congress's expectations in other areas of administrative practice. And here, section 3662(a)'s unusually broad language suggests that Congress intended broader access to review than the APA would ordinarily provide, including by allowing claims that the Postal Service "is not operating"—present progressive tense—in conformance with its regulations.

### C. The Commission's observations about the breadth of the Postal Service's rulemaking authority under section 401(2) do not advance its cause.

Attempting to support its cramped interpretation of section 3662(a), the Commission emphasizes that section 401(2) empowers the Postal Service to promulgate a wide variety of rules, including those related to allegedly "non-postal" matters such as the Freedom of Information Act ("FOIA") and the National Environmental Policy Act. Resp. Br. 25. In doing so, the Commission seeks to argue that if the

phrase "regulations promulgated under [section 401(2)]" were given its natural meaning, it would render actionable a wide variety of regulatory violations that are less directly related to core postal functions.

The Commission is correct that section 401(2) is broad. That statute authorizes rulemaking not only for "functions under this title" but also for "such other functions as may be assigned . . . under any provisions of law outside of this title." 39 U.S.C. § 401(2). But there is no indication that Congress did not intend for section 3662(a) to encompass that full breadth. Rather, Congress granted jurisdiction to complain about alleged nonconformance with section 401(2) or regulations promulgated under section 401(2) in its entirety, without any exclusion for matters relating to "functions . . . outside of [Title 39]." 39 U.S.C. § 401(2).

The Commission suggests that it would be anomalous for Congress to have empowered the Commission to address complaints concerning violations of allegedly "non-postal matters." Resp. Br. 25. But that criticism would apply equally to its own interpretation. Even under the Commission's approach, it would retain authority to review complaints that the Postal Service has adopted regulations that are inconsistent

with law—for example, rules governing FOIA procedures—if those rules are promulgated pursuant to section 401(2). Resp. Br. 7. The Commission itself thus accepts that "non-postal" matters are within its jurisdiction at least with respect to alleged statutory violations. There is no sound basis to conclude that Congress would have intended the Commission to have jurisdiction to opine on the question of whether the Postal Service's FOIA regulations are statutorily valid, yet not to adjudicate the question of whether the Postal Service has actually complied with those regulations in practice. If anything, the latter question, being more factually intensive, is one even better suited to adjudication via complaint to the Commission.

In any event, the Commission overstates the degree to which disputes concerning non-Title 39 matters would be brought to its attention. FOIA, for example, has its own enforcement mechanism. FOIA creates a cause of action in federal district court and authorizes those courts to compel disclosure of improperly withheld records. 5 U.S.C. § 552(a)(4)(B); *see, e.g., Jud. Watch v. Dep't of Just.*, 813 F.3d 380, 383 (D.C. Cir. 2016).

The Commission also contends that reading the parenthetical phrase in section 3662(a) to include all regulations promulgated under section 401(2) would sweep in Postal Service regulations implementing much or all of Title 39 and therefore "obviate" section 3662(a)'s apparent focus on only certain statutory provisions. Resp. Br. 26. But that overlooks that it is the Postal Service's own decision to promulgate regulations under section 401(2) that expands the sweep of the Commission's jurisdiction. Section 401(2) broadly authorizes the Postal Service to "adopt, amend, and repeal" regulations as it deems it necessary to execute its functions, and Congress legislated against that backdrop when extending section 3662(a) to regulations promulgated under that provision. To the extent the resulting body of regulations is expansive, that reflects the Postal Service's own decision to formalize its policies through binding regulations.

In any event, this case does not concern any question about application of section 3662(a) to non-postal matters. Whatever the outer limits of section 3662(a), there can be no serious dispute that it reaches regulations governing the Postal Service's provision of postal services and delivery operations, such as the POM. The Court need not resolve

15

every conceivable application of section 3662(a) to reject the Commission's atextual reading excluding Commission review of regulations that fall squarely within the Postal Service's operational authority under section 401(2).

## II. THE COMMISSION'S ATEXTUAL RATIONALES LIKEWISE FAIL.

### A. The Commission's references to its views of the purposes of the statute cannot justify jettisoning the plain text.

The Commission half-heartedly echoes its longstanding view that Congress intended the Commission to focus its attention on "issues of broadly applicable postal policy and unfair competition." Resp. Br. 27–28. But the Commission does not dispute that such a limitation is not found anywhere in the text of section 3662(a). More generally, the Commission fails to offer any real explanation for inferring such a limitation other than its belief that to do so would be consistent with the "thrust" of the 2006 Act, as the Commission previously put it. *Id.* at 27–28; *see* 73 Fed. Reg. at 51,889. But simply repeating its conclusory assertions from nearly twenty years ago does not make them any more grounded in the text.

