# COVINGTON

**Jeffrey Sandberg**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1202 662 5158
jsandberg@cov.com

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

By CM/ECF

July 27, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the
  District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re:     *Edwards v. Postal Regulatory Commission*, No. 24-1370 (D.C. Cir.)

Dear Mr. Cislak:

I write pursuant to Federal Rule of Appellate Procedure 28(j) to bring to the Court's attention its recent decision in *State of New York v. Trump*, No. 23-5103, ___ F.4th___, 2026 WL 2023744 (D.C. Cir. July 14, 2026) (slip opinion attached) (Op.).

In *State of New York*, this Court held that the district court lacked jurisdiction to review an allegedly unlawful service-related action by the U.S. Postal Service—there, the Postal Service's failure to comply with procedures required by 39 U.S.C. § 3661(b) before implementing a nationwide change in postal services. Applying the framework set forth in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), this Court concluded that Congress, through the Postal Accountability and Enhancement Act, displaced district court jurisdiction with a comprehensive administrative review scheme that channels complaints concerning Postal Service operations to the Postal Regulatory Commission, *see* 39 U.S.C. § 3662, with exclusive judicial review thereafter in this Court, *see id.* § 3663. The Court concluded that claims alleging service-related violations by the Postal Service must proceed through that statutory scheme, not through suits in district court. In reaching that conclusion, the Court "dr[e]w support from the unanimous agreement of [its] sister circuits" that likewise concluded that complaints under § 3662 provide the exclusive remedy for grievances concerning Postal Service's operations. Op. 7.

*State of New York* thus confirms the Court-appointed *amicus's* observation (Opening Br. 53-56) that § 3662(a) provides the exclusive remedy for rate and service complaints, including petitioner's claim here that the Postal Service is "not operating in conformance with the requirements of … regulations promulgated under [section 401(2)]." 39 U.S.C. § 3662(a).

Sincerely,

/s/Jeffrey E. Sandberg
Jeffrey E. Sandberg
*Court-Appointed* Amicus Curiae
 *in Support of Petitioner*

Encl.