The Commission mistakenly argues that its "two-tiered process for complaints" reinforces that section 3662(a) covers issues of broad applicability and unfair competition. Resp. Br. 29–30. Under that two-tiered approach, formal complaints (*i.e.*, those deemed cognizable under section 3662(a)) are adjudicated under 39 C.F.R. Part 3022, while informal rate-and-service inquiries are adjudicated under 39 C.F.R. Part 3023. But the Commission's regulations are simply an artifact of the Commission's own view of the statute, not independent evidence concerning section 3662(a)'s proper meaning. If anything, the fact that the Commission believed it necessary to fashion its own separate informal-complaint process, without any clear statutory basis, should call into question whether the Commission had been correct in so narrowly interpreting the scope of its section 3662(a) complaint jurisdiction to begin with.

Moreover, the Commission's two-tiered approach does not actually square with its reading of section 3662(a). Consider, for example, informal complaints that "raise the kinds of individualized issues that do not trigger the Commission's complaint authority when viewed in isolation," and which the Commission treats as rate-and-service

inquiries. Resp. Br. 39. Under the Commission's view, such informal complaints would include the alleged misapplication of a particular Postal Service regulation promulgated under section 401(2) to an individual mail user. Yet even the Commission believes that such allegations could warrant formal treatment under section 3662(a) if similar complaints taken together "suggest broad postal policy issues," in which case "the Commission can appoint a public representative to initiate the complaint process or appoint an investigator to explore the matter." Resp. Br. 39. But the Commission does not explain how its jurisdiction under section 3662(a) could suddenly extend to multiple violations of a Postal Service regulation when it would lack such jurisdiction over an individual violation. *See Amicus* Opening Br. 44.

The tension between the Commission's reading of section 3662(a) and its two-tiered approach is also shown by 39 C.F.R. § 3022.13, the regulation that sets forth the conditions for applying informal rate-or-service-inquiry procedures to formal complaints. Under this regulation, the Commission has discretion to redirect a formal complaint to the rate-or-service-inquiry procedures so long as the formal complaint raises "matters that are isolated incidents affecting few mail users" and does

18

not (1) "[r]aise unfair competition issues"; (2) "[r]aise issues affecting a significant number of mail users"; (3) "[r]epresent a pattern, practice, or systemic issue"; or (4) "[i]mpact a substantial region of the nation."  39 C.F.R. § 3022.13(a), (b).  But if the Commission's position is that its section 3662(a) jurisdiction extends only to issues of broad applicability and unfair competition, then there would be no formal complaints that could ever fall within the bounds of 39 C.F.R. § 3022.13, because "matters that are isolated incidents affecting few mail users" would not have been cognizable under section 3662(a) at all.

The Commission fares no better in arguing that Congress's description of the Commission's remedial authority under 39 U.S.C. § 3662(c) supports its limited understanding of its complaint jurisdiction under section 3662(a).  Resp. Br. 4–5, 28–29.  Section 3662(c) provides that, if the Commission finds a complaint to be justified, the Commission "shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance."  39 U.S.C. § 3662(c).  Section 3662(c) then parenthetically lists several example remedies: the Commission may direct actions "*such as* ordering unlawful

19

rates to be adjusted to lawful levels, ordering the cancellation of market tests, ordering the Postal Service to discontinue providing loss-making products, or requiring the Postal Service to make up for revenue shortfalls in competitive products." *Id.*

The Commission argues that this partial list of sample remedies means that the Commission's complaint authority must only extend to postal issues of broad applicability and unfair competition. But section 3662(c) nowhere provides that the listed examples are exhaustive. *See Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 19 (2021) ("[T]he examples it sets forth do not exclude other examples (note the words 'such as')."). Indeed, that list omits remedies for claims that all parties agree fall within the Commission's jurisdiction, such as claims that the Postal Service has unlawfully promulgated regulations not authorized by section 401(2); has provided unlawfully discriminatory service contrary to section 403(c); or has violated other broadly applicable service requirements. As the Commission recognizes, the absence of specifically enumerated remedies for such claims in section 3662(c)'s illustrative list in no way detracts from the fact that the Commission has jurisdiction over them under section 3662(a). The same is true for claims that the

Postal Service has not "operat[ed] in conformance with" "regulations promulgated under [section 401(2)]." 39 U.S.C. § 3662(a).

Indeed, as a purely practical matter, the Commission already has established a remedial framework for handling complaints concerning individual mail users. Under the rate-or-service inquiry procedures, the Commission "attempt[s] to resolve a complaint using the Postal Service's internal procedures." 74 Fed. Reg. 16,734, 16,743–44 (Apr. 10, 2009). Nothing in section 3662(c) would prevent the Commission from continuing to undertake informal remedial measures even after the proper scope of 3662(a) is recognized by this Court.

**B. The Commission fails to rebut the anomalous results of its interpretation.**

As *amicus* previously explained, the Commission's approach also runs headlong into foundational administrative law principles. *See Amicus* Opening Br. 57–59. Congress expects agencies to comply with their own regulations, and an agency's failures to follow the law are presumed to be amenable to judicial review. *See id.* Yet under the Commission's approach, there is no apparent forum for Postal Service customers to seek relief with respect to the Postal Service's willful violation of its own regulations.

The Commission acknowledges that review is generally unavailable for Postal Service actions under the APA, Resp. Br. 42–43 (citing 39 U.S.C. § 410(a)), but simply shrugs off the apparent absence of any remedy for Mr. Edwards as reflecting "congressional design," Resp. Br. 44. It does not. Congress created a specific complaint mechanism for this circumstance, allowing review of whether the Postal Service is "operating in conformance" with statutory and regulatory requirements.

The Commission's suggestions about potential alternative avenues of review are unpersuasive. The Commission posits that Mr. Edwards could pursue an *ultra vires* claim in federal district court, Resp. Br. 43–44, but *ultra vires* review is "extremely limited [in] scope" and generally does not encompass failures to comply with valid regulations. *See, e.g.*, *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 721–22, 725 (D.C. Cir. 2022) (citation omitted). Indeed, this Court has previously observed that "[n]one of [its] decisions has placed an agency's failure to follow its own regulations in the *ultra vires* category," instead describing "*ultra vires*" actions as only those that challenge violations of clear statutory provisions. *Id.* at 725 (cleaned up).

22

The Commission also offers no satisfactory response to the litigation gamesmanship that its narrow statutory interpretation invites. It does not dispute that federal courts have consistently concluded that service complaints should be addressed by the Commission, not the courts; that the Postal Service itself has advocated for that conclusion in court; and that the Postal Service in turn argues before the Commission that the Commission has no authority to provide relief.

The Commission previously emphasized that the Postal Service's conduct in this respect was "concerning." J.A. 245–46. It now seeks to dismiss this gamesmanship as somehow "irrelevant," Resp. Br. 45, and having "no bearing on the Commission's understanding of its complaint authority," *id.* at 46. But in sidestepping the matter, the Commission misses the point. The Commission fails to confront the consequences of its interpretation—that the Postal Service's noncompliance with its regulations is rendered entirely unreviewable. That result conflicts with core administrative-law principles favoring judicial review and disfavoring an agency's violation of its own regulations to the prejudice of others. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Castaneira v. Noem*, 138 F.4th 540, 550–51 (D.C. Cir. 2025)

("It is a familiar rule of administrative law that an agency must abide by its own regulations.") (cleaned up).

The Commission's response to the case law *amicus* identified fails to advance its cause. The Commission, for example, asserts that *Pontefract v. Federal Bureau of Prisons*, No. 23-3142, 2024 WL 5055838 (3d Cir. Dec. 10, 2024) (per curiam), supports its view because it purportedly held only that a claim based on a statutory violation of section 401(2) should be adjudicated by the Commission. Resp. Br. 44. But the Commission misreads the decision. *Pontefract* also involved, in part, an alleged failure to comply with regulations promulgated under section 401(2), not just a claim that the Postal Service acted unlawfully in promulgating those regulations in the first instance. 2024 WL 5055838, at *3. That understanding of the claim means the Third Circuit's statements cannot be squared with the Commission's interpretation of section 3662(a).

The Commission likewise seeks to cast aside case law that interpreted the pre-2006 Act to give the Commission exclusive jurisdiction to hear complaints about violations of Postal Service regulations. Resp. Br. 45–46. But that prior case law served as the

24

baseline for courts in interpreting the 2006 Act, and courts ultimately concluded that nothing in the 2006 Act "eliminated the exclusive jurisdiction" of the Commission over "claims enumerated in § 3662." *Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir. 2013). The pre-2006 Act case law thus remains relevant to courts' understanding of the Commission's exclusive jurisdiction. *See Amicus* Opening Br. 53–54.

## CONCLUSION

With respect to Mr. Edwards' claim premised on violations of POM § 631.81, the Court should grant the petition for review, vacate the Commission's orders dismissing that claim, and remand to the Commission for further proceedings. The Court-appointed *amicus* takes no position on Mr. Edwards' other arguments.

Respectfully submitted,

*/s/ Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Kathleen Choi
Laila Ujayli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
jsandberg@cov.com

*Counsel for Court-Appointed*
Amicus Curiae *in Support of*
*Petitioner*

June 18, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that the foregoing brief complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32 because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the brief contains 4,670 words. I further certify that the brief complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Century Schoolbook font.

*/s/ Jeffrey E. Sandberg*
Jeffrey E. Sandberg

*Court-Appointed* Amicus Curiae
*in Support of Petitioner*

June 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I caused copies of the foregoing brief to be served by the Court's CM/ECF system, which will send a notice of the filing to all registered CM/ECF users.

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg

*Court-Appointed* Amicus Curiae
*in Support of Petitioner*

June 18, 2